1  Amanda C. Sommerfeld (SBN: 185052)
   asommerf@winston.com
2  Jennifer Rappoport (SBN: 210879)
   jrappoport@winston.com
3  WINSTON & STRAWN LLP
   333 South Grand Avenue
4  Los Angeles, CA 90071-1543
   Telephone:   213-615-1700
5  Facsimile:   213-615-1750

6  Nicole M. Friedenberg (SBN: 226884)
   nfriedenberg@winston.com
7  WINSTON & STRAWN LLP
   101 California Street
8  San Francisco, CA 94111-5894
   Telephone:   415-591-1000
9  Facsimile:   415-591-1400

10 Attorneys for Defendants,
   SERVICEMASTER GLOBAL HOLDINGS, INC.,
11 THE SERVICEMASTER COMPANY, INC.,
   THE TERMINEX INTERNATIONAL COMPANY, L.P., and
12 TERMINIX INTERNATIONAL, INC.

ORIGINAL FILED

AUG 1 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

*SI*

CV 08 3894

| | |
|---|---|
| RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated, | Case No. |
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL OF ACTION** |
| v. | |
| SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINEX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive, | |
| Defendants. | |

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

To the Honorable Judges of the United States District Court for the Northern District of California, removing party, Defendants ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., The Terminix International Company, L.P., and Terminix International, Inc. ("Defendants"), by their attorneys and pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, respectfully requests removal of the above case to federal court. In support of its request, Defendants state as follows:

## I.    INTRODUCTION

1.    This case is hereby removed from state court to federal court under the Class Action Fairness Act of 2005 because, at the time the Complaint was filed, and at this time, complete diversity of citizenship exists between the parties to this action, and, therefore, this Court has original jurisdiction under 28 U.S.C. § 1332. The citizenship of Does Defendants should be disregarded for the purposes of removal. The alleged amount in controversy exceeds $5,000,000.

## II.    PROCEDURAL HISTORY AND BACKGROUND FACTS/ALLEGATIONS

### A.    THE STATE COURT ACTION IN THIS CASE

2.    On May 30, 2008, an action was commenced in the Superior Court of the State of California in and for the County of Marin, entitled *Ruben Pablo v. ServiceMaster Global Holdings, Inc., et al.*, as Case No. CV082631 (the "Pablo Action"). A true and correct copy of the Complaint is attached hereto as Exhibit "A." The Complaint seeks recovery of monetary damages and other relief against Defendants in connection with purported class claims for unpaid overtime wages, penalties for unpaid meal and rest periods, and injunctive relief.

### B.    THE PARTIES

3.    Defendants are informed and believe that Plaintiff Ruben Pablo was, at the time of the filing of this action, and still is, a citizen of California. *See* Complaint ¶ 6.

4.    Defendant ServiceMaster Global Holdings, Inc. was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 7.

5.    Defendant The ServiceMaster company was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 8.

6.    Defendant The Terminix International Company, L.P was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 10.

7.    Defendant Terminix International, Inc. was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 11.

8.    The citizenship of Defendants Does 1-20, inclusive, should be disregarded for the purpose of establishing removal jurisdiction based on diversity of citizenship.  28 U.S.C. § 1441 (a).

9.    Thus, Plaintiff, at all times relevant herein, has been a citizen of California.  Defendants, at all times relevant herein, have been citizens of Delaware and New Jersey.  Hence, complete diversity of citizenship exists in accordance with 28 U.S.C. § 1332(a).

**C.    Amount in Controversy**

10.    Plaintiff did not specifically allege an amount of damages.

11.    Although Plaintiff alleges that the aggregate amount in controversy is less than five million dollars ($5,000,000) so as to evade federal jurisdiction, Defendants' assessment of the allegations in the complaint yield an estimate of the amount in controversy in excess of five million dollars ($5,000,000), exclusive of interest and costs. *See* Complaint ¶ 5. Plaintiff seeks to recover allegedly unpaid overtime wages and penalties and allegedly missed meal and rest period compensation and penalties, in addition to interest, costs and

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1  attorneys' fees. The period allegedly covered by this class action is at least (4) years. *See*

2  Complaint ¶ 15.

3          12.    The complaint alleges that "Plaintiff and Class Members regularly

4  worked more than eight hours per day – indeed, as much as ten to fourteen hours per day."

5  *See* Complaint ¶ 2. The estimated potential amount of unpaid overtime Defendants would

6  face if this allegation is true totals $18,216,206 , not including interest or costs. *See*

7  Declaration of Joseph A. Krock, ¶ 7, attached hereto as Exhibit "B" (hereafter, "Krock

8  Declaration").    This calculation is based on payroll and employment data in electronic form

9  pertaining to all of Defendant Terminix International Company, L.P.'s employees who have

10  held the "Inspector" position in California July 1, 2004 through June 30, 2008. *See* Krock

11  Declaration, ¶ 5; *see also* Declaration of Lynne Cummings, attached hereto as Exhibit "C."

12  Thus, the amount in controversy requirement is satisfied.

## III.    BASIS FOR JURISDICTION

13          13.    This action is a civil action of which this Court has original jurisdiction

15  under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants

16  pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens

17  of different states and the amount in controversy exceeds the sum of $5,000,000 exclusive of

18  interest and costs.

19          14.    Defendants received a copy of the Complaint and a summons from the

20  said state court in the mail on July 16, 2008. This Notice is filed with this Court within 30

21  days after Defendants were served with the Complaint, in accordance with 28 U.S.C. § 1446.

22  Each of the Defendants consent to and join in this removal.

23          15.    As required by 28 U.S.C. § 1446(d), Defendants will provide written

24  notice of the filing of this Notice of Removal to Plaintiff's attorneys of record, and will

25  promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of the

26  State of California in and for the County of Marin.

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

4

IV.   **STATE COURT PROCESS, PLEADINGS, AND ORDERS**

16.    Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as Exhibit "D" true and correct copies of the Summons, Notice of Case Management Conference, and Superior Court of California County of Marin Notice to Plaintiffs.  These are the only process, pleadings, or orders in the State Court's file that have been served on Defendants up to the date of filing this Notice of Removal.

WHEREFORE, Defendants respectfully request that these proceedings, entitled *Ruben Pablo v. ServiceMaster Global Holdings, Inc., et al.*, as Case No. CV082631, now pending in the Superior Court of the State of California for the County of Marin, be removed to this Court.

Dated:  August 14, 2008              WINSTON & STRAWN LLP


By: _Nicole Friedenberg_____
    Nicole M. Friedenberg
    Attorneys For Defendants,
    SERVICEMASTER GLOBAL
    HOLDINGS, INC., THE
    SERVICEMASTER COMPANY, INC.,
    THE TERMINEX INTERNATIONAL
    COMPANY, L.P., AND TERMINIX
    INTERNATIONAL, INC.

LA:220607.1

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

DEFENDANTS' NOTICE OF REMOVAL OF ACTION

# EXHIBIT A



MAY 3 0 2008

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

1   NANCY HERSH, ESQ., State Bar No. 49091
2   MARK E. BURTON, JR., ESQ., State Bar No. 178400
    HERSH & HERSH, A Professional Corporation
3   601 Van Ness Avenue, 2080 Opera Plaza
    San Francisco, CA 94102-6388
4   Telephone: (415) 441-5544

5   LAUREN HALLINAN, ESQ., State Bar No. 60646
    HALLINAN & WINE
6   Law Chambers Building
    345 Franklin Street
7   San Francisco, CA 94102
    Telephone: (415) 621-2400

8   LORI E. ANDRUS, ESQ., State Bar No. 205816
    MICHA STAR LIBERTY, ESQ., State Bar No. 215687
9   JENNIE LEE ANDERSON, ESQ., State Bar No. 203586
    ANDRUS LIBERTY & ANDERSON LLP
10  1438 Market Street
    San Francisco, CA 94102
11  Telephone: (415) 896-1000

12  Attorneys for Plaintiffs

13

14          SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                IN AND FOR THE COUNTY OF MARIN

16

17  RUBEN PABLO, On Behalf Of Himself      Civil Case Number CV 082631
    And All Others Similarly Situated,
18
19                  Plaintiff,            CLASS ACTION
20  vs.                                   COMPLAINT FOR VIOLATIONS OF
                                          THE CALIFORNIA LABOR CODE
21  SERVICEMASTER GLOBAL                  AND CALIFORNIA BUSINESS &
    HOLDINGS, INC.; THE                   PROFESSIONS CODE §§17200, et seq.
22  SERVICEMASTER COMPANY, INC.;
    THE TERMINIX INTERNATIONAL            DEMAND FOR JURY TRIAL
23  COMPANY, L.P.; and TERMINIX
    INTERNATIONAL, INC., and
24  DOES 1-20, inclusive,
25
                    Defendants.
26
27
28

HERSH AND HERSH
A Professional Corporation

- 1 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

SUMMONS ISSUED

Plaintiff Ruben Pablo ("Plaintiff") brings this action against Defendants, ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., the Terminix International Company, L.P., Terminix International, Inc., and DOES 1-20 (collectively "Terminix" or "Defendants"), on behalf of himself and all others similarly situated and alleges on information and belief as follows:

## INTRODUCTION

1.      Plaintiff brings this action on behalf of himself and all other similarly-situated Terminix pest inspectors ("Inspectors" or "Class Members") for Terminix's violations of the California Labor Code and for violations of the California Business and Professions Code Section 17200, *et seq.*

2.      Although Plaintiff and Class Members regularly worked more than eight hours per day—indeed, as much as ten to fourteen hours per day—Terminix failed to pay or properly record overtime hours worked by Plaintiff and Class Members by unlawfully misclassifying them as employees who are exempt from overtime pay. Terminix also failed to provide meal and rest breaks, pay full wages when due, and reimburse necessary work-related expenses, as required by law.

3.      Through his class claims, Plaintiff seeks compensation for all hours worked; all penalties, liquidated damages, and other damages permitted by law; restitution and/or disgorgement of all benefits obtained by Defendants from their unlawful business practices; injunctive and declaratory relief; all other forms of equitable relief permitted by law; and reasonable attorneys' fees and costs.

## VENUE

4.      Venue is proper in this Court pursuant to California Code of Civil Procedure Sections 395 and 395.5; Business and Professions Code Section 17203; and California Civil Code Section 1780, because: (a) many of the acts and transactions complained of herein occurred within this County; and (b) Defendants maintain offices, conduct business in this County by providing pest control services, and employ Plaintiff and Class members.

- 2 -
COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

HERSHANDHERSH
A Professional Corporation

HERSH AND HERSH
A Professional Corporation

## JURISDICTION

5.     This Court has jurisdiction over this action pursuant to California Code of Civil Procedure Section 410.10. Jurisdiction over Defendants is proper because Defendants have purposefully availed themselves of the privilege of conducting business activities in California, including, but not limited to providing pest control services and employing Plaintiff and Class members throughout California. All Class members are California residents, and neither the named Plaintiffs, nor the Class members, individually, have claims that exceed $75,000. Moreover, total damages do not exceed $5 million.

### THE PARTIES

#### Plaintiff

6.     Plaintiff Ruben Pablo is a resident of Solano County, California who worked as an Inspector in Terminix's San Rafael, California branch from approximately August 30, 2005 to July 20, 2006.

#### Defendants

7.     Defendant ServiceMaster Global Holdings, Inc. is a Delaware corporation and holding company with its principal offices at 860 Ridge Lake Blvd., Memphis, Tennessee. On or about July 24, 2007, ServiceMaster Global Holdings, Inc., a privately held company, acquired and/or merged with Defendant ServiceMaster Companies, a publicly traded corporation until the merger. Defendant ServiceMaster Global Holdings, Inc. is the successor corporation and/or successor in interest of the ServiceMaster Company and its subsidiaries and business units, which include Defendants the Terminix International Company, L.P. and Terminix International, Inc., described below. ServiceMaster Global Holdings, Inc. continues to operate pest control services through The ServiceMaster Company under its Terminix business unit in California, throughout the United States and internationally.

8.     Defendant The ServiceMaster Company ("ServiceMaster") is or was, at all times relevant to the matters herein, either a privately held and or a publicly held corporation operating executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee and

- 3 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

1    in Downers Grove, Illinois.

2        9.    At all relevant times, ServiceMaster provided outsourcing of pest

3    control services under the brand name "Terminix" to residential and commercial customers

4    through hundreds of company-owned locations in the United States, including a branch

5    office located in San Rafael, California. At all relevant times, ServiceMaster's Terminix

6    unit is or was doing business in California as The Terminix International Company, L.P.

7    and Terminix International Inc.

8        10.    The Terminix International Company, L.P., is a Delaware limited

9    partnership, registered to do business in California, with its executive offices at 860 Ridge

10   Lake Blvd., Memphis, Tennessee. Defendant Terminix International Company, L.P., has at

11   times relevant to the allegations herein, owned, managed and/or operated the Terminix

12   branch in San Rafael, California.

13       11.    Terminix International, Inc. is a Delaware corporation registered to

14   do business in California, with its principal office at 860 Ridge Lake Blvd., Memphis,

15   Tennessee. Defendant Terminix International, Inc., has at times relevant to the allegations

16   contained herein, owned, managed and/or operated the Terminix branch in San Rafael,

17   California.

18       12.    Plaintiff does not know the true names and capacities, whether

19   individual, partners, or corporate, of the Defendants sued herein as DOES 1-20, inclusive,

20   and for that reason sues said Defendants under fictitious names and prays leave to amend

21   the complaint to insert said true names and capacities in the appropriate paragraphs herein,

22   when Plaintiff ascertains said true names and capacities. Plaintiff is informed and believes

23   and thereon alleges that said Defendants and each of them are responsible in whole or in

24   part for Plaintiff's damages as alleged herein.

25       13.    At all relevant times, the Defendants, their employees, agents,

26   successors, and each of them participated in the doing of acts or authorized or ratified the

27   doing of the acts hereinafter alleged to have been done by the named Defendants. Plaintiff

28   is informed and believes and thereon alleges that Defendants and each of them are

HERSH AND HERSH
A Professional Corporation

- 4 -

responsible for the damages suffered by Plaintiff and all others similarly-situated.

14.     Defendants and each of them are covered entities or employers within the meaning of the California Labor Code.

## CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this lawsuit for violations of California's wage and hour laws on behalf of himself and all other similarly situated members of the Class, defined below, pursuant to the Code of Civil Procedure Section 382, Civil Code Section 1781 and Business & Professions Code Section 17200.    This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions. The Class is defined as follows:

> All persons employed by Terminix as Inspectors within the State of California at any time during the period of four years prior to the date of the commencement of this action through the date of final disposition of this action (the "Class Period").

16.     Excluded from the Class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and its/their legal representatives, officers, directors, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's immediate family; (3) non-California residents; and (4) claims for personal injury, wrongful death and emotional distress and claims of consequential property damage and loss.

17.     While Plaintiff does not know the exact number of Class Members at this time, the Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, at least 150 persons, and most likely several hundred people, worked for Terminix as Inspectors within the State of California during the Class Period. Although the exact number and identities of Class Members are unknown to Plaintiff at this time, this information is readily ascertainable from Defendants through discovery of its payroll and personnel records.

18.     There is a well-defined community of interest among Class Members, and the disposition of the claims of these Class Members in a single action will

- 5 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

HERSH AND HERSH
A Professional Corporation

provide substantial benefits to all parties and to the Court.

19.    Common questions of law and fact predominate over any questions affecting individual Class Members. Questions of law and fact common to members of the Class as a whole include, but are not limited to, the following:

a)    Whether Plaintiff and Class Members are employees covered by the wage and overtime provisions of California law;

b)    Whether Defendants unlawfully failed to compensate Class Members for all hours worked;

c)    Whether Defendants failed to pay Class Members their full wages when due as required by California Labor Code Sections 201, 202, and 204;

d)    Whether Defendants failed to pay Class Members "waiting time" penalties for failure to timely pay overtime compensation in violation of the California Labor Code and related regulations, including California Labor Code Section 200, *et seq.*, 510, 1174, 1174.5, 1194, and 1197, and California Wage Order No. 4;

e)    Whether Defendants unlawfully failed to keep and furnish Class Members with itemized records of hours worked and overtime compensation earned, in violation of California Labor Code Sections 226 and 1174;

f)    Whether Defendants' policy and practice of failing to pay Class Members all wages due within the time required by law after their employment ended violates California law;

g)    Whether Class members worked overtime hours pursuant to Defendants' uniform policies and practices;

h)    Whether Defendants violated Labor Code Section 512 and relevant Wage Orders by failing to provide off-duty meal and rest breaks to Class Members;

i)    Whether Defendants violated Labor Code Section 2802 by failing to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of work duties or in obedience to the directions of

- 6 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

HERSHANDHERSH
A Professional Corporation

Terminix;

j)      Whether Defendants' conduct violated the California Unfair Competition Law and/or California Business and Professions Code Section 17200, *et seq.*, as alleged in this Complaint.

20.    Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions and state labor and employment litigation.

21.    Plaintiff's claims are typical of the Class Members' claims. Plaintiff and members of the Class work or have worked for Terminix as Inspectors with similar if not identical job duties. Like other Class Members, Plaintiff was subjected to Defendants' policies and practices of refusing to properly compensate Inspectors for all hours worked at the rates required by law. Like other Class Members, Plaintiff was denied meal and rest periods and reimbursement for all his expenses incurred in direct consequence of the discharge of work duties.

22.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the relatively small size of the individual Class Members' claims, absent a class action, most Class Members would likely find the cost of individually litigating their claims against Defendants to be prohibitive. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

23.    The consideration of common questions of fact and law will conserve judicial resources and promote a fair and consistent resolution of these labor code violations.

## FACTUAL ALLEGATIONS

24.    Defendant ServiceMaster is a multi-billion dollar privately held corporation with operations in California, the United States, and internationally. Until on or about July 24, 2007, ServiceMaster was a publicly held corporation listed on the New York

HERSH AND HERSH
A Professional Corporation

-7-

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

Stock Exchange, when ServiceMaster Global Holdings, Inc. and other investors took it private. In the United States, ServiceMaster provides outsourcing services for residential and commercial customers in 10.5 million homes and businesses each year and employs approximately 32,000 people. ServiceMaster branded business units include Terminix, TruGreen, Merry Maids, American Home Shield, InStar Services Group, ServiceMaster Clean, Merry Maids, Furniture Medic, and AmeriSpec. Through its branded business units, ServiceMaster provides a variety of services, including termite and pest control, lawn care and landscape maintenance, home warranties, disaster response and reconstruction, house cleaning, furniture repair, and home inspection.

25.     ServiceMaster's Terminix unit provides termite and pest control services to residential and commercial customers. One of the largest termite and pest control companies in the world, it services more than 2.6 million homes and businesses against all types of pests in forty-five states and internationally. In the United States, among its network of over three-hundred and fifty company-owned branches, are approximately fifty-five company-owned branches in California, including the San Rafael Branch, which covered Marin County.

26.     The operational standards imposed by Terminix at its various branches, including uniform policies and practices relating to Inspectors' job duties and their compensation scheme, are substantially similar, if not identical, at each Terminix branch in California. Every branch provides similar pest control services to customers who call requesting inspections; offers free initial inspections, unlimited re-inspections customers, renewal inspections; and conducts inspections for real estate professionals, homebuyers or sellers.

27.     Pursuant to Terminix's uniform policies and practices, Inspectors consistently work in excess of eight hours a day and in some cases ten to fourteen hours per day during the regular workweek, plus additional hours one Saturday per month and one evening per week. Plaintiff Ruben Pablo, for example, worked on average fifty to seventy hours per week throughout his employment at Terminix.

- 8 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

28.    Further, as a result of Terminix's uniform policies and practices, Inspectors who worked more than five hours in a workday were routinely denied an off-duty meal break of at least thirty minutes, and Inspectors who worked more than three and one-half hours in a workday were regularly denied rest period of ten minutes or more for every four hours worked.

29.    Inspectors devote the majority of their work time conducting pest inspections, pursuant to Terminix's uniform operational standards.   For each inspection they conduct, Inspectors spend no more than 20% of their time discussing purchase of Terminix services and completing sales contracts with customers.  As described further in the example below, approximately 80% or more of inspectors' time on site is spent conducting the inspection, as required by Terminix's policies.

30.    In addition, Inspectors are required to spend a significant portion of their time conducting subsequent re-inspections and renewal inspections for existing customers, as well as providing home sale inspection services, certificates and clearances.

31.    Terminix also requires Inspectors to prepare reports, including reports mandated by the California Structural Pest Control Board, and/or drive significant distances to and from their appointed sites each day in their personal vehicles.  The geographical areas Terminix requires its inspectors to cover are as large as 580 square miles or more.

32.    In addition, Inspectors are required to report to their home branches daily, attend meetings with managers and coworkers, retrieve and respond to messages, review their assigned schedule of daily inspection locations, and prepare supplies and materials for their workday.

33.    Pursuant to Terminix's uniform policies and practices, Inspectors do not set most of their own appointments or schedule inspections.  Inspectors have no authority to decide what inspections to conduct or when.  Rather, Terminix controls scheduling and assignments; its non-inspector employees make the inspection appointments and create a daily inspection schedule for each Inspector.

- 9 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

HERSH AND HERSH
A Professional Corporation

34.    Before setting out for their first inspection of the day, Terminix requires Inspectors report to their branch office to prepare for their appointments by collecting, assembling and organizing the materials and equipment required for pest inspections, including various documents, forms, a codebook, protective gloves and booties, flashlight, knee pads, coveralls, hand tools, first aid kit, ladder, measuring wheel, and other necessary items and by checking that all equipment is in proper working condition.

35.    At each site inspection Terminix policy requires Inspector to complete all or some of the following:

a)    View and access all areas outside and inside the structure, including the complete exterior, sub-areas, crawlspaces, decks and patios, abutments, ventilation ducts, all interiors rooms, foundations attics, porches, steps, garages and carports, and outbuildings;

b)    Complete the wells and waterway checklist if applicable;

c)    Take complete, accurate measurements of the structure and determine square and cubic footage;

d)    Draft a diagram to scale on graph paper of the floor plan and surrounding area;

e)    Inspect all accessible areas for general pests, such as rodents and ants and or wood destroying organisms, fungus, dry rot, excessive moisture and wood to earth contacts;

f)    Identify types of pests or wood destroying organisms and conditions;

g)    Locate, assess, and quantify the extent of infestation and pest damage;

h)    Identify structural areas vulnerable to future pest infestation and damage;

i)    Determine suitable methods to eradicate pests and methods to

- 10 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

HERSHANDHERSH
A Professional Corporation

HERSHANDHERSH
A Professional Corporation

1    repair structural elements;

2              j)    Determine and assess the need for continued preventative pest

3    control services;

4              k)    If there are wood-destroying organisms, record findings on a

5    diagram: locations of pest infestation, type of organisms discovered, damage and problems;

6              l)    Record roof type and structural materials on the diagram

7    sheet;

8              m)    Write, in draft, statements describing locations of visible

9    damage;

10              n)    If there are wood-destroying organisms, draft forms and

11    reports, such as "Survey of Conditions Favorable to Termite and Pest Infestations," and

12    "Report Work Sheet."

13              o)    Record and describe conditions considered likely to lead to

14    future pest infestations or infections such as excessive moisture, earth-to-wood contact, and

15    faulty grade levels and potential areas for treatment or repair;

16              p)    Determine treatment recommendations and or specifications,

17              q)    If there are termites, prepare termicide calculation worksheet;

18              r)    Prepare additional forms if fumigation may be required, such

19    as "Fumigation of Connecting Structures," "Occupant's Fumigation Notice and Pesticide

20    Disclosure," and "Occupant's Fumigation Notice for Vikane Addendum;" and

21              s)    Fill in contract and terms for pest control service based on

22    Terminix-set prices;

23              36.    Inspections require on average two hours or more to complete.

24              37.    Inspectors' contact with homeowners is limited to approximately

25    20% or less of their time onsite and consists of explaining their findings and presenting a

26    uniform contract for termite or other pest control services, such as the "California

27    Subterranean Termite Plan & Agreement" or "California Drywood Termite Plan and

28    Agreement". When an inspection involves a large or complicated structure and/or one with

- 11 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

extensive problems, however, a supervisor often takes over and presents pricing based on the Inspector's recommendations.

38.    In addition to conducting inspections and completing on site paperwork, Terminix requires Inspectors conducting structural inspections to spend several additional hours a day preparing detailed reports for the California Structural Pest Control Board.  Reports must be submitted to the Board within ten days of the inspection, and Terminix policies and practices require the Inspector to complete the reports for each structural inspection and submit them the following day at the Terminix office.  Preparing a final inspection report consistent with Terminix operational standards takes approximately 45 minutes to an hour.  In addition Inspectors completing the reports are required to create a final diagram of the structure on graph paper, which shows inspected areas, locations of infestation, and inaccessible areas.

39.    Terminix also requires Inspectors to prepare any Notice of Cancellation and conduct cold calls and call-backs from the branch office to potential customers.

40.    Because inspectors are generally assigned at least three inspections a day, inspectors are often required to skip meal and rest breaks and are required to work in excess of eight hours a day on a regular basis as a consequence of the policies and job requirements imposed by Terminix.

41.    That Inspectors spend the majority of their time conducting inspections and not conducting outside sales is consistent with Terminix's reasonable expectations, because Inspectors are merely complying with Terminix's uniform operational standards and policies in doing so.

42.    Furthermore, the primary job training Terminix requires for inspectors focuses on conducting inspections and acquisition of pest control knowledge and expertise.  All Terminix Inspectors must be licensed by the State of California, which requires a written examination.  Additionally, Terminix requires Inspectors to complete continuing education courses to maintain their licenses.  By contrast, Terminix does not

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

require newly hired inspectors to have prior sales experience. Comparatively, Terminix does not provide much sales training for its inspectors beyond a self-help manual and a one-day annual sales conference. Although all Inspectors spend the vast majority of their time engaged in pest inspection activities rather than sales activities, Terminix unlawfully misclassified Plaintiff and other similarly situated Inspectors as exempt "outside salesmen," who had no right to overtime pay. By so doing, Terminix required, encouraged, and/or permitted overtime work by Plaintiff and members of the Class and failed to pay any overtime compensation for all such work in violation of California law.

43.    Terminix also failed and refused to indemnify Plaintiff and Class Members for their expenses and losses incurred and required in direct consequence of the discharge their duties or at the direction of Defendants, including but not limited to expenses and losses associated with paying for the cost of vehicle expenses, including the full amount of expenditures for gas, oil and maintenance incurred during travel to and from customer locations, as well as supplies such as batteries or other incidentals related to discharge of duties for Defendants.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Cal. Wage Order No. 4; Cal. Labor Code §§510, 1194, 1197)**

44.    Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

45.    California law, including Wage Order 4 of the California Industrial Welfare Commission (hereafter "Wage Order"), and the California Labor Code Sections 510, 1194, and 1197, requires Defendants to pay at least the legal minimum wage for all hours actually worked, and to pay overtime compensation to all non-exempt employees for all hours worked over forty (40) per week, or over eight per day.

46.    Plaintiff and Class Members are non-exempt employees and are entitled to be paid proper compensation for all hours worked, including overtime hours worked.

- 13 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

HERSH AND HERSH
A Professional Corporation

47.    Throughout the California Class Period, Defendants did not compensate the Plaintiff or Class Members for time worked, including but not limited to compensation for all hours worked over forty (40) per week or over eight per day in carrying out their duties as pest inspectors.

48.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked and for overtime hours worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## SECOND CLAIM FOR RELIEF
**(Failure to Pay Full Wages When Due Under Labor Code §200 *et seq.*, §§1194, 1198, 1199)**

49.    Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

50.    By failing to compensate Plaintiff and Class members for all time worked, Defendants have and continue to violate Labor Code Section 204, which requires employers, including Defendants, to pay their employees their full wages when due.

51.    Plaintiff and many Class Members are no longer working for Defendants. By failing to compensate Class Members as required by California law at any time during the Class Period, Defendants also have willfully failed to make timely payment of the full wages due to Inspectors who quit or have been discharged, and thereby have violated Labor Code Sections 201 and 202.

52.    Pursuant to Labor Code Section 1194, Plaintiff and Class Members are entitled to recover from Defendants all unpaid wages to which they are entitled, plus pre- and post-judgment interest thereon and reasonable attorneys' fees and costs incurred in prosecuting this action.

53.    Pursuant to Labor Code Section 203, those Class members whose

HERSHANDHERSH
A Professional Corporation

- 14 -

employment with Defendants has terminated are also entitled to recover waiting time penalties.

### THIRD CLAIM FOR RELIEF
#### (California Record-Keeping Provisions, Cal. Labor Code §§226, 1174, 1174.5, Cal Wage Order No. 4)

54.     Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

55.     Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia,* hours worked, to Plaintiff and the Class as required by Labor Code Section 226(a) and the IWC Wage Order. Such failure caused injury to the Plaintiff and Class Members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendants have failed to maintain records of hours worked by Plaintiff and Class Members as required under Labor Code Section 1174(d).

56.     Plaintiffs are not "exempt" employees under the California Labor Code or Wage Order 4.

57.     Plaintiff and the Class are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code Sections 226(a) and 1174(d), and further seek all actual and statutory damages available for these violations under Labor Code Sections 226(e) and 1174.5.

### FOURTH CLAIM FOR RELIEF
#### (Failure to Provide Meal & Rest Breaks in Violation of Cal. Labor Code §512 & §226.7)

58.     Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

59.     At all material times, the Plaintiff and Class Members were compelled to work longer than eight (8) hours per day and were deprived of lunch breaks

- 15 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

HERSHANDHERSH
A Professional Corporation

under California Labor Code Section 512, and rest breaks, in violation of California Labor Code Section 226.7.

60.     Plaintiff and Class Members are not "exempt" employees under the California Labor Code or Wage Order 4.

61.     Terminix knew or should have known that Class Members were working without lunch and rest breaks and were not compensated for this time. Terminix's failure to compensate the Plaintiff for rest and lunch breaks was systematic, willful, knowing and intentional.

62.     Plaintiff and Class Members have been damaged by Defendants' intentional and knowing refusal to compensate them for work performed during their rest and lunch breaks and seek compensation and penalties for all missed breaks in accordance with California Labor Code Section 226.7, along with appropriate damages, injunctive relief and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
### (Failure to Indemnify For Necessary Expenditures and Losses Incurred In Violation of Cal. Labor Code § 2802)

63.     Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

64.     Plaintiff and Class Members incurred expenditures and losses as a direct consequence of the discharge of their job duties as Terminix Inspectors for which they were not indemnified. Plaintiff and Class members were not reimbursed for all out of pocket expenses such as gasoline purchases necessary to travel to the on-site inspections to which they were assigned. These expenditures were made at the direction of Terminix and Plaintiff and Class Members were not reimbursed for these costs.

65.     California Labor Code Section 2802 provides for reimbursement of such expenditures and losses, plus interest from the date the expense was incurred. Reimbursement of "necessary expenditures or losses" also includes all reasonable costs,

HERSH AND HERSH
A Professional Corporation

- 16 -
COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

including, but not limited to, attorneys' fees incurred by the employees enforcing the rights granted by section 2802.

## SIXTH CLAIM FOR RELIEF

### (California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*)

66.     Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

67.     The conduct of Defendants, as alleged herein, violates the California Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200, *et seq.*

68.     Plaintiff alleges that the unfair and unlawful business practices complained of herein are and were the regular business practice of Defendants.

69.     Through Defendants' failures to pay legally required wages, including overtime wages, to provide itemized statements of hours worked with payments of wages, to pay wages when due, and other conduct alleged herein, Defendants have violated numerous specific provisions of state and federal law and has engaged in, and continues to engage in, unlawful and unfair business practices in violation of the UCL, depriving Plaintiff and Class members of rights, benefits, and privileges guaranteed to all employees under law, and has caused Plaintiff and Class members to suffer injury in fact and to lose money.

70.     Plaintiff is informed and believes, and based upon such information and belief alleges, that by engaging in the unfair and unlawful business practices complained of herein, Defendants were able to lower their labor costs and thereby to obtain a competitive advantage over law-abiding employers with which it competes.

71.     The harm to Plaintiff and the Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

- 17 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

HERSH & HERSH
A Professional Corporation

72.     California Business and Professions Code Section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for Defendants to continue to retain the property of Plaintiff and Class Members, entitling Plaintiff and Class Members to restitution of the unfair benefits obtained and disgorgement of Defendants' ill-gotten gains. Plaintiff seeks restitution of all unpaid wages owing to him and to members of the Class, according to proof, as well as all other available equitable relief.

73.     Injunctive relief pursuant to California Business and Professions Code Section 17203 is necessary to prevent Defendants from continuing to engage in unfair business practices as alleged in this Complaint.   Defendants and/or persons acting in concert with Defendants have done, are now doing, and will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless restrained and enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiff has no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following: (a) it is difficult to measure the amount of monetary damages that would compensate Plaintiff for Defendants' wrongful acts; and (b) in any event, pecuniary compensation alone would not afford adequate and complete relief. The continuing violation of law by Defendants will cause great and irreparable damage to Plaintiff and others similarly situated unless Defendants are immediately restrained from committing further illegal acts.

74.     Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action. Therefore Plaintiff, on behalf of himself Class members, seek recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the UCL and California Labor Code Section 218, 218.5, and 1194, and California Code of Civil Procedure Section 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all Class Members, prays for

- 18 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

HERSHANDHERSH
A Professional Corporation

relief as follows:

A.    Certification of this action as a class action on behalf of the proposed Class;

B.    Designation of Plaintiff as Representative of the Class;

C.    Designation of Plaintiff's counsel as Class Counsel;

D.    A declaratory judgment that the policies practices complained of herein are unlawful under the laws of California;

E.    Appropriate equitable and injunctive relief to remedy Defendants' violations of the laws of California, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful policies and practices;

F.    An award of damages, statutory penalties, and restitution to be paid by Defendants according to proof;

G.    Pre-Judgment and Post-Judgment interest, as provided by law;

H.    Such other injunctive and equitable relief as the Court may deem just and proper; and

I.    Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code Section 218.5 and 1194, California Code Civil Procedure Section 1021.5, and other applicable laws.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands, on behalf of himself and the Class, a jury trial on all causes of action and claims to which a right to jury trial exists.


DATED:  May 16, 2008.

HALLINAN & WINE

By _____
LAUREN HALLINAN
Attorneys for Plaintiff

- 19 -

COMPLAINT FOR VIOLATIONS OF LABOR AND B&P CODES

# EXHIBIT B

1 | Amanda C. Sommerfeld (SBN: 185052)
asommerf@winston.com
2 | Jennifer Rappoport (SBN: 210879)
jrappoport@winston.com
3 | WINSTON & STRAWN LLP
333 South Grand Avenue
4 | Los Angeles, CA 90071-1543
Telephone: 213-615-1700
5 | Facsimile: 213-615-1750

6 | Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
7 | WINSTON & STRAWN LLP
101 California Street
8 | San Francisco, CA 94111-5894
Telephone: 415-591-1000
9 | Facsimile: 415-591-1400

10 | Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
11 | THE SERVICEMASTER COMPANY, INC.,
THE TERMINEX INTERNATIONAL COMPANY, L.P., and
12 | TERMINIX INTERNATIONAL, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

13 

**UNITED STATES DISTRICT COURT**

14 

**NORTHERN DISTRICT OF CALIFORNIA**

15 

**SAN FRANCISCO DIVISION**

16 

17 

18 | RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,

Case No.

19 | Plaintiff,

**DECLARATION OF JOSEPH A. KROCK, PH.D IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

20 | v.

21 | SERVICEMASTER GLOBAL HOLDINGS, INC.; THE
22 | SERVICEMASTER COMPANY, INC.; THE TERMINEX INTERNATIONAL
23 | COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20,
24 | inclusive,

25 | Defendants.

26 

27 

28 

LA:220754.1

DECLARATION OF JOSEPH A. KROCK, PH.D.

# DECLARATION OF JOSEPH A. KROCK, PH.D.

I, Joseph A. Krock, Ph.D. declare as follows.

1.    I have personal knowledge of the facts set forth below, and if called as a witness, could and would testify competently thereto, under oath.  I am an economist and Vice President at Micronomics, Inc., ("Micronomics") an economic research and consulting firm with offices in Los Angeles, California.   Micronomics has been retained in connection with various types of employment litigation, including wage and hour actions, discrimination, wrongful termination, personal injury and wrongful death matters, efficiency analysis, and employment cases in which class certification and economic damages were at issue.

2.    I earned Master and Doctorate Degrees in Economics from the University of Chicago, and I earned a Bachelor Degree in Economics-Mathematics from the University of California, Santa Barbara.  I also have served as a lecturer in Economic Theory at the University of Chicago.

3.    Detailed biographical information is attached at Exhibit 1.  I lead the labor and employment practice at Micronomics, and I have been engaged in a number of matters involving labor and employment issues.  I have been designated as an expert witness in approximately 10 cases in state and federal district courts in California and New Jersey and I have been retained as an expert approximately 20 cases in state and federal courts in California, Oregon and New Jersey.  I have testified as an expert witness in depositions in several cases pending in the state and federal courts in California.

4.    I have been retained by Defendant Terminix International Company, L.P. (the "Company") to provide economic and statistical consulting services related to this putative class action.  I have been assisted by Micronomics staff in the preparation of this declaration.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

2

5.      I have been provided with the declaration of Lynne Cummings.  Ms. Cummings has in fact provided me with payroll and employment data in electronic form pertaining to all of the Company's employees who have held an "Inspector" position in California since July 1, 2004.

6.      I have been provided with a copy of the Complaint in the matter entitled *Ruben Pablo v. ServiceMaster Global Holdings, Inc., et al.*  Among other allegations in the Complaint Plaintiffs allege that the Company failed to pay overtime wages for all overtime hours worked.  The complaint alleges that "Plaintiff and Class Members regularly worked more than eight hours per day – indeed, as much as ten to fourteen hours per day."

7.      I estimated the potential amount of unpaid overtime the Company would face if the above-mentioned allegation is true.  Aggregate exposure for this allegation totals $18,216,206, not including interest or costs.  I set forth below a detailed summary of the calculation I performed.

Calculation Methodology

8.      I reviewed the employment data provided by Ms. Cummings.  These data include position and pay rate information, as well as hire and termination dates, from July 1, 2004 through June 30, 2008.  Plaintiffs identify the class as "All persons employed by Terminix as Inspectors within the State of California at any time during the period of four years prior to the date of the commencement of this action through the date of final disposition of this action."  I reviewed the job titles and identified six positions which appear to meet the definition of Plaintiff's class.  A list of the positions identified is attached at Exhibit 2.

9.      Using the class definition above, I determined that 1,056 employees meet the class definition.

10.     I understand that the Company pays its hourly employees on a weekly basis.  During the period of July 1, 2004 through June 30, 2008, the period for which I have employment data, there were 208 individual pay periods.  I assumed that every

3

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

1  employee worked a 5-day work week for a maximum of approximately 1040 work

2  days per employee.  It is possible that my damages estimation understates damages

3  because the actual putative class period extends from May 30, 2004 to the present,

4  while my calculations only cover the period from July 1, 2004 to June 30, 2008.

5        11.   To the extent possible, I identified position changes, terminations, leaves

6  of absence or other job-related matters, and omitted any time for which an individual

7  was not in a class position.  The average number of days worked for the entire class

8  period was 395, or approximately 1.1 years.

9        12.   To calculate damages, I have assumed that Plaintiff's allegations are true

10 and that the putative class members worked 10 hours of overtime per week.  I have

11 not performed any analysis to determine whether Plaintiff's allegations are true.

12       13.   Three pieces of information are necessary to estimate aggregate unpaid

13 wages for the class: 1) number of weeks worked by the class, 2) average wage paid to

14 the class during the class period, and 3) the average number of unpaid overtime hours.

15 As previously stated, I have assumed Plaintiff's allegations are true and the class

16 members worked an average of 10 hours of overtime per week.

17       14.   I reviewed the employment data of the putative class members and

18 determined that the class worked a total of 59,606 weeks during the class period.

19       15.   I was provided with monthly gross pay for the putative class members

20 during the class period.  Aggregate gross compensation for the class members during

21 the class period totaled $62,271,182.  Assuming the class members worked standard

22 40 hour work weeks during months in which the class member received

23 compensation, I estimated the total number of hours worked by the class at 3,056,387.

24 I divided aggregate gross income by total hours which results in an average hourly

25 wage for the class of $20.37.

26       16. Multiplying these three elements and a 1.5 overtime premium multiplier, I

27 estimated the potential total overtime of $18,216,206 (59,606 work weeks x 10

28 overtime hours per week x $20.37 per hour x 1.5).

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

DECLARATION OF JOSEPH A. KROCK, PH.D.

1    I declare under the penalty of perjury of the laws of the United States of

2   America that the foregoing is true and correct and that this declaration was executed

3   on August 14, 2008, in Los Angeles, California.

4

5

6                                                     Joseph A. Krock, Ph.D

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

5

DECLARATION OF JOSEPH A. KROCK, PH.D.

# EXHIBIT C

1  Amanda C. Sommerfeld (SBN: 185052)
   asommerf@winston.com
2  Jennifer Rappoport (SBN: 210879)
   jrappoport@winston.com
3  WINSTON & STRAWN LLP
   333 South Grand Avenue
4  Los Angeles, CA 90071-1543
   Telephone:    213-615-1700
5  Facsimile:    213-615-1750

6  Nicole M. Friedenberg (SBN: 226884)
   nfriedenberg@winston.com
7  WINSTON & STRAWN LLP
   101 California Street
8  San Francisco, CA 94111-5894
   Telephone:    415-591-1000
9  Facsimile:    415-591-1400

10  Attorneys for Defendants,
    SERVICEMASTER GLOBAL HOLDINGS, INC.,
11  THE SERVICEMASTER COMPANY, INC.,
    THE TERMINEX INTERNATIONAL COMPANY, L.P., and
12  TERMINIX INTERNATIONAL, INC.

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15               SAN FRANCISCO DIVISION

16

17  RUBEN PABLO, On Behalf Of Himself        Case No.
    And All Others Similarly Situated,
18                                           DECLARATION OF LYNNE
                Plaintiff,                   CUMMINGS IN SUPPORT OF
19                                           DEFENDANTS' NOTICE OF
         v.                                  REMOVAL
20
    SERVICEMASTER GLOBAL
21  HOLDINGS, INC.; THE
    SERVICEMASTER COMPANY, INC.;
22  THE TERMINEX INTERNATIONAL
    COMPANY, L.P., and TERMINIX
23  INTERNATIONAL, INC., and DOES 1-20,
    inclusive,
24
                Defendants.
25

26

27

28

*(left margin)* Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

LA:220815.1                    DECLARATION OF LYNNE CUMMINGS

## DECLARATION OF LYNNE CUMMINGS

I, Lynne Cummings declare as follows.

1.  I am employed by ServiceMaster Holding Corporation as the DIRECTOR HRIS I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently thereto, under oath.

2.  At the request of the Company's litigation counsel, I have provided to Joseph A. Krock, Ph.D and Micronomics electronically maintained payroll data for all employees of the Company in California from July 1, 2004 through June 1, 2008.

3.  This payroll data includes each employee's name, job position, social security number, date of hire, termination date (where applicable), and hourly rate of pay from July 1, 2004 through June 30, 2008. Included within this data are employment records for all California employees who worked in an "inspector" position for the Company during this time period. There are approximately 1,056 employees who were classified as "Inspectors" during this time period.

4.  This payroll data is entered and stored on the Company's computer systems in the ordinary course and scope of the Company's business. Each of the payroll entries are automatically downloaded and stored in the Company's computerized payroll system(s) at or near the end of each payroll cycle.

5.  Hourly employees at the Company are paid weekly on Friday of each week.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on August 14, 2008, in Memphis, Tennessee.

Lynne Cummings

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

2

DECLARATION OF LYNNE CUMMINGS

# EXHIBIT D



# SUMMONS
## (CITACIÓN JUDICIAL)



**SUM-100**

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**

MAY 3 0 2008

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

**NOTICE TO DEFENDANT**
*(AVISO AL DEMANDADO):*
SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER
COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and
TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive

☑ DOES ——1—— TO ——20—— (69)

**YOU ARE BEING SUED BY PLAINTIFF**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RUBEN PABLO, On Behalf Of Himself And All Others Similarly
Situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>MARIN SUPERIOR COURT<br>Hall of Justice<br>3501 Civic Center Drive<br>San Rafael, CA 94903 | **CASE NUMBER:**<br>*(Número del Caso):*  CV 082631 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| | CALIFORNIA STATE BAR NO.: | TELEPHONE NO.: | FACSIMILE NO.: |
|---|---|---|---|
| NANCY HERSH, ESQ.<br>HERSH & HERSH, A Professional Corp.<br>601 Van Ness Avenue, Suite 2080<br>San Francisco, CA 94102-6396 | 49091 | (415) 441-5544 | |

| DATE:   MAY 3 0 2008 | Clerk, by   KIM TURNER   J. DALE | , Deputy |
|---|---|---|
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)        ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

*SEAL*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Pablo

*MacForms  (509) 535-4382*

 

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
P.O. Box 4988
San Rafael, CA 94913-4988

**FILED**

**MAY 3 0 2008**

KIM TURNER, Court Executive Officer
**MARIN COUNTY SUPERIOR COURT**
*By: J. Dale, Deputy*

PLAINTIFF: *Ruben Pablo*

vs.

DEFENDANT: *Servicemaster Global Holdings, Inc.; et al.*

CASE NO. *CV082631*

**NOTICE OF CASE
MANAGEMENT CONFERENCE
(CIVIL)**

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge *Ritchie*, Department *E*. This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

   Hearing on Failure to File Proof of Service      *8 , 8 , 08*   9:00 A.M.

   Hearing on Failure to Answer      *9 , 8 , 08*   9:00 A.M.

   b. Appear for a Case Management Conference on      *10 , 20 , 08*   9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. **(A $49.00 sanction will be charged for late filing of a statement.)**

   Case Management Statement must be filed by      *10 , 3 , 08*

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

 

### SUPERIOR COURT OF CALIFORNIA
**County of Marin**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

### <u>NOTICE TO PLAINTIFFS</u>

### CIVIL TRIAL DELAY REDUCTION PROGRAM
### REQUIRES PROCEDURES AND TIME LINES TO BE MET

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

**You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.**

**Telephonic appearances at Case Management Conference may be available by contacting COURT CALL,** an independent vendor, not less than 5 court days prior to the hearing date. **Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.**

---

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #):* | FOR COURT USE ONLY |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name):* | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN**<br>3501 Civic Center Drive<br>P. O. Box 4988<br>San Rafael, CA  94913-4988 | |
| **STIPULATION TO USE OF**<br>**ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.


Dated _____          Attorney For _____

                                                              _____


Dated _____          Attorney For _____

                                                              _____


CV002          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS**          Rev. 6/06

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING  AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | CASE NUMBER: |
|---|---|
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE:<br>DEPT.:          TIME: |

1. Applicant *(name)*:
   is
   a. ☐  plaintiff
   b. ☐  cross-complainant
   c. ☐  petitioner
   d. ☐  defendant
   e. ☐  cross-defendant
   f. ☐  respondent
   g. ☐  other *(describe)*:

2. The complaint or other initial pleading in this action was filed on *(date)*:

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☐  Complaint
   b. ☐  Cross-complaint
   c. ☐  Petition
   d. ☐  Answer or other responsive pleading
   e. ☐  Other *(describe)*:

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date)*:

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☐  None
   b. ☐  The following *(describe all, including the length of any previous extensions)*:

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each)*:

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Page 1 of 2
Cal. Rules of Court,
rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed):*

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons):*

☐ Continued on Attachment 10.

11. Number of pages attached: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____        ▶        _____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)                        (SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.

2. The pleading must be served and filed no later than *(date):*

3. ☐ The case management conference is rescheduled to:

   a. Date:

   b. Time:

   c. Place:

4. Other orders:

5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER



**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):* | |
| E-MAIL ADDRESS *(Optional):* | |
| ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

| A **CASE MANAGEMENT CONFERENCE** is scheduled as follows: |
|---|
| Date:              Time:              Dept.:          Div.:          Room: |
| Address of court *(if different from the address above):* |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
    The party or parties request ☐ a jury trial ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐ The trial has been set for *(date):*
    b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☐ days *(specify number):*
    b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:
    e.  Fax number:
    f.  E-mail address:
    g.  Party represented:
    ☐ Additional representation is described in Attachment 8.

9.  **Preference**
    ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐ The case has gone to an ADR process *(indicate status):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply)*:

   (1) ☐ Mediation

   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

   (4) ☐ Binding judicial arbitration

   (5) ☐ Binding private arbitration

   (6) ☐ Neutral case evaluation

   (7) ☐ Other *(specify):*

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

   ☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| <u>Party</u> | <u>Description</u> | <u>Date</u> |
|---|---|---|

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ► _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)

_____          ► _____
(TYPE OR PRINT NAME)                                      (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached



**CASE MANAGEMENT STATEMENT**

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:          FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

**To the court and to all parties:**

1. Declarant *(name):*

   a. ☐ is ☐ the party ☐ the attorney for the party who requested or caused the stay.

   b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:

   a. ☐ With regard to all parties.

   b. ☐ With regard to the following parties *(specify by name and party designation):*

3. Reason for the stay:

   a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*

   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*

   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*

   e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF DECLARANT)                                (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

**NOTICE OF STAY OF PROCEEDINGS**

Page 1 of 1
Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
　　STREET ADDRESS:
　　MAILING ADDRESS:
　　CITY AND ZIP CODE:
　　BRANCH NAME:

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | DEPT.: |
| **NOTICE OF TERMINATION OR MODIFICATION OF STAY** | JUDICIAL OFFICER: |

## To the court and all parties:

1. A *Notice of Stay of Proceedings* was filed in this matter on *(date):*

2. Declarant named below is
   a. ☐ the party  ☐ the attorney for the party  who requested or caused the stay.
   b. ☐ other *(describe):*

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*
   a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*
   b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe):*

5. The stay has been vacated, is no longer in effect, or has been modified
   a. ☐ with regard to all parties.
   b. ☐ with regard to the following parties *(specify by name and party designation):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
CM-181 [Rev. January 1, 2007]

**NOTICE OF TERMINATION OR MODIFICATION OF STAY**

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-181

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Termination or Modification of Stay* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____         ►  _____
(TYPE OR PRINT NAME OF DECLARANT)                              (SIGNATURE OF DECLARANT)

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **NOTICE OF SETTLEMENT OF ENTIRE CASE** | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT.: |

**NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF**

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is **unconditional.** You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is **conditional.** Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1. This entire case has been settled. The settlement is:
    a. ☐  **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.
        Date of settlement:
    b. ☐  **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date):*

2. Date initial pleading filed:

3. Next scheduled hearing or conference:
    a. Purpose:
    b. ☐  (1) Date:
        (2) Time:
        (3) Department:

4. Trial date:
    a. ☐  No trial date set.
    b. ☐  (1) Date:
        (2) Time:
        (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____          _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)          (SIGNATURE)

Form Adopted for Mandatory Use                    **NOTICE OF SETTLEMENT OF ENTIRE CASE**                    Page 1 of 2
Judicial Council of California                                                                      Cal. Rules of Court, rule 3.1385
CM-200 [Rev. January 1, 2007]                                                                      *www.courtinfo.ca.gov*

American LegalNet, Inc.
www.Forms*Workflow*.com

CM-200

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Settlement of Entire Case* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached _____.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                                        (SIGNATURE OF DECLARANT)

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

### PROOF OF SERVICE
☐ **Mail**    ☐ **Personal Service**

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My residence or business address is *(specify):*

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows *(complete either a or b):*
   - a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
     - (1) I enclosed a copy in an envelope **and**
       - (a) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.
       - (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
     - (2) The envelope was addressed and mailed as follows:
       - (a) Name of person served:
       - (b) Address on envelope:

       - (c) Date of mailing:
       - (d) Place of mailing *(city and state):*

   - b. ☐ **Personal delivery.** I personally delivered a copy as follows:
     - (1) Name of person served:
     - (2) Address where delivered:

     - (3) Date delivered:
     - (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

NAME OF COURT: _____

# *ADR Information Form*

| |
|---|
| *This form should be filled out and returned,* <br> *within 10 days of the resolution of the dispute, to:* ▶ |

1. Case name: _____     No. _____
2. Type of civil case:  ☐ PI/PD-Auto   ☐ PI/PD-Other   ☐ Contract   ☐ Other *(specify):* _____
3. Date complaint filed _____     Date case resolved _____
4. Date of ADR conference _____     **5. Number of parties** _____
6. Amount in controversy  ☐ $0–$25,000  ☐ $25,000–$50,000  ☐ $50,000–$100,000  ☐ over $100,000 *(specify):*_____
7. ☐ Plaintiff's Attorney   ☐ Cross Complainant's Attorney     8. ☐ Defendant's Attorney   ☐ Cross Defendant's Attorney

| | |
|---|---|
| NAME _____ | NAME _____ |
| ADDRESS _____ | ADDRESS _____ |
| ( ) _____ <br> TELEPHONE NUMBER | ( ) _____ <br> TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

☐ Plaintiff   ☐ Plaintiff's attorney          ☐ Defendant   ☐ Defendant's attorney
☐ 3rd party defendant   ☐ 3rd party defendant's attorney     ☐ Other *(specify):* _____

10. Dispute resolution process:

☐ Mediation   ☐ Arbitration   ☐ Neutral case evaluation     ☐ Other *(specify):* _____

11. How was case resolved?
   a. ☐ As a direct result of the ADR process.
   b. ☐ As an indirect result of the ADR process.     c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify):* $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

☐ 0   ☐ 1 day   ☐ more than 1 day *(specify):* _____

16. Would you be willing to consider using this dispute resolution process again?     ☐ Yes   ☐ No

---

Form Adopted by the <br> Judicial Council of California <br> ADR-101 [New March 1, 1994]     **ADR INFORMATION FORM**

American LegalNet, Inc. <br> www.USCourtForms.com