Amanda C. Sommerfeld (SBN: 185052)
asommerfeld@winston.com
Jennifer Rappoport (SBN: 210879)
jrappoport@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINIX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,

Plaintiff,

v.

SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,

Defendants.

**Case No.** 08-03894-CIV (SI)

**CERTIFICATE OF SERVICE OF REMOVAL DOCUMENTS FILED WITH SUPERIOR COURT AND RELATED DOCUMENTS**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on August 14, 2008, Defendants ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., The Terminix International Company, L.P., and Terminix International, Inc. ("Defendants"), filed with the Superior Court of the State of California for the County of Marin and served on the Plaintiff in this action the Notice to the Clerk of the Superior Court of Removal of Civil Action to Federal Court by Defendants. A true and correct copy of the aforementioned notice is attached hereto as Exhibit 1, and its Proof of Service is attached hereto as Exhibit 3.

Also on August 14, 2008, Defendants filed with the Superior Court of the State of California for the County of Marin and served on Plaintiff in this action the Notice to Adverse Party of Removal to Federal Court. A true and correct copy of the aforementioned notice is attached hereto as Exhibit 2, and its Proof of Service is attached hereto as Exhibit 3.

In addition, Defendants also served on Plaintiff on August 15, 2008 the following documents that were returned by the Clerk upon filing the Notice of Removal:

(1) Order Setting Initial Case Management Conference and ADR Deadlines

(2) Notice of Availability of Magistrate Judge to Exercise Jurisdiction

(3) Welcome to the US District Court, San Francisco Guidelines

(4) ECF Registration Information Handout

(5) Consenting to A Magistrate Judge's Jurisdiction in the N.D. of California

True and correct copies of the aforementioned documents are attached hereto as Exhibit 4.

Dated: August 15, 2008

WINSTON & STRAWN LLP

By: /s/
Nicole M. Friedenberg
Attorneys For Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC., THE SERVICEMASTER COMPANY, INC., THE TERMINIX INTERNATIONAL COMPANY, L.P., AND TERMINIX INTERNATIONAL, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT 1

COPY

Amanda C. Sommerfeld (SBN: 185052)
asommerf@winston.com
Jennifer Rappoport (SBN: 210879)
jrappoport@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINEX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

FILED
AUG 14 2008
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Bond, Deputy

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF MARIN**

RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,

Plaintiff,

v.

SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINEX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,

Defendants.

**Civil Case No. CV-082631**

**NOTICE TO THE CLERK OF THE SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

TO THE CLERK OF THE MARIN COUNTY SUPERIOR COURT:

PLEASE TAKE NOTICE that Defendants ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., The Terminix International Company, L.P., and Terminix International, Inc. have filed a Notice of Removal of the above-entitled action from the Superior Court of the State of California for the County of Marin to the United States District Court for the Northern District of California. A true and correct copy of the Notice of Removal filed with the Federal Court is attached to this Notice as Exhibit "A." Pursuant to 28 U.S.C. §1446(d), this Court "shall proceed no further unless and until the case is remanded."

Dated: August 14, 2008

WINSTON & STRAWN LLP

By: Nicole Friedenberg
Nicole M. Friedenberg
Attorneys For Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC., THE SERVICEMASTER COMPANY, INC., THE TERMINEX INTERNATIONAL COMPANY, L.P., AND TERMINIX INTERNATIONAL, INC.

LA:220601.1

# EXHIBIT A

Amanda C. Sommerfeld (SBN: 185052)
asommerf@winston.com
Jennifer Rappoport (SBN: 210879)
jrappoport@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINEX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

ORIGINAL
FILED
AUG 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SI

RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,

Plaintiff,

v.

SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINEX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,

Defendants.

**Case No.** CV 08 3894

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION**

To the Honorable Judges of the United States District Court for the Northern District of California, removing party, Defendants ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., The Terminix International Company, L.P., and Terminix International, Inc. ("Defendants"), by their attorneys and pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, respectfully requests removal of the above case to federal court. In support of its request, Defendants state as follows:

## I. INTRODUCTION

1. This case is hereby removed from state court to federal court under the Class Action Fairness Act of 2005 because, at the time the Complaint was filed, and at this time, complete diversity of citizenship exists between the parties to this action, and, therefore, this Court has original jurisdiction under 28 U.S.C. § 1332. The citizenship of Does Defendants should be disregarded for the purposes of removal. The alleged amount in controversy exceeds $5,000,000.

## II. PROCEDURAL HISTORY AND BACKGROUND FACTS/ALLEGATIONS

### A. THE STATE COURT ACTION IN THIS CASE

2. On May 30, 2008, an action was commenced in the Superior Court of the State of California in and for the County of Marin, entitled *Ruben Pablo v. ServiceMaster Global Holdings, Inc., et al.*, as Case No. CV082631 (the "Pablo Action"). A true and correct copy of the Complaint is attached hereto as Exhibit "A." The Complaint seeks recovery of monetary damages and other relief against Defendants in connection with purported class claims for unpaid overtime wages, penalties for unpaid meal and rest periods, and injunctive relief.

### B. THE PARTIES

3. Defendants are informed and believe that Plaintiff Ruben Pablo was, at the time of the filing of this action, and still is, a citizen of California. *See* Complaint ¶ 6.

4. Defendant ServiceMaster Global Holdings, Inc. was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 7.

5. Defendant The ServiceMaster company was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 8.

6. Defendant The Terminix International Company, L.P was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 10.

7. Defendant Terminix International, Inc. was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 11.

8. The citizenship of Defendants Does 1-20, inclusive, should be disregarded for the purpose of establishing removal jurisdiction based on diversity of citizenship. 28 U.S.C. § 1441 (a).

9. Thus, Plaintiff, at all times relevant herein, has been a citizen of California. Defendants, at all times relevant herein, have been citizens of Delaware and New Jersey. Hence, complete diversity of citizenship exists in accordance with 28 U.S.C. § 1332(a).

**C. Amount in Controversy**

10. Plaintiff did not specifically allege an amount of damages.

11. Although Plaintiff alleges that the aggregate amount in controversy is less than five million dollars ($5,000,000) so as to evade federal jurisdiction, Defendants' assessment of the allegations in the complaint yield an estimate of the amount in controversy in excess of five million dollars ($5,000,000), exclusive of interest and costs. *See* Complaint ¶ 5. Plaintiff seeks to recover allegedly unpaid overtime wages and penalties and allegedly missed meal and rest period compensation and penalties, in addition to interest, costs and

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

attorneys' fees. The period allegedly covered by this class action is at least (4) years. *See* Complaint ¶ 15.

12. The complaint alleges that "Plaintiff and Class Members regularly worked more than eight hours per day – indeed, as much as ten to fourteen hours per day." *See* Complaint ¶ 2. The estimated potential amount of unpaid overtime Defendants would face if this allegation is true totals $18,216,206 , not including interest or costs. *See* Declaration of Joseph A. Krock, ¶ 7, attached hereto as Exhibit "B" (hereafter, "Krock Declaration"). This calculation is based on payroll and employment data in electronic form pertaining to all of Defendant Terminix International Company, L.P.'s employees who have held the "Inspector" position in California July 1, 2004 through June 30, 2008. *See* Krock Declaration, ¶ 5; *see also* Declaration of Lynne Cummings, attached hereto as Exhibit "C." Thus, the amount in controversy requirement is satisfied.

## III. BASIS FOR JURISDICTION

13. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $5,000,000 exclusive of interest and costs.

14. Defendants received a copy of the Complaint and a summons from the said state court in the mail on July 16, 2008. This Notice is filed with this Court within 30 days after Defendants were served with the Complaint, in accordance with 28 U.S.C. § 1446. Each of the Defendants consent to and join in this removal.

15. As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff's attorneys of record, and will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of the State of California in and for the County of Marin.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## IV. STATE COURT PROCESS, PLEADINGS, AND ORDERS

16. Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as Exhibit "D" true and correct copies of the Summons, Notice of Case Management Conference, and Superior Court of California County of Marin Notice to Plaintiffs. These are the only process, pleadings, or orders in the State Court's file that have been served on Defendants up to the date of filing this Notice of Removal.

WHEREFORE, Defendants respectfully request that these proceedings, entitled *Ruben Pablo v. ServiceMaster Global Holdings, Inc., et al.*, as Case No. CV082631, now pending in the Superior Court of the State of California for the County of Marin, be removed to this Court.

Dated: August 14, 2008

WINSTON & STRAWN LLP

By: Nicole Friedenberg
Nicole M. Friedenberg
Attorneys For Defendants, SERVICEMASTER GLOBAL HOLDINGS, INC., THE SERVICEMASTER COMPANY, INC., THE TERMINEX INTERNATIONAL COMPANY, L.P., AND TERMINIX INTERNATIONAL, INC.

LA:220607.1

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT A

NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
HERSH & HERSH, A Professional Corporation
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
Telephone: (415) 441-5544

LAUREN HALLINAN, ESQ., State Bar No. 60646
HALLINAN & WINE
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 621-2400

LORI E. ANDRUS, ESQ., State Bar No. 205816
MICHA STAR LIBERTY, ESQ., State Bar No. 215687
JENNIE LEE ANDERSON, ESQ., State Bar No. 203586
ANDRUS LIBERTY & ANDERSON LLP
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000

*Attorneys for Plaintiffs*

FILED
MAY 30 2008
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

HERSHANDHERSH
A Professional Corporation

PAID $ 320 ON 5/30/08

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF MARIN**

RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,

Plaintiff,

vs.

SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,

Defendants.

Civil Case Number CV 082631

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§17200, *et seq.***

**DEMAND FOR JURY TRIAL**

SUMMONS ISSUED

Plaintiff Ruben Pablo ("Plaintiff") brings this action against Defendants, ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., the Terminix International Company, L.P., Terminix International, Inc., and DOES 1-20 (collectively "Terminix" or "Defendants"), on behalf of himself and all others similarly situated and alleges on information and belief as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and all other similarly-situated Terminix pest inspectors ("Inspectors" or "Class Members") for Terminix's violations of the California Labor Code and for violations of the California Business and Professions Code Section 17200, *et seq*.

2. Although Plaintiff and Class Members regularly worked more than eight hours per day—indeed, as much as ten to fourteen hours per day—Terminix failed to pay or properly record overtime hours worked by Plaintiff and Class Members by unlawfully misclassifying them as employees who are exempt from overtime pay. Terminix also failed to provide meal and rest breaks, pay full wages when due, and reimburse necessary work-related expenses, as required by law.

3. Through his class claims, Plaintiff seeks compensation for all hours worked; all penalties, liquidated damages, and other damages permitted by law; restitution and/or disgorgement of all benefits obtained by Defendants from their unlawful business practices; injunctive and declaratory relief; all other forms of equitable relief permitted by law; and reasonable attorneys' fees and costs.

## VENUE

4. Venue is proper in this Court pursuant to California Code of Civil Procedure Sections 395 and 395.5; Business and Professions Code Section 17203; and California Civil Code Section 1780, because: (a) many of the acts and transactions complained of herein occurred within this County; and (b) Defendants maintain offices, conduct business in this County by providing pest control services, and employ Plaintiff and Class members.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to California Code of Civil Procedure Section 410.10. Jurisdiction over Defendants is proper because Defendants have purposefully availed themselves of the privilege of conducting business activities in California, including, but not limited to providing pest control services and employing Plaintiff and Class members throughout California. All Class members are California residents, and neither the named Plaintiffs, nor the Class members, individually, have claims that exceed $75,000. Moreover, total damages do not exceed $5 million.

## THE PARTIES

### Plaintiff

6. Plaintiff Ruben Pablo is a resident of Solano County, California who worked as an Inspector in Terminix's San Rafael, California branch from approximately August 30, 2005 to July 20, 2006.

### Defendants

7. Defendant ServiceMaster Global Holdings, Inc. is a Delaware corporation and holding company with its principal offices at 860 Ridge Lake Blvd., Memphis, Tennessee. On or about July 24, 2007, ServiceMaster Global Holdings, Inc., a privately held company, acquired and/or merged with Defendant ServiceMaster Companies, a publicly traded corporation until the merger. Defendant ServiceMaster Global Holdings, Inc. is the successor corporation and/or successor in interest of the ServiceMaster Company and its subsidiaries and business units, which include Defendants the Terminix International Company, L.P. and Terminix International, Inc., described below. ServiceMaster Global Holdings, Inc. continues to operate pest control services through The ServiceMaster Company under its Terminix business unit in California, throughout the United States and internationally.

8. Defendant The ServiceMaster Company ("ServiceMaster") is or was, at all times relevant to the matters herein, either a privately held and or a publicly held corporation operating executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee and

HERSHANDHERSH
A Professional Corporation

in Downers Grove, Illinois.

9. At all relevant times, ServiceMaster provided outsourcing of pest control services under the brand name "Terminix" to residential and commercial customers through hundreds of company-owned locations in the United States, including a branch office located in San Rafael, California. At all relevant times, ServiceMaster's Terminix unit is or was doing business in California as The Terminix International Company, L.P. and Terminix International Inc.

10. The Terminix International Company, L.P., is a Delaware limited partnership, registered to do business in California, with its executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee. Defendant Terminix International Company, L.P., has at times relevant to the allegations herein, owned, managed and/or operated the Terminix branch in San Rafael, California.

11. Terminix International, Inc. is a Delaware corporation registered to do business in California, with its principal office at 860 Ridge Lake Blvd., Memphis, Tennessee. Defendant Terminix International, Inc., has at times relevant to the allegations contained herein, owned, managed and/or operated the Terminix branch in San Rafael, California.

12. Plaintiff does not know the true names and capacities, whether individual, partners, or corporate, of the Defendants sued herein as DOES 1-20, inclusive, and for that reason sues said Defendants under fictitious names and prays leave to amend the complaint to insert said true names and capacities in the appropriate paragraphs herein, when Plaintiff ascertains said true names and capacities. Plaintiff is informed and believes and thereon alleges that said Defendants and each of them are responsible in whole or in part for Plaintiff's damages as alleged herein.

13. At all relevant times, the Defendants, their employees, agents, successors, and each of them participated in the doing of acts or authorized or ratified the doing of the acts hereinafter alleged to have been done by the named Defendants. Plaintiff is informed and believes and thereon alleges that Defendants and each of them are

HERSHANDHERSH
A Professional Corporation

responsible for the damages suffered by Plaintiff and all others similarly-situated.

14. Defendants and each of them are covered entities or employers within the meaning of the California Labor Code.

**CLASS ACTION ALLEGATIONS**

15. Plaintiff brings this lawsuit for violations of California's wage and hour laws on behalf of himself and all other similarly situated members of the Class, defined below, pursuant to the Code of Civil Procedure Section 382, Civil Code Section 1781 and Business & Professions Code Section 17200. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions. The Class is defined as follows:

> All persons employed by Terminix as Inspectors within the State of California at any time during the period of four years prior to the date of the commencement of this action through the date of final disposition of this action (the "Class Period").

16. Excluded from the Class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and its/their legal representatives, officers, directors, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's immediate family; (3) non-California residents; and (4) claims for personal injury, wrongful death and emotional distress and claims of consequential property damage and loss.

17. While Plaintiff does not know the exact number of Class Members at this time, the Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, at least 150 persons, and most likely several hundred people, worked for Terminix as Inspectors within the State of California during the Class Period. Although the exact number and identities of Class Members are unknown to Plaintiff at this time, this information is readily ascertainable from Defendants through discovery of its payroll and personnel records.

18. There is a well-defined community of interest among Class Members, and the disposition of the claims of these Class Members in a single action will

HERSHANDHERSH
A Professional Corporation

provide substantial benefits to all parties and to the Court.

19. Common questions of law and fact predominate over any questions affecting individual Class Members. Questions of law and fact common to members of the Class as a whole include, but are not limited to, the following:

a) Whether Plaintiff and Class Members are employees covered by the wage and overtime provisions of California law;

b) Whether Defendants unlawfully failed to compensate Class Members for all hours worked;

c) Whether Defendants failed to pay Class Members their full wages when due as required by California Labor Code Sections 201, 202, and 204;

d) Whether Defendants failed to pay Class Members "waiting time" penalties for failure to timely pay overtime compensation in violation of the California Labor Code and related regulations, including California Labor Code Section 200, *et seq*., 510, 1174, 1174.5, 1194, and 1197, and California Wage Order No. 4;

e) Whether Defendants unlawfully failed to keep and furnish Class Members with itemized records of hours worked and overtime compensation earned, in violation of California Labor Code Sections 226 and 1174;

f) Whether Defendants' policy and practice of failing to pay Class Members all wages due within the time required by law after their employment ended violates California law;

g) Whether Class members worked overtime hours pursuant to Defendants' uniform policies and practices;

h) Whether Defendants violated Labor Code Section 512 and relevant Wage Orders by failing to provide off-duty meal and rest breaks to Class Members;

i) Whether Defendants violated Labor Code Section 2802 by failing to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of work duties or in obedience to the directions of

Terminix;

j) Whether Defendants' conduct violated the California Unfair Competition Law and/or California Business and Professions Code Section 17200, *et seq.*, as alleged in this Complaint.

20. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions and state labor and employment litigation.

21. Plaintiff's claims are typical of the Class Members' claims. Plaintiff and members of the Class work or have worked for Terminix as Inspectors with similar if not identical job duties. Like other Class Members, Plaintiff was subjected to Defendants' policies and practices of refusing to properly compensate Inspectors for all hours worked at the rates required by law. Like other Class Members, Plaintiff was denied meal and rest periods and reimbursement for all his expenses incurred in direct consequence of the discharge of work duties.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the relatively small size of the individual Class Members' claims, absent a class action, most Class Members would likely find the cost of individually litigating their claims against Defendants to be prohibitive. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

23. The consideration of common questions of fact and law will conserve judicial resources and promote a fair and consistent resolution of these labor code violations.

## FACTUAL ALLEGATIONS

24. Defendant ServiceMaster is a multi-billion dollar privately held corporation with operations in California, the United States, and internationally. Until on or about July 24, 2007, ServiceMaster was a publicly held corporation listed on the New York

Stock Exchange, when ServiceMaster Global Holdings, Inc. and other investors took it private. In the United States, ServiceMaster provides outsourcing services for residential and commercial customers in 10.5 million homes and businesses each year and employs approximately 32,000 people. ServiceMaster branded business units include Terminix, TruGreen, Merry Maids, American Home Shield, InStar Services Group, ServiceMaster Clean, Merry Maids, Furniture Medic, and AmeriSpec. Through its branded business units, ServiceMaster provides a variety of services, including termite and pest control, lawn care and landscape maintenance, home warranties, disaster response and reconstruction, house cleaning, furniture repair, and home inspection.

25. ServiceMaster's Terminix unit provides termite and pest control services to residential and commercial customers. One of the largest termite and pest control companies in the world, it services more than 2.6 million homes and businesses against all types of pests in forty-five states and internationally. In the United States, among its network of over three-hundred and fifty company-owned branches, are approximately fifty-five company-owned branches in California, including the San Rafael Branch, which covered Marin County.

26. The operational standards imposed by Terminix at its various branches, including uniform policies and practices relating to Inspectors' job duties and their compensation scheme, are substantially similar, if not identical, at each Terminix branch in California. Every branch provides similar pest control services to customers who call requesting inspections; offers free initial inspections, unlimited re-inspections customers, renewal inspections; and conducts inspections for real estate professionals, homebuyers or sellers.

27. Pursuant to Terminix's uniform policies and practices, Inspectors consistently work in excess of eight hours a day and in some cases ten to fourteen hours per day during the regular workweek, plus additional hours one Saturday per month and one evening per week. Plaintiff Ruben Pablo, for example, worked on average fifty to seventy hours per week throughout his employment at Terminix.

HERSHANDHERSH
A Professional Corporation

28. Further, as a result of Terminix's uniform policies and practices, Inspectors who worked more than five hours in a workday were routinely denied an off-duty meal break of at least thirty minutes, and Inspectors who worked more than three and one-half hours in a workday were regularly denied rest period of ten minutes or more for every four hours worked.

29. Inspectors devote the majority of their work time conducting pest inspections, pursuant to Terminix's uniform operational standards. For each inspection they conduct, Inspectors spend no more than 20% of their time discussing purchase of Terminix services and completing sales contracts with customers. As described further in the example below, approximately 80% or more of inspectors' time on site is spent conducting the inspection, as required by Terminix's policies.

30. In addition, Inspectors are required to spend a significant portion of their time conducting subsequent re-inspections and renewal inspections for existing customers, as well as providing home sale inspection services, certificates and clearances.

31. Terminix also requires Inspectors to prepare reports, including reports mandated by the California Structural Pest Control Board, and/or drive significant distances to and from their appointed sites each day in their personal vehicles. The geographical areas Terminix requires its inspectors to cover are as large as 580 square miles or more.

32. In addition, Inspectors are required to report to their home branches daily, attend meetings with managers and coworkers, retrieve and respond to messages, review their assigned schedule of daily inspection locations, and prepare supplies and materials for their workday.

33. Pursuant to Terminix's uniform policies and practices, Inspectors do not set most of their own appointments or schedule inspections. Inspectors have no authority to decide what inspections to conduct or when. Rather, Terminix controls scheduling and assignments; its non-inspector employees make the inspection appointments and create a daily inspection schedule for each Inspector.

HERSHANDHERSH
A Professional Corporation

34. Before setting out for their first inspection of the day, Terminix requires Inspectors report to their branch office to prepare for their appointments by collecting, assembling and organizing the materials and equipment required for pest inspections, including various documents, forms, a codebook, protective gloves and booties, flashlight, knee pads, coveralls, hand tools, first aid kit, ladder, measuring wheel, and other necessary items and by checking that all equipment is in proper working condition.

35. At each site inspection Terminix policy requires Inspector to complete all or some of the following:

a) View and access all areas outside and inside the structure, including the complete exterior, sub-areas, crawlspaces, decks and patios, abutments, ventilation ducts, all interiors rooms, foundations attics, porches, steps, garages and carports, and outbuildings;

b) Complete the wells and waterway checklist if applicable;

c) Take complete, accurate measurements of the structure and determine square and cubic footage;

d) Draft a diagram to scale on graph paper of the floor plan and surrounding area;

e) Inspect all accessible areas for general pests, such as rodents and ants and or wood destroying organisms, fungus, dry rot, excessive moisture and wood to earth contacts;

f) Identify types of pests or wood destroying organisms and conditions;

g) Locate, assess, and quantify the extent of infestation and pest damage;

h) Identify structural areas vulnerable to future pest infestation and damage;

i) Determine suitable methods to eradicate pests and methods to

HERSHANDHERSH
A Professional Corporation

repair structural elements;

j) Determine and assess the need for continued preventative pest control services;

k) If there are wood-destroying organisms, record findings on a diagram: locations of pest infestation, type of organisms discovered, damage and problems;

l) Record roof type and structural materials on the diagram sheet;

m) Write, in draft, statements describing locations of visible damage;

n) If there are wood-destroying organisms, draft forms and reports, such as "Survey of Conditions Favorable to Termite and Pest Infestations," and "Report Work Sheet."

o) Record and describe conditions considered likely to lead to future pest infestations or infections such as excessive moisture, earth-to-wood contact, and faulty grade levels and potential areas for treatment or repair;

p) Determine treatment recommendations and or specifications,

q) If there are termites, prepare termicide calculation worksheet;

r) Prepare additional forms if fumigation may be required, such as "Fumigation of Connecting Structures," "Occupant's Fumigation Notice and Pesticide Disclosure," and "Occupant's Fumigation Notice for Vikane Addendum;" and

s) Fill in contract and terms for pest control service based on Terminix-set prices;

36. Inspections require on average two hours or more to complete.

37. Inspectors' contact with homeowners is limited to approximately 20% or less of their time onsite and consists of explaining their findings and presenting a uniform contract for termite or other pest control services, such as the "California Subterranean Termite Plan & Agreement" or "California Drywood Termite Plan and Agreement". When an inspection involves a large or complicated structure and/or one with

HERSHANDHERSH
A Professional Corporation

extensive problems, however, a supervisor often takes over and presents pricing based on the Inspector's recommendations.

38. In addition to conducting inspections and completing on site paperwork, Terminix requires Inspectors conducting structural inspections to spend several additional hours a day preparing detailed reports for the California Structural Pest Control Board. Reports must be submitted to the Board within ten days of the inspection, and Terminix policies and practices require the Inspector to complete the reports for each structural inspection and submit them the following day at the Terminix office. Preparing a final inspection report consistent with Terminix operational standards takes approximately 45 minutes to an hour. In addition Inspectors completing the reports are required to create a final diagram of the structure on graph paper, which shows inspected areas, locations of infestation, and inaccessible areas.

39. Terminix also requires Inspectors to prepare any Notice of Cancellation and conduct cold calls and call-backs from the branch office to potential customers.

40. Because inspectors are generally assigned at least three inspections a day, inspectors are often required to skip meal and rest breaks and are required to work in excess of eight hours a day on a regular basis as a consequence of the policies and job requirements imposed by Terminix.

41. That Inspectors spend the majority of their time conducting inspections and not conducting outside sales is consistent with Terminix's reasonable expectations, because Inspectors are merely complying with Terminix's uniform operational standards and policies in doing so.

42. Furthermore, the primary job training Terminix requires for inspectors focuses on conducting inspections and acquisition of pest control knowledge and expertise. All Terminix Inspectors must be licensed by the State of California, which requires a written examination. Additionally, Terminix requires Inspectors to complete continuing education courses to maintain their licenses. By contrast, Terminix does not

require newly hired inspectors to have prior sales experience. Comparatively, Terminix does not provide much sales training for its inspectors beyond a self-help manual and a one-day annual sales conference. Although all Inspectors spend the vast majority of their time engaged in pest inspection activities rather than sales activities, Terminix unlawfully misclassified Plaintiff and other similarly situated Inspectors as exempt "outside salesmen," who had no right to overtime pay. By so doing, Terminix required, encouraged, and/or permitted overtime work by Plaintiff and members of the Class and failed to pay any overtime compensation for all such work in violation of California law.

43. Terminix also failed and refused to indemnify Plaintiff and Class Members for their expenses and losses incurred and required in direct consequence of the discharge their duties or at the direction of Defendants, including but not limited to expenses and losses associated with paying for the cost of vehicle expenses, including the full amount of expenditures for gas, oil and maintenance incurred during travel to and from customer locations, as well as supplies such as batteries or other incidentals related to discharge of duties for Defendants.

## FIRST CLAIM FOR RELIEF

**(Failure to Pay Overtime Cal. Wage Order No. 4; Cal. Labor Code §§510, 1194, 1197)**

44. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

45. California law, including Wage Order 4 of the California Industrial Welfare Commission (hereafter "Wage Order"), and the California Labor Code Sections 510, 1194, and 1197, requires Defendants to pay at least the legal minimum wage for all hours actually worked, and to pay overtime compensation to all non-exempt employees for all hours worked over forty (40) per week, or over eight per day.

46. Plaintiff and Class Members are non-exempt employees and are entitled to be paid proper compensation for all hours worked, including overtime hours worked.

HERSHANDHERSH
A Professional Corporation

47. Throughout the California Class Period, Defendants did not compensate the Plaintiff or Class Members for time worked, including but not limited to compensation for all hours worked over forty (40) per week or over eight per day in carrying out their duties as pest inspectors.

48. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked and for overtime hours worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Full Wages When Due Under Labor Code §200 *et seq.*, §§1194, 1198, 1199)**

49. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

50. By failing to compensate Plaintiff and Class members for all time worked, Defendants have and continue to violate Labor Code Section 204, which requires employers, including Defendants, to pay their employees their full wages when due.

51. Plaintiff and many Class Members are no longer working for Defendants. By failing to compensate Class Members as required by California law at any time during the Class Period, Defendants also have willfully failed to make timely payment of the full wages due to Inspectors who quit or have been discharged, and thereby have violated Labor Code Sections 201 and 202.

52. Pursuant to Labor Code Section 1194, Plaintiff and Class Members are entitled to recover from Defendants all unpaid wages to which they are entitled, plus pre- and post-judgment interest thereon and reasonable attorneys' fees and costs incurred in prosecuting this action.

53. Pursuant to Labor Code Section 203, those Class members whose

HERSHANDHERSH
A Professional Corporation

employment with Defendants has terminated are also entitled to recover waiting time penalties.

**THIRD CLAIM FOR RELIEF**
**(California Record-Keeping Provisions, Cal. Labor Code §§226, 1174, 1174.5, Cal Wage Order No. 4)**

54. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

55. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and the Class as required by Labor Code Section 226(a) and the IWC Wage Order. Such failure caused injury to the Plaintiff and Class Members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendants have failed to maintain records of hours worked by Plaintiff and Class Members as required under Labor Code Section 1174(d).

56. Plaintiffs are not "exempt" employees under the California Labor Code or Wage Order 4.

57. Plaintiff and the Class are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code Sections 226(a) and 1174(d), and further seek all actual and statutory damages available for these violations under Labor Code Sections 226(e) and 1174.5.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Provide Meal & Rest Breaks in Violation of Cal. Labor Code §512 & §226.7)**

58. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

59. At all material times, the Plaintiff and Class Members were compelled to work longer than eight (8) hours per day and were deprived of lunch breaks

HERSHANDHERSH
A Professional Corporation

under California Labor Code Section 512, and rest breaks, in violation of California Labor Code Section 226.7.

60. Plaintiff and Class Members are not "exempt" employees under the California Labor Code or Wage Order 4.

61. Terminix knew or should have known that Class Members were working without lunch and rest breaks and were not compensated for this time. Terminix's failure to compensate the Plaintiff for rest and lunch breaks was systematic, willful, knowing and intentional.

62. Plaintiff and Class Members have been damaged by Defendants' intentional and knowing refusal to compensate them for work performed during their rest and lunch breaks and seek compensation and penalties for all missed breaks in accordance with California Labor Code Section 226.7, along with appropriate damages, injunctive relief and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**(Failure to Indemnify For Necessary Expenditures and Losses Incurred In Violation of Cal. Labor Code § 2802)**

63. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

64. Plaintiff and Class Members incurred expenditures and losses as a direct consequence of the discharge of their job duties as Terminix Inspectors for which they were not indemnified. Plaintiff and Class members were not reimbursed for all out of pocket expenses such as gasoline purchases necessary to travel to the on-site inspections to which they were assigned. These expenditures were made at the direction of Terminix and Plaintiff and Class Members were not reimbursed for these costs.

65. California Labor Code Section 2802 provides for reimbursement of such expenditures and losses, plus interest from the date the expense was incurred. Reimbursement of "necessary expenditures or losses" also includes all reasonable costs,

HERSHANDHERSH
A Professional Corporation

including, but not limited to, attorneys' fees incurred by the employees enforcing the rights granted by section 2802.

**SIXTH CLAIM FOR RELIEF**

**(California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*)**

66. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

67. The conduct of Defendants, as alleged herein, violates the California Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200, *et seq*.

68. Plaintiff alleges that the unfair and unlawful business practices complained of herein are and were the regular business practice of Defendants.

69. Through Defendants' failures to pay legally required wages, including overtime wages, to provide itemized statements of hours worked with payments of wages, to pay wages when due, and other conduct alleged herein, Defendants have violated numerous specific provisions of state and federal law and has engaged in, and continues to engage in, unlawful and unfair business practices in violation of the UCL, depriving Plaintiff and Class members of rights, benefits, and privileges guaranteed to all employees under law, and has caused Plaintiff and Class members to suffer injury in fact and to lose money.

70. Plaintiff is informed and believes, and based upon such information and belief alleges, that by engaging in the unfair and unlawful business practices complained of herein, Defendants were able to lower their labor costs and thereby to obtain a competitive advantage over law-abiding employers with which it competes.

71. The harm to Plaintiff and the Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

72. California Business and Professions Code Section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for Defendants to continue to retain the property of Plaintiff and Class Members, entitling Plaintiff and Class Members to restitution of the unfair benefits obtained and disgorgement of Defendants' ill-gotten gains. Plaintiff seeks restitution of all unpaid wages owing to him and to members of the Class, according to proof, as well as all other available equitable relief.

73. Injunctive relief pursuant to California Business and Professions Code Section 17203 is necessary to prevent Defendants from continuing to engage in unfair business practices as alleged in this Complaint. Defendants and/or persons acting in concert with Defendants have done, are now doing, and will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless restrained and enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiff has no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following: (a) it is difficult to measure the amount of monetary damages that would compensate Plaintiff for Defendants' wrongful acts; and (b) in any event, pecuniary compensation alone would not afford adequate and complete relief. The continuing violation of law by Defendants will cause great and irreparable damage to Plaintiff and others similarly situated unless Defendants are immediately restrained from committing further illegal acts.

74. Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action. Therefore Plaintiff, on behalf of himself Class members, seek recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the UCL and California Labor Code Section 218, 218.5, and 1194, and California Code of Civil Procedure Section 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all Class Members, prays for

relief as follows:

A. Certification of this action as a class action on behalf of the proposed Class;

B. Designation of Plaintiff as Representative of the Class;

C. Designation of Plaintiff's counsel as Class Counsel;

D. A declaratory judgment that the policies practices complained of herein are unlawful under the laws of California;

E. Appropriate equitable and injunctive relief to remedy Defendants' violations of the laws of California, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful policies and practices;

F. An award of damages, statutory penalties, and restitution to be paid by Defendants according to proof;

G. Pre-Judgment and Post-Judgment interest, as provided by law;

H. Such other injunctive and equitable relief as the Court may deem just and proper; and

I. Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code Section 218.5 and 1194, California Code Civil Procedure Section 1021.5, and other applicable laws.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands, on behalf of himself and the Class, a jury trial on all causes of action and claims to which a right to jury trial exists.

DATED: May 16, 2008.

HALLINAN & WINE

By ________________________
LAUREN HALLINAN
Attorneys for Plaintiff

HERSHANDHERSH
A Professional Corporation

# EXHIBIT B

Amanda C. Sommerfeld (SBN: 185052)
asommerf@winston.com
Jennifer Rappoport (SBN: 210879)
jrappoport@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINEX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,

Plaintiff,

v.

SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINEX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,

Defendants.

**Case No.**

**DECLARATION OF JOSEPH A. KROCK, PH.D IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**DECLARATION OF JOSEPH A. KROCK, PH.D.**

I, Joseph A. Krock, Ph.D. declare as follows.

1. I have personal knowledge of the facts set forth below, and if called as a witness, could and would testify competently thereto, under oath. I am an economist and Vice President at Micronomics, Inc., ("Micronomics") an economic research and consulting firm with offices in Los Angeles, California. Micronomics has been retained in connection with various types of employment litigation, including wage and hour actions, discrimination, wrongful termination, personal injury and wrongful death matters, efficiency analysis, and employment cases in which class certification and economic damages were at issue.

2. I earned Master and Doctorate Degrees in Economics from the University of Chicago, and I earned a Bachelor Degree in Economics-Mathematics from the University of California, Santa Barbara. I also have served as a lecturer in Economic Theory at the University of Chicago.

3. Detailed biographical information is attached at Exhibit 1. I lead the labor and employment practice at Micronomics, and I have been engaged in a number of matters involving labor and employment issues. I have been designated as an expert witness in approximately 10 cases in state and federal district courts in California and New Jersey and I have been retained as an expert approximately 20 cases in state and federal courts in California, Oregon and New Jersey. I have testified as an expert witness in depositions in several cases pending in the state and federal courts in California.

4. I have been retained by Defendant Terminix International Company, L.P. (the "Company") to provide economic and statistical consulting services related to this putative class action. I have been assisted by Micronomics staff in the preparation of this declaration.

5. I have been provided with the declaration of Lynne Cummings. Ms. Cummings has in fact provided me with payroll and employment data in electronic form pertaining to all of the Company's employees who have held an "Inspector" position in California since July 1, 2004.

6. I have been provided with a copy of the Complaint in the matter entitled *Ruben Pablo v. ServiceMaster Global Holdings, Inc., et al.* Among other allegations in the Complaint Plaintiffs allege that the Company failed to pay overtime wages for all overtime hours worked. The complaint alleges that "Plaintiff and Class Members regularly worked more than eight hours per day – indeed, as much as ten to fourteen hours per day."

7. I estimated the potential amount of unpaid overtime the Company would face if the above-mentioned allegation is true. Aggregate exposure for this allegation totals $18,216,206, not including interest or costs. I set forth below a detailed summary of the calculation I performed.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Calculation Methodology

8. I reviewed the employment data provided by Ms. Cummings. These data include position and pay rate information, as well as hire and termination dates, from July 1, 2004 through June 30, 2008. Plaintiffs identify the class as "All persons employed by Terminix as Inspectors within the State of California at any time during the period of four years prior to the date of the commencement of this action through the date of final disposition of this action." I reviewed the job titles and identified six positions which appear to meet the definition of Plaintiff's class. A list of the positions identified is attached at Exhibit 2.

9. Using the class definition above, I determined that 1,056 employees meet the class definition.

10. I understand that the Company pays its hourly employees on a weekly basis. During the period of July 1, 2004 through June 30, 2008, the period for which I have employment data, there were 208 individual pay periods. I assumed that every

employee worked a 5-day work week for a maximum of approximately 1040 work days per employee. It is possible that my damages estimation understates damages because the actual putative class period extends from May 30, 2004 to the present, while my calculations only cover the period from July 1, 2004 to June 30, 2008.

11. To the extent possible, I identified position changes, terminations, leaves of absence or other job-related matters, and omitted any time for which an individual was not in a class position. The average number of days worked for the entire class period was 395, or approximately 1.1 years.

12. To calculate damages, I have assumed that Plaintiff's allegations are true and that the putative class members worked 10 hours of overtime per week. I have not performed any analysis to determine whether Plaintiff's allegations are true.

13. Three pieces of information are necessary to estimate aggregate unpaid wages for the class: 1) number of weeks worked by the class, 2) average wage paid to the class during the class period, and 3) the average number of unpaid overtime hours. As previously stated, I have assumed Plaintiff's allegations are true and the class members worked an average of 10 hours of overtime per week.

14. I reviewed the employment data of the putative class members and determined that the class worked a total of 59,606 weeks during the class period.

15. I was provided with monthly gross pay for the putative class members during the class period. Aggregate gross compensation for the class members during the class period totaled $62,271,182. Assuming the class members worked standard 40 hour work weeks during months in which the class member received compensation, I estimated the total number of hours worked by the class at 3,056,387. I divided aggregate gross income by total hours which results in an average hourly wage for the class of $20.37.

16. Multiplying these three elements and a 1.5 overtime premium multiplier, I estimated the potential total overtime of $18,216,206 (59,606 work weeks x 10 overtime hours per week x $20.37 per hour x 1.5).

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 14, 2008, in Los Angeles, California.

Joseph A. Krock, Ph.D

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT C

Amanda C. Sommerfeld (SBN: 185052)
asommerf@winston.com
Jennifer Rappoport (SBN: 210879)
jrappoport@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINEX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,

Plaintiff,

v.

SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINEX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,

Defendants.

**Case No.**

**DECLARATION OF LYNNE CUMMINGS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

## DECLARATION OF LYNNE CUMMINGS

I, Lynne Cummings declare as follows.

1. I am employed by ServiceMaster Holding Corporation as the Director HRIS I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently thereto, under oath.

2. At the request of the Company's litigation counsel, I have provided to Joseph A. Krock, Ph.D and Micronomics electronically maintained payroll data for all employees of the Company in California from July 1, 2004 through June 1, 2008.

3. This payroll data includes each employee's name, job position, social security number, date of hire, termination date (where applicable), and hourly rate of pay from July 1, 2004 through June 30, 2008. Included within this data are employment records for all California employees who worked in an "inspector" position for the Company during this time period. There are approximately 1,056 employees who were classified as "Inspectors" during this time period.

4. This payroll data is entered and stored on the Company's computer systems in the ordinary course and scope of the Company's business. Each of the payroll entries are automatically downloaded and stored in the Company's computerized payroll system(s) at or near the end of each payroll cycle.

5. Hourly employees at the Company are paid weekly on Friday of each week.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on August 14, 2008, in Memphis, Tennessee.

Lynne Cummings

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT D

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

MAY 30 2008

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

**NOTICE TO DEFENDANT**
***(AVISO AL DEMANDADO):***
SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive

~~[X] DOES 1 TO 20~~

**YOU ARE BEING SUED BY PLAINTIFF**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
MARIN SUPERIOR COURT
Hall of Justice
3501 Civic Center Drive
San Rafael, CA 94903

CASE NUMBER: (Número del Caso): CV 082631

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NANCY HERSH, ESQ.
HERSH & HERSH, A Professional Corp.
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6396

CALIFORNIA STATE BAR NO.: 49091 TELEPHONE NO.: (415) 441-5544 FACSIMILE NO.:

DATE: *(Fecha)* MAY 30 2008 KIM TURNER Clerk, by *(Secretario)* J. DALE, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

Pablo

MacForms (509) 535-4382



MAY 30 2008
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

SUPERIOR COURT OF CALIFORNIA
County of Marin
P.O. Box 4988
San Rafael, CA 94913-4988

| | |
|---|---|
| PLAINTIFF: Ruben Pablo<br>vs.<br>DEFENDANT: Servicemaster Global Holdings, Inc.; et al. | CASE NO. CV082631<br>NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL) |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge Ritchie, Department E. This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

      Hearing on Failure to File Proof of Service 8/8/08 9:00 A.M.

      Hearing on Failure to Answer 9/8/08 9:00 A.M.

   b. Appear for a Case Management Conference on 10/20/08 9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. **(A $49.00 sanction will be charged for late filing of a statement.)**

   **Case Management Statement must be filed by** 10/3/08

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

## NOTICE TO PLAINTIFFS

## CIVIL TRIAL DELAY REDUCTION PROGRAM REQUIRES PROCEDURES AND TIME LINES TO BE MET

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

**You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.**

**Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #):*<br><br>STATE BAR NO:<br>ATTORNEY FOR *(Name):* | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN**<br>3501 Civic Center Drive<br>P. O. Box 4988<br>San Rafael, CA 94913-4988 | |
| **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

____________________ ______________________________________
Dated Attorney For

______________________________________

____________________ ______________________________________
Dated Attorney For

______________________________________

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: TELEPHONE NO.: FAX NO. *(Optional)*: E-MAIL ADDRESS *(Optional)*: ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STREET ADDRESS: MAILING ADDRESS: CITY AND ZIP CODE: BRANCH NAME: | |
| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | |
| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER: |
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE: DEPT.: TIME: |

1. Applicant *(name)*:
   is
   a. ☐ plaintiff
   b. ☐ cross-complainant
   c. ☐ petitioner
   d. ☐ defendant
   e. ☐ cross-defendant
   f. ☐ respondent
   g. ☐ other *(describe)*:

2. The complaint or other initial pleading in this action was filed on *(date)*:

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☐ Complaint
   b. ☐ Cross-complaint
   c. ☐ Petition
   d. ☐ Answer or other responsive pleading
   e. ☐ Other *(describe)*:

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date)*:

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☐ None
   b. ☐ The following *(describe all, including the length of any previous extensions)*:

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each)*:

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2008]

EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS

Cal. Rules of Court, rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons)*:

☐ Continued on Attachment 10.

11. Number of pages attached: ____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT) ▶ (SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

**Order on Application is ☐ below ☐ on a separate document.**

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.
2. The pleading must be served and filed no later than *(date)*:
3. ☐ The case management conference is rescheduled to:
   a. Date:
   b. Time:
   c. Place:
4. Other orders:
5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

JUDICIAL OFFICER



CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

TELEPHONE NO.: FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

*FOR COURT USE ONLY*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

# CASE MANAGEMENT STATEMENT

(Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less)

CASE NUMBER:

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court, rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐ days *(specify number):*
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in *(check all that apply):*
   (1) [ ] Mediation
   (2) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) [ ] Binding judicial arbitration
   (5) [ ] Binding private arbitration
   (6) [ ] Neutral case evaluation
   (7) [ ] Other *(specify):*

e. [ ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f. [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g. [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
[ ] The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
a. [ ] Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: [ ] Yes [ ] No
c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
[ ] Bankruptcy [ ] Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
a. [ ] There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
   [ ] Additional cases are described in Attachment 14a.
b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

**15. Bifurcation**
[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
[ ] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Discovery**
 a. ☐ The party or parties have completed all discovery.
 b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

 c. ☐ The following discovery issues are anticipated *(specify):*

18. **Economic Litigation**
 a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
 b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

19. **Other issues**
 ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

20. **Meet and confer**
 a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

 b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

21. **Case management orders**
 Previous case management orders in this case are *(check one):* ☐ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any):* ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

______________________________ (TYPE OR PRINT NAME) ▶ ______________________________ (SIGNATURE OF PARTY OR ATTORNEY)

______________________________ (TYPE OR PRINT NAME) ▶ ______________________________ (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br><br>TELEPHONE NO.: FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER:<br><br>JUDGE:<br>DEPT.: |

**To the court and to all parties:**

1. Declarant *(name)*:
   a. ☐ is ☐ the party ☐ the attorney for the party who requested or caused the stay.
   b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:
   a. ☐ With regard to all parties.
   b. ☐ With regard to the following parties *(specify by name and party designation)*:

3. Reason for the stay:
   a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*
   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*
   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*
   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*
   e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_______________________________ ▶ _______________________________
(TYPE OR PRINT NAME OF DECLARANT) (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

NOTICE OF STAY OF PROCEEDINGS

Cal. Rules of Court, rule 3.650
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

CM-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> TELEPHONE NO.: FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | *FOR COURT USE ONLY* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF <br> STREET ADDRESS: <br> MAILING ADDRESS: <br> CITY AND ZIP CODE: <br> BRANCH NAME: | |
| PLAINTIFF/PETITIONER: <br> DEFENDANT/RESPONDENT: | CASE NUMBER: <br> DEPT.: |
| NOTICE OF TERMINATION OR MODIFICATION OF STAY | JUDICIAL OFFICER: |

**To the court and all parties:**

1. A *Notice of Stay of Proceedings* was filed in this matter on *(date):*

2. Declarant named below is
   a. ☐ the party ☐ the attorney for the party who requested or caused the stay.
   b. ☐ other *(describe):*

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*
   a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*
   b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe):*

5. The stay has been vacated, is no longer in effect, or has been modified
   a. ☐ with regard to all parties.
   b. ☐ with regard to the following parties *(specify by name and party designation):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME OF DECLARANT) ▶ (SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
CM-181 [Rev. January 1, 2007]

NOTICE OF TERMINATION OR MODIFICATION OF STAY

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-181

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the* **Notice of Termination or Modification of Stay** *if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Termination or Modification of Stay* was mailed:
   a. on *(date):*
   b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      Street address:
      City:
      State and zip code:
   b. Name of person served:
      Street address:
      City:
      State and zip code:
   c. Name of person served:
      Street address:
      City:
      State and zip code:
   d. Name of person served:
      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_______________________________ ▶ _______________________________

(TYPE OR PRINT NAME OF DECLARANT) (SIGNATURE OF DECLARANT)

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* TELEPHONE NO.: FAX NO. *(Optional):* E-MAIL ADDRESS *(Optional):* ATTORNEY FOR *(Name):* | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** STREET ADDRESS: MAILING ADDRESS: CITY AND ZIP CODE: BRANCH NAME: | |
| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | |
| NOTICE OF SETTLEMENT OF ENTIRE CASE | CASE NUMBER: JUDGE: DEPT.: |

**NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF**

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is **unconditional.** You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is **conditional.** Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1. This entire case has been settled. The settlement is:
   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement. Date of settlement:
   b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date):*
2. Date initial pleading filed:
3. Next scheduled hearing or conference:
   a. Purpose:
   b. ☐ (1) Date:
   (2) Time:
   (3) Department:
4. Trial date:
   a. ☐ No trial date set.
   b. ☐ (1) Date:
   (2) Time:
   (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) ▶ (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [Rev. January 1, 2007]

NOTICE OF SETTLEMENT OF ENTIRE CASE

Cal. Rules of Court, rule 3.1385
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-200

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the* **Notice of Settlement of Entire Case** *if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

2. I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one)*:
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Settlement of Entire Case* was mailed:
   a. on *(date)*:
   b. from *(city and state)*:

4. The envelope was addressed and mailed as follows:
   a. Name of person served:
      Street address:
      City:
      State and zip code:
   b. Name of person served:
      Street address:
      City:
      State and zip code:
   c. Name of person served:
      Street address:
      City:
      State and zip code:
   d. Name of person served:
      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached ______.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

______________________________ ▶ ______________________________
(TYPE OR PRINT NAME OF DECLARANT) (SIGNATURE OF DECLARANT)

ADR-100

| MEDIATOR *(Name and Address)*:<br><br>TELEPHONE NO.: FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| CASE NAME: | |
| STATEMENT OF AGREEMENT OR NONAGREEMENT<br>☐ First ☐ Supplemental | CASE NUMBER: |

**NOTE: This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).**

1. This case was filed on *(date if known)*:

2. I was selected as the mediator in this matter on *(date)*:

3. Mediation *(check one)*:
   a. ☐ did not take place.
      (1) ☐ A party who was ordered to appear at the mediation did not appear.
      (2) ☐ Other reason *(please specify without disclosing any confidential information)*:

   b. ☐ took place on *(date or dates)*:
      and lasted a total of ____________ hours.

4. ☐ The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5. The mediation ended *(check one)*:
   a. ☐ in full agreement by all parties on *(date)*:
   b. ☐ in partial agreement
      (1) ☐ in full agreement as to the following parties:
      on *(date)*:
      (2) ☐ in full agreement as to limited issues on *(date)*:
   c. ☐ in nonagreement.

Date:

______________________________ ▶ ______________________________
(TYPE OR PRINT NAME) (SIGNATURE OF MEDIATOR)

**NOTE: Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.**

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. January 1, 2003]

STATEMENT OF AGREEMENT OR NONAGREEMENT

Code of Civil Procedure, §§ 1739, 1775.9

American LegalNet, Inc.
www.USCourtForms.com

| CASE NAME: | CASE NUMBER: |
| --- | --- |

# PROOF OF SERVICE

☐ **Mail** ☐ **Personal Service**

1. At the time of service I was at least 18 years of age and **not a party to this legal action.**

2. My residence or business address is *(specify)*:

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows *(complete either a or b)*:
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope **and**
         (a) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:
         (c) Date of mailing:
         (d) Place of mailing *(city and state)*:
   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:
      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

______________________________ (TYPE OR PRINT NAME)

▶ ______________________________ (SIGNATURE OF DECLARANT)

NAME OF COURT:

# *ADR Information Form*

*This form should be filled out and returned, within 10 days of the resolution of the dispute, to:*

1. Case name: ______ No. ______
2. Type of civil case: ☐ PI/PD-Auto ☐ PI/PD-Other ☐ Contract ☐ Other *(specify)*: ______
3. Date complaint filed ______ Date case resolved ______
4. Date of ADR conference ______ 5. Number of parties ______
6. Amount in controversy ☐ $0–$25,000 ☐ $25,000–$50,000 ☐ $50,000–$100,000 ☐ over $100,000 *(specify)*: ______
7. ☐ Plaintiff's Attorney ☐ Cross Complainant's Attorney 8. ☐ Defendant's Attorney ☐ Cross Defendant's Attorney

NAME ______ NAME ______

ADDRESS ______ ADDRESS ______

( ) ______ ( ) ______

TELEPHONE NUMBER TELEPHONE NUMBER

9. Please indicate your relationship to the case:

☐ Plaintiff ☐ Plaintiff's attorney ☐ Defendant ☐ Defendant's attorney

☐ 3rd party defendant ☐ 3rd party defendant's attorney ☐ Other *(specify)*: ______

10. Dispute resolution process:

☐ Mediation ☐ Arbitration ☐ Neutral case evaluation ☐ Other *(specify)*: ______

11. How was case resolved?

a. ☐ As a direct result of the ADR process.
b. ☐ As an indirect result of the ADR process. c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

☐ $0 ☐ $250 ☐ $500 ☐ $750 ☐ $1,000 ☐ more than $1,000 *(specify)*: $ ______

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

☐ $0 ☐ $250 ☐ $500 ☐ $750 ☐ $1,000 ☐ more than $1,000 *(specify)*: $ ______

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

☐ 0 ☐ 1 day ☐ more than 1 day *(specify)*: ______

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

☐ 0 ☐ 1 day ☐ more than 1 day *(specify)*: ______

16. Would you be willing to consider using this dispute resolution process again? ☐ Yes ☐ No

Form Adopted by the Judicial Council of California ADR-101 [New March 1, 1994]

ADR INFORMATION FORM

American LegalNet, Inc. www.USCourtForms.com

# EXHIBIT 2

COPY

Amanda C. Sommerfeld (SBN: 185052)
asommerf@winston.com
Jennifer Rappoport (SBN: 210879)
jrappoport@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINEX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

FILED
AUG 14 2008
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Bond, Deputy

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF MARIN**

RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,

Plaintiff,

v.

SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINEX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,

Defendants.

**Civil Case No. CV-082631**

**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed in the United States District Court for the Northern District of California on August 14, 2008. A copy of the said Notice of Removal is attached to this Notice as Exhibit "A", and is served and filed herewith.

Dated: August 14, 2008

WINSTON & STRAWN LLP

By: Nicole Friedenberg
Nicole M. Friedenberg
Attorneys For Defendants, SERVICEMASTER GLOBAL HOLDINGS, INC., THE SERVICEMASTER COMPANY, INC., THE TERMINEX INTERNATIONAL COMPANY, L.P., AND TERMINIX INTERNATIONAL, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT A

Amanda C. Sommerfeld (SBN: 185052)
asommerf@winston.com
Jennifer Rappoport (SBN: 210879)
jrappoport@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINEX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

ORIGINAL
FILED
AUG 14 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SI

| | |
|---|---|
| RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINEX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,<br><br>Defendants. | Case No. CV 08 3894<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION** |

To the Honorable Judges of the United States District Court for the Northern District of California, removing party, Defendants ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., The Terminix International Company, L.P., and Terminix International, Inc. ("Defendants"), by their attorneys and pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, respectfully requests removal of the above case to federal court. In support of its request, Defendants state as follows:

## I. INTRODUCTION

1. This case is hereby removed from state court to federal court under the Class Action Fairness Act of 2005 because, at the time the Complaint was filed, and at this time, complete diversity of citizenship exists between the parties to this action, and, therefore, this Court has original jurisdiction under 28 U.S.C. § 1332. The citizenship of Does Defendants should be disregarded for the purposes of removal. The alleged amount in controversy exceeds $5,000,000.

## II. PROCEDURAL HISTORY AND BACKGROUND FACTS/ALLEGATIONS

### A. THE STATE COURT ACTION IN THIS CASE

2. On May 30, 2008, an action was commenced in the Superior Court of the State of California in and for the County of Marin, entitled *Ruben Pablo v. ServiceMaster Global Holdings, Inc., et al.*, as Case No. CV082631 (the "Pablo Action"). A true and correct copy of the Complaint is attached hereto as Exhibit "A." The Complaint seeks recovery of monetary damages and other relief against Defendants in connection with purported class claims for unpaid overtime wages, penalties for unpaid meal and rest periods, and injunctive relief.

### B. THE PARTIES

3. Defendants are informed and believe that Plaintiff Ruben Pablo was, at the time of the filing of this action, and still is, a citizen of California. *See* Complaint ¶ 6.

4. Defendant ServiceMaster Global Holdings, Inc. was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 7.

5. Defendant The ServiceMaster company was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 8.

6. Defendant The Terminix International Company, L.P was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 10.

7. Defendant Terminix International, Inc. was, at the time of the filing of this action, and still is, a citizen of Delaware and Tennessee, in that it is incorporated in Delaware and maintains its principal place of business in Tennessee. *See* Complaint ¶ 11.

8. The citizenship of Defendants Does 1-20, inclusive, should be disregarded for the purpose of establishing removal jurisdiction based on diversity of citizenship. 28 U.S.C. § 1441 (a).

9. Thus, Plaintiff, at all times relevant herein, has been a citizen of California. Defendants, at all times relevant herein, have been citizens of Delaware and New Jersey. Hence, complete diversity of citizenship exists in accordance with 28 U.S.C. § 1332(a).

**C. Amount in Controversy**

10. Plaintiff did not specifically allege an amount of damages.

11. Although Plaintiff alleges that the aggregate amount in controversy is less than five million dollars ($5,000,000) so as to evade federal jurisdiction, Defendants' assessment of the allegations in the complaint yield an estimate of the amount in controversy in excess of five million dollars ($5,000,000), exclusive of interest and costs. *See* Complaint ¶ 5. Plaintiff seeks to recover allegedly unpaid overtime wages and penalties and allegedly missed meal and rest period compensation and penalties, in addition to interest, costs and

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

attorneys' fees. The period allegedly covered by this class action is at least (4) years. *See* Complaint ¶ 15.

12. The complaint alleges that "Plaintiff and Class Members regularly worked more than eight hours per day – indeed, as much as ten to fourteen hours per day." *See* Complaint ¶ 2. The estimated potential amount of unpaid overtime Defendants would face if this allegation is true totals $18,216,206 , not including interest or costs. *See* Declaration of Joseph A. Krock, ¶ 7, attached hereto as Exhibit "B" (hereafter, "Krock Declaration"). This calculation is based on payroll and employment data in electronic form pertaining to all of Defendant Terminix International Company, L.P.'s employees who have held the "Inspector" position in California July 1, 2004 through June 30, 2008. *See* Krock Declaration, ¶ 5; *see also* Declaration of Lynne Cummings, attached hereto as Exhibit "C." Thus, the amount in controversy requirement is satisfied.

## III. BASIS FOR JURISDICTION

13. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $5,000,000 exclusive of interest and costs.

14. Defendants received a copy of the Complaint and a summons from the said state court in the mail on July 16, 2008. This Notice is filed with this Court within 30 days after Defendants were served with the Complaint, in accordance with 28 U.S.C. § 1446. Each of the Defendants consent to and join in this removal.

15. As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff's attorneys of record, and will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of the State of California in and for the County of Marin.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

## IV. STATE COURT PROCESS, PLEADINGS, AND ORDERS

16. Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto as Exhibit "D" true and correct copies of the Summons, Notice of Case Management Conference, and Superior Court of California County of Marin Notice to Plaintiffs. These are the only process, pleadings, or orders in the State Court's file that have been served on Defendants up to the date of filing this Notice of Removal.

WHEREFORE, Defendants respectfully request that these proceedings, entitled *Ruben Pablo v. ServiceMaster Global Holdings, Inc., et al.*, as Case No. CV082631, now pending in the Superior Court of the State of California for the County of Marin, be removed to this Court.

Dated: August 14, 2008

WINSTON & STRAWN LLP

By: Nicole Friedenberg
Nicole M. Friedenberg
Attorneys For Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC., THE SERVICEMASTER COMPANY, INC., THE TERMINEX INTERNATIONAL COMPANY, L.P., AND TERMINIX INTERNATIONAL, INC.

LA:220607.1

# EXHIBIT A

NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
HERSH & HERSH, A Professional Corporation
601 Van Ness Avenue, 2080 Opera Plaza
San Francisco, CA 94102-6388
Telephone: (415) 441-5544

LAUREN HALLINAN, ESQ., State Bar No. 60646
HALLINAN & WINE
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 621-2400

LORI E. ANDRUS, ESQ., State Bar No. 205816
MICHA STAR LIBERTY, ESQ., State Bar No. 215687
JENNIE LEE ANDERSON, ESQ., State Bar No. 203586
ANDRUS LIBERTY & ANDERSON LLP
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000

*Attorneys for Plaintiffs*

FILED
MAY 30 2008
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

HERSHANDHERSH
A Professional Corporation

PAID $ 320 ON 5/30/08

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF MARIN**

RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,

Plaintiff,

vs.

SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,

Defendants.

Civil Case Number CV 082631

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§17200, *et seq.***

**DEMAND FOR JURY TRIAL**

SUMMONS ISSUED

Plaintiff Ruben Pablo ("Plaintiff") brings this action against Defendants, ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., the Terminix International Company, L.P., Terminix International, Inc., and DOES 1-20 (collectively "Terminix" or "Defendants"), on behalf of himself and all others similarly situated and alleges on information and belief as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and all other similarly-situated Terminix pest inspectors ("Inspectors" or "Class Members") for Terminix's violations of the California Labor Code and for violations of the California Business and Professions Code Section 17200, *et seq*.

2. Although Plaintiff and Class Members regularly worked more than eight hours per day—indeed, as much as ten to fourteen hours per day—Terminix failed to pay or properly record overtime hours worked by Plaintiff and Class Members by unlawfully misclassifying them as employees who are exempt from overtime pay. Terminix also failed to provide meal and rest breaks, pay full wages when due, and reimburse necessary work-related expenses, as required by law.

3. Through his class claims, Plaintiff seeks compensation for all hours worked; all penalties, liquidated damages, and other damages permitted by law; restitution and/or disgorgement of all benefits obtained by Defendants from their unlawful business practices; injunctive and declaratory relief; all other forms of equitable relief permitted by law; and reasonable attorneys' fees and costs.

## VENUE

4. Venue is proper in this Court pursuant to California Code of Civil Procedure Sections 395 and 395.5; Business and Professions Code Section 17203; and California Civil Code Section 1780, because: (a) many of the acts and transactions complained of herein occurred within this County; and (b) Defendants maintain offices, conduct business in this County by providing pest control services, and employ Plaintiff and Class members.

HERSHANDHERSH
A Professional Corporation

**JURISDICTION**

5. This Court has jurisdiction over this action pursuant to California Code of Civil Procedure Section 410.10. Jurisdiction over Defendants is proper because Defendants have purposefully availed themselves of the privilege of conducting business activities in California, including, but not limited to providing pest control services and employing Plaintiff and Class members throughout California. All Class members are California residents, and neither the named Plaintiffs, nor the Class members, individually, have claims that exceed $75,000. Moreover, total damages do not exceed $5 million.

**THE PARTIES**

**Plaintiff**

6. Plaintiff Ruben Pablo is a resident of Solano County, California who worked as an Inspector in Terminix's San Rafael, California branch from approximately August 30, 2005 to July 20, 2006.

**Defendants**

7. Defendant ServiceMaster Global Holdings, Inc. is a Delaware corporation and holding company with its principal offices at 860 Ridge Lake Blvd., Memphis, Tennessee. On or about July 24, 2007, ServiceMaster Global Holdings, Inc., a privately held company, acquired and/or merged with Defendant ServiceMaster Companies, a publicly traded corporation until the merger. Defendant ServiceMaster Global Holdings, Inc. is the successor corporation and/or successor in interest of the ServiceMaster Company and its subsidiaries and business units, which include Defendants the Terminix International Company, L.P. and Terminix International, Inc., described below. ServiceMaster Global Holdings, Inc. continues to operate pest control services through The ServiceMaster Company under its Terminix business unit in California, throughout the United States and internationally.

8. Defendant The ServiceMaster Company ("ServiceMaster") is or was, at all times relevant to the matters herein, either a privately held and or a publicly held corporation operating executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee and

in Downers Grove, Illinois.

9. At all relevant times, ServiceMaster provided outsourcing of pest control services under the brand name "Terminix" to residential and commercial customers through hundreds of company-owned locations in the United States, including a branch office located in San Rafael, California. At all relevant times, ServiceMaster's Terminix unit is or was doing business in California as The Terminix International Company, L.P. and Terminix International Inc.

10. The Terminix International Company, L.P., is a Delaware limited partnership, registered to do business in California, with its executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee. Defendant Terminix International Company, L.P., has at times relevant to the allegations herein, owned, managed and/or operated the Terminix branch in San Rafael, California.

11. Terminix International, Inc. is a Delaware corporation registered to do business in California, with its principal office at 860 Ridge Lake Blvd., Memphis, Tennessee. Defendant Terminix International, Inc., has at times relevant to the allegations contained herein, owned, managed and/or operated the Terminix branch in San Rafael, California.

12. Plaintiff does not know the true names and capacities, whether individual, partners, or corporate, of the Defendants sued herein as DOES 1-20, inclusive, and for that reason sues said Defendants under fictitious names and prays leave to amend the complaint to insert said true names and capacities in the appropriate paragraphs herein, when Plaintiff ascertains said true names and capacities. Plaintiff is informed and believes and thereon alleges that said Defendants and each of them are responsible in whole or in part for Plaintiff's damages as alleged herein.

13. At all relevant times, the Defendants, their employees, agents, successors, and each of them participated in the doing of acts or authorized or ratified the doing of the acts hereinafter alleged to have been done by the named Defendants. Plaintiff is informed and believes and thereon alleges that Defendants and each of them are

responsible for the damages suffered by Plaintiff and all others similarly-situated.

14. Defendants and each of them are covered entities or employers within the meaning of the California Labor Code.

## CLASS ACTION ALLEGATIONS

15. Plaintiff brings this lawsuit for violations of California's wage and hour laws on behalf of himself and all other similarly situated members of the Class, defined below, pursuant to the Code of Civil Procedure Section 382, Civil Code Section 1781 and Business & Professions Code Section 17200. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance and superiority requirements of those provisions. The Class is defined as follows:

> All persons employed by Terminix as Inspectors within the State of California at any time during the period of four years prior to the date of the commencement of this action through the date of final disposition of this action (the "Class Period").

16. Excluded from the Class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and its/their legal representatives, officers, directors, assigns and successors; (2) the judge to whom this case is assigned and any member of the judge's immediate family; (3) non-California residents; and (4) claims for personal injury, wrongful death and emotional distress and claims of consequential property damage and loss.

17. While Plaintiff does not know the exact number of Class Members at this time, the Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, at least 150 persons, and most likely several hundred people, worked for Terminix as Inspectors within the State of California during the Class Period. Although the exact number and identities of Class Members are unknown to Plaintiff at this time, this information is readily ascertainable from Defendants through discovery of its payroll and personnel records.

18. There is a well-defined community of interest among Class Members, and the disposition of the claims of these Class Members in a single action will

provide substantial benefits to all parties and to the Court.

19. Common questions of law and fact predominate over any questions affecting individual Class Members. Questions of law and fact common to members of the Class as a whole include, but are not limited to, the following:

a) Whether Plaintiff and Class Members are employees covered by the wage and overtime provisions of California law;

b) Whether Defendants unlawfully failed to compensate Class Members for all hours worked;

c) Whether Defendants failed to pay Class Members their full wages when due as required by California Labor Code Sections 201, 202, and 204;

d) Whether Defendants failed to pay Class Members "waiting time" penalties for failure to timely pay overtime compensation in violation of the California Labor Code and related regulations, including California Labor Code Section 200, *et seq*., 510, 1174, 1174.5, 1194, and 1197, and California Wage Order No. 4;

e) Whether Defendants unlawfully failed to keep and furnish Class Members with itemized records of hours worked and overtime compensation earned, in violation of California Labor Code Sections 226 and 1174;

f) Whether Defendants' policy and practice of failing to pay Class Members all wages due within the time required by law after their employment ended violates California law;

g) Whether Class members worked overtime hours pursuant to Defendants' uniform policies and practices;

h) Whether Defendants violated Labor Code Section 512 and relevant Wage Orders by failing to provide off-duty meal and rest breaks to Class Members;

i) Whether Defendants violated Labor Code Section 2802 by failing to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of work duties or in obedience to the directions of

Terminix;

j) Whether Defendants' conduct violated the California Unfair Competition Law and/or California Business and Professions Code Section 17200, *et seq.*, as alleged in this Complaint.

20. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex class actions and state labor and employment litigation.

21. Plaintiff's claims are typical of the Class Members' claims. Plaintiff and members of the Class work or have worked for Terminix as Inspectors with similar if not identical job duties. Like other Class Members, Plaintiff was subjected to Defendants' policies and practices of refusing to properly compensate Inspectors for all hours worked at the rates required by law. Like other Class Members, Plaintiff was denied meal and rest periods and reimbursement for all his expenses incurred in direct consequence of the discharge of work duties.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the relatively small size of the individual Class Members' claims, absent a class action, most Class Members would likely find the cost of individually litigating their claims against Defendants to be prohibitive. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

23. The consideration of common questions of fact and law will conserve judicial resources and promote a fair and consistent resolution of these labor code violations.

**FACTUAL ALLEGATIONS**

24. Defendant ServiceMaster is a multi-billion dollar privately held corporation with operations in California, the United States, and internationally. Until on or about July 24, 2007, ServiceMaster was a publicly held corporation listed on the New York

HERSHANDHERSH
A Professional Corporation

Stock Exchange, when ServiceMaster Global Holdings, Inc. and other investors took it private. In the United States, ServiceMaster provides outsourcing services for residential and commercial customers in 10.5 million homes and businesses each year and employs approximately 32,000 people. ServiceMaster branded business units include Terminix, TruGreen, Merry Maids, American Home Shield, InStar Services Group, ServiceMaster Clean, Merry Maids, Furniture Medic, and AmeriSpec. Through its branded business units, ServiceMaster provides a variety of services, including termite and pest control, lawn care and landscape maintenance, home warranties, disaster response and reconstruction, house cleaning, furniture repair, and home inspection.

25. ServiceMaster's Terminix unit provides termite and pest control services to residential and commercial customers. One of the largest termite and pest control companies in the world, it services more than 2.6 million homes and businesses against all types of pests in forty-five states and internationally. In the United States, among its network of over three-hundred and fifty company-owned branches, are approximately fifty-five company-owned branches in California, including the San Rafael Branch, which covered Marin County.

26. The operational standards imposed by Terminix at its various branches, including uniform policies and practices relating to Inspectors' job duties and their compensation scheme, are substantially similar, if not identical, at each Terminix branch in California. Every branch provides similar pest control services to customers who call requesting inspections; offers free initial inspections, unlimited re-inspections customers, renewal inspections; and conducts inspections for real estate professionals, homebuyers or sellers.

27. Pursuant to Terminix's uniform policies and practices, Inspectors consistently work in excess of eight hours a day and in some cases ten to fourteen hours per day during the regular workweek, plus additional hours one Saturday per month and one evening per week. Plaintiff Ruben Pablo, for example, worked on average fifty to seventy hours per week throughout his employment at Terminix.

HERSHANDHERSH
A Professional Corporation

28. Further, as a result of Terminix's uniform policies and practices, Inspectors who worked more than five hours in a workday were routinely denied an off-duty meal break of at least thirty minutes, and Inspectors who worked more than three and one-half hours in a workday were regularly denied rest period of ten minutes or more for every four hours worked.

29. Inspectors devote the majority of their work time conducting pest inspections, pursuant to Terminix's uniform operational standards. For each inspection they conduct, Inspectors spend no more than 20% of their time discussing purchase of Terminix services and completing sales contracts with customers. As described further in the example below, approximately 80% or more of inspectors' time on site is spent conducting the inspection, as required by Terminix's policies.

30. In addition, Inspectors are required to spend a significant portion of their time conducting subsequent re-inspections and renewal inspections for existing customers, as well as providing home sale inspection services, certificates and clearances.

31. Terminix also requires Inspectors to prepare reports, including reports mandated by the California Structural Pest Control Board, and/or drive significant distances to and from their appointed sites each day in their personal vehicles. The geographical areas Terminix requires its inspectors to cover are as large as 580 square miles or more.

32. In addition, Inspectors are required to report to their home branches daily, attend meetings with managers and coworkers, retrieve and respond to messages, review their assigned schedule of daily inspection locations, and prepare supplies and materials for their workday.

33. Pursuant to Terminix's uniform policies and practices, Inspectors do not set most of their own appointments or schedule inspections. Inspectors have no authority to decide what inspections to conduct or when. Rather, Terminix controls scheduling and assignments; its non-inspector employees make the inspection appointments and create a daily inspection schedule for each Inspector.

34. Before setting out for their first inspection of the day, Terminix requires Inspectors report to their branch office to prepare for their appointments by collecting, assembling and organizing the materials and equipment required for pest inspections, including various documents, forms, a codebook, protective gloves and booties, flashlight, knee pads, coveralls, hand tools, first aid kit, ladder, measuring wheel, and other necessary items and by checking that all equipment is in proper working condition.

35. At each site inspection Terminix policy requires Inspector to complete all or some of the following:

a) View and access all areas outside and inside the structure, including the complete exterior, sub-areas, crawlspaces, decks and patios, abutments, ventilation ducts, all interiors rooms, foundations attics, porches, steps, garages and carports, and outbuildings;

b) Complete the wells and waterway checklist if applicable;

c) Take complete, accurate measurements of the structure and determine square and cubic footage;

d) Draft a diagram to scale on graph paper of the floor plan and surrounding area;

e) Inspect all accessible areas for general pests, such as rodents and ants and or wood destroying organisms, fungus, dry rot, excessive moisture and wood to earth contacts;

f) Identify types of pests or wood destroying organisms and conditions;

g) Locate, assess, and quantify the extent of infestation and pest damage;

h) Identify structural areas vulnerable to future pest infestation and damage;

i) Determine suitable methods to eradicate pests and methods to

HERSHANDHERSH
A Professional Corporation

repair structural elements;

j) Determine and assess the need for continued preventative pest control services;

k) If there are wood-destroying organisms, record findings on a diagram: locations of pest infestation, type of organisms discovered, damage and problems;

l) Record roof type and structural materials on the diagram sheet;

m) Write, in draft, statements describing locations of visible damage;

n) If there are wood-destroying organisms, draft forms and reports, such as "Survey of Conditions Favorable to Termite and Pest Infestations," and "Report Work Sheet."

o) Record and describe conditions considered likely to lead to future pest infestations or infections such as excessive moisture, earth-to-wood contact, and faulty grade levels and potential areas for treatment or repair;

p) Determine treatment recommendations and or specifications,

q) If there are termites, prepare termicide calculation worksheet;

r) Prepare additional forms if fumigation may be required, such as "Fumigation of Connecting Structures," "Occupant's Fumigation Notice and Pesticide Disclosure," and "Occupant's Fumigation Notice for Vikane Addendum;" and

s) Fill in contract and terms for pest control service based on Terminix-set prices;

36. Inspections require on average two hours or more to complete.

37. Inspectors' contact with homeowners is limited to approximately 20% or less of their time onsite and consists of explaining their findings and presenting a uniform contract for termite or other pest control services, such as the "California Subterranean Termite Plan & Agreement" or "California Drywood Termite Plan and Agreement". When an inspection involves a large or complicated structure and/or one with

HERSHANDHERSH
A Professional Corporation

extensive problems, however, a supervisor often takes over and presents pricing based on the Inspector's recommendations.

38. In addition to conducting inspections and completing on site paperwork, Terminix requires Inspectors conducting structural inspections to spend several additional hours a day preparing detailed reports for the California Structural Pest Control Board. Reports must be submitted to the Board within ten days of the inspection, and Terminix policies and practices require the Inspector to complete the reports for each structural inspection and submit them the following day at the Terminix office. Preparing a final inspection report consistent with Terminix operational standards takes approximately 45 minutes to an hour. In addition Inspectors completing the reports are required to create a final diagram of the structure on graph paper, which shows inspected areas, locations of infestation, and inaccessible areas.

39. Terminix also requires Inspectors to prepare any Notice of Cancellation and conduct cold calls and call-backs from the branch office to potential customers.

40. Because inspectors are generally assigned at least three inspections a day, inspectors are often required to skip meal and rest breaks and are required to work in excess of eight hours a day on a regular basis as a consequence of the policies and job requirements imposed by Terminix.

41. That Inspectors spend the majority of their time conducting inspections and not conducting outside sales is consistent with Terminix's reasonable expectations, because Inspectors are merely complying with Terminix's uniform operational standards and policies in doing so.

42. Furthermore, the primary job training Terminix requires for inspectors focuses on conducting inspections and acquisition of pest control knowledge and expertise. All Terminix Inspectors must be licensed by the State of California, which requires a written examination. Additionally, Terminix requires Inspectors to complete continuing education courses to maintain their licenses. By contrast, Terminix does not

HERSHANDHERSH
A Professional Corporation

require newly hired inspectors to have prior sales experience. Comparatively, Terminix does not provide much sales training for its inspectors beyond a self-help manual and a one-day annual sales conference. Although all Inspectors spend the vast majority of their time engaged in pest inspection activities rather than sales activities, Terminix unlawfully misclassified Plaintiff and other similarly situated Inspectors as exempt "outside salesmen," who had no right to overtime pay. By so doing, Terminix required, encouraged, and/or permitted overtime work by Plaintiff and members of the Class and failed to pay any overtime compensation for all such work in violation of California law.

43. Terminix also failed and refused to indemnify Plaintiff and Class Members for their expenses and losses incurred and required in direct consequence of the discharge their duties or at the direction of Defendants, including but not limited to expenses and losses associated with paying for the cost of vehicle expenses, including the full amount of expenditures for gas, oil and maintenance incurred during travel to and from customer locations, as well as supplies such as batteries or other incidentals related to discharge of duties for Defendants.

**FIRST CLAIM FOR RELIEF**

**(Failure to Pay Overtime Cal. Wage Order No. 4; Cal. Labor Code §§510, 1194, 1197)**

44. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

45. California law, including Wage Order 4 of the California Industrial Welfare Commission (hereafter "Wage Order"), and the California Labor Code Sections 510, 1194, and 1197, requires Defendants to pay at least the legal minimum wage for all hours actually worked, and to pay overtime compensation to all non-exempt employees for all hours worked over forty (40) per week, or over eight per day.

46. Plaintiff and Class Members are non-exempt employees and are entitled to be paid proper compensation for all hours worked, including overtime hours worked.

HERSHANDHERSH
A Professional Corporation

47. Throughout the California Class Period, Defendants did not compensate the Plaintiff or Class Members for time worked, including but not limited to compensation for all hours worked over forty (40) per week or over eight per day in carrying out their duties as pest inspectors.

48. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked and for overtime hours worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

## SECOND CLAIM FOR RELIEF

**(Failure to Pay Full Wages When Due Under Labor Code §200 *et seq*., §§1194, 1198, 1199)**

49. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

50. By failing to compensate Plaintiff and Class members for all time worked, Defendants have and continue to violate Labor Code Section 204, which requires employers, including Defendants, to pay their employees their full wages when due.

51. Plaintiff and many Class Members are no longer working for Defendants. By failing to compensate Class Members as required by California law at any time during the Class Period, Defendants also have willfully failed to make timely payment of the full wages due to Inspectors who quit or have been discharged, and thereby have violated Labor Code Sections 201 and 202.

52. Pursuant to Labor Code Section 1194, Plaintiff and Class Members are entitled to recover from Defendants all unpaid wages to which they are entitled, plus pre- and post-judgment interest thereon and reasonable attorneys' fees and costs incurred in prosecuting this action.

53. Pursuant to Labor Code Section 203, those Class members whose

employment with Defendants has terminated are also entitled to recover waiting time penalties.

**THIRD CLAIM FOR RELIEF**
**(California Record-Keeping Provisions, Cal. Labor Code §§226, 1174, 1174.5, Cal Wage Order No. 4)**

54. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully alleged herein.

55. Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and the Class as required by Labor Code Section 226(a) and the IWC Wage Order. Such failure caused injury to the Plaintiff and Class Members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendants have failed to maintain records of hours worked by Plaintiff and Class Members as required under Labor Code Section 1174(d).

56. Plaintiffs are not "exempt" employees under the California Labor Code or Wage Order 4.

57. Plaintiff and the Class are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code Sections 226(a) and 1174(d), and further seek all actual and statutory damages available for these violations under Labor Code Sections 226(e) and 1174.5.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Provide Meal & Rest Breaks in Violation of Cal. Labor Code §512 & §226.7)**

58. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

59. At all material times, the Plaintiff and Class Members were compelled to work longer than eight (8) hours per day and were deprived of lunch breaks

HERSHANDHERSH
A Professional Corporation

under California Labor Code Section 512, and rest breaks, in violation of California Labor Code Section 226.7.

60. Plaintiff and Class Members are not "exempt" employees under the California Labor Code or Wage Order 4.

61. Terminix knew or should have known that Class Members were working without lunch and rest breaks and were not compensated for this time. Terminix's failure to compensate the Plaintiff for rest and lunch breaks was systematic, willful, knowing and intentional.

62. Plaintiff and Class Members have been damaged by Defendants' intentional and knowing refusal to compensate them for work performed during their rest and lunch breaks and seek compensation and penalties for all missed breaks in accordance with California Labor Code Section 226.7, along with appropriate damages, injunctive relief and attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**
**(Failure to Indemnify For Necessary Expenditures and Losses Incurred In Violation of Cal. Labor Code § 2802)**

63. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

64. Plaintiff and Class Members incurred expenditures and losses as a direct consequence of the discharge of their job duties as Terminix Inspectors for which they were not indemnified. Plaintiff and Class members were not reimbursed for all out of pocket expenses such as gasoline purchases necessary to travel to the on-site inspections to which they were assigned. These expenditures were made at the direction of Terminix and Plaintiff and Class Members were not reimbursed for these costs.

65. California Labor Code Section 2802 provides for reimbursement of such expenditures and losses, plus interest from the date the expense was incurred. Reimbursement of "necessary expenditures or losses" also includes all reasonable costs,

HERSHANDHERSH
A Professional Corporation

including, but not limited to, attorneys' fees incurred by the employees enforcing the rights granted by section 2802.

## SIXTH CLAIM FOR RELIEF

**(California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*)**

66. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

67. The conduct of Defendants, as alleged herein, violates the California Unfair Competition Law ("UCL"), California Business and Professions Code Section 17200, *et seq*.

68. Plaintiff alleges that the unfair and unlawful business practices complained of herein are and were the regular business practice of Defendants.

69. Through Defendants' failures to pay legally required wages, including overtime wages, to provide itemized statements of hours worked with payments of wages, to pay wages when due, and other conduct alleged herein, Defendants have violated numerous specific provisions of state and federal law and has engaged in, and continues to engage in, unlawful and unfair business practices in violation of the UCL, depriving Plaintiff and Class members of rights, benefits, and privileges guaranteed to all employees under law, and has caused Plaintiff and Class members to suffer injury in fact and to lose money.

70. Plaintiff is informed and believes, and based upon such information and belief alleges, that by engaging in the unfair and unlawful business practices complained of herein, Defendants were able to lower their labor costs and thereby to obtain a competitive advantage over law-abiding employers with which it competes.

71. The harm to Plaintiff and the Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendants' policies or practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of the UCL.

72. California Business and Professions Code Section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for Defendants to continue to retain the property of Plaintiff and Class Members, entitling Plaintiff and Class Members to restitution of the unfair benefits obtained and disgorgement of Defendants' ill-gotten gains. Plaintiff seeks restitution of all unpaid wages owing to him and to members of the Class, according to proof, as well as all other available equitable relief.

73. Injunctive relief pursuant to California Business and Professions Code Section 17203 is necessary to prevent Defendants from continuing to engage in unfair business practices as alleged in this Complaint. Defendants and/or persons acting in concert with Defendants have done, are now doing, and will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless restrained and enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiff has no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following: (a) it is difficult to measure the amount of monetary damages that would compensate Plaintiff for Defendants' wrongful acts; and (b) in any event, pecuniary compensation alone would not afford adequate and complete relief. The continuing violation of law by Defendants will cause great and irreparable damage to Plaintiff and others similarly situated unless Defendants are immediately restrained from committing further illegal acts.

74. Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action. Therefore Plaintiff, on behalf of himself Class members, seek recovery of attorneys' fees and costs of this action to be paid by Defendants, as provided by the UCL and California Labor Code Section 218, 218.5, and 1194, and California Code of Civil Procedure Section 1021.5.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and all Class Members, prays for

HERSHANDHERSH
A Professional Corporation

relief as follows:

A. Certification of this action as a class action on behalf of the proposed Class;

B. Designation of Plaintiff as Representative of the Class;

C. Designation of Plaintiff's counsel as Class Counsel;

D. A declaratory judgment that the policies practices complained of herein are unlawful under the laws of California;

E. Appropriate equitable and injunctive relief to remedy Defendants' violations of the laws of California, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful policies and practices;

F. An award of damages, statutory penalties, and restitution to be paid by Defendants according to proof;

G. Pre-Judgment and Post-Judgment interest, as provided by law;

H. Such other injunctive and equitable relief as the Court may deem just and proper; and

I. Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code Section 218.5 and 1194, California Code Civil Procedure Section 1021.5, and other applicable laws.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands, on behalf of himself and the Class, a jury trial on all causes of action and claims to which a right to jury trial exists.

DATED: May 16, 2008.

HALLINAN & WINE

By ______________________
LAUREN HALLINAN
Attorneys for Plaintiff

HERSHANDHERSH
A Professional Corporation

# EXHIBIT B

Amanda C. Sommerfeld (SBN: 185052)
asommerf@winston.com
Jennifer Rappoport (SBN: 210879)
jrappoport@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINEX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINEX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF JOSEPH A. KROCK, PH.D IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL** |

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# DECLARATION OF JOSEPH A. KROCK, PH.D.

I, Joseph A. Krock, Ph.D. declare as follows.

1. I have personal knowledge of the facts set forth below, and if called as a witness, could and would testify competently thereto, under oath. I am an economist and Vice President at Micronomics, Inc., ("Micronomics") an economic research and consulting firm with offices in Los Angeles, California. Micronomics has been retained in connection with various types of employment litigation, including wage and hour actions, discrimination, wrongful termination, personal injury and wrongful death matters, efficiency analysis, and employment cases in which class certification and economic damages were at issue.

2. I earned Master and Doctorate Degrees in Economics from the University of Chicago, and I earned a Bachelor Degree in Economics-Mathematics from the University of California, Santa Barbara. I also have served as a lecturer in Economic Theory at the University of Chicago.

3. Detailed biographical information is attached at Exhibit 1. I lead the labor and employment practice at Micronomics, and I have been engaged in a number of matters involving labor and employment issues. I have been designated as an expert witness in approximately 10 cases in state and federal district courts in California and New Jersey and I have been retained as an expert approximately 20 cases in state and federal courts in California, Oregon and New Jersey. I have testified as an expert witness in depositions in several cases pending in the state and federal courts in California.

4. I have been retained by Defendant Terminix International Company, L.P. (the "Company") to provide economic and statistical consulting services related to this putative class action. I have been assisted by Micronomics staff in the preparation of this declaration.

5. I have been provided with the declaration of Lynne Cummings. Ms. Cummings has in fact provided me with payroll and employment data in electronic form pertaining to all of the Company's employees who have held an "Inspector" position in California since July 1, 2004.

6. I have been provided with a copy of the Complaint in the matter entitled *Ruben Pablo v. ServiceMaster Global Holdings, Inc., et al.* Among other allegations in the Complaint Plaintiffs allege that the Company failed to pay overtime wages for all overtime hours worked. The complaint alleges that "Plaintiff and Class Members regularly worked more than eight hours per day – indeed, as much as ten to fourteen hours per day."

7. I estimated the potential amount of unpaid overtime the Company would face if the above-mentioned allegation is true. Aggregate exposure for this allegation totals $18,216,206, not including interest or costs. I set forth below a detailed summary of the calculation I performed.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Calculation Methodology

8. I reviewed the employment data provided by Ms. Cummings. These data include position and pay rate information, as well as hire and termination dates, from July 1, 2004 through June 30, 2008. Plaintiffs identify the class as "All persons employed by Terminix as Inspectors within the State of California at any time during the period of four years prior to the date of the commencement of this action through the date of final disposition of this action." I reviewed the job titles and identified six positions which appear to meet the definition of Plaintiff's class. A list of the positions identified is attached at Exhibit 2.

9. Using the class definition above, I determined that 1,056 employees meet the class definition.

10. I understand that the Company pays its hourly employees on a weekly basis. During the period of July 1, 2004 through June 30, 2008, the period for which I have employment data, there were 208 individual pay periods. I assumed that every

employee worked a 5-day work week for a maximum of approximately 1040 work days per employee. It is possible that my damages estimation understates damages because the actual putative class period extends from May 30, 2004 to the present, while my calculations only cover the period from July 1, 2004 to June 30, 2008.

11. To the extent possible, I identified position changes, terminations, leaves of absence or other job-related matters, and omitted any time for which an individual was not in a class position. The average number of days worked for the entire class period was 395, or approximately 1.1 years.

12. To calculate damages, I have assumed that Plaintiff's allegations are true and that the putative class members worked 10 hours of overtime per week. I have not performed any analysis to determine whether Plaintiff's allegations are true.

13. Three pieces of information are necessary to estimate aggregate unpaid wages for the class: 1) number of weeks worked by the class, 2) average wage paid to the class during the class period, and 3) the average number of unpaid overtime hours. As previously stated, I have assumed Plaintiff's allegations are true and the class members worked an average of 10 hours of overtime per week.

14. I reviewed the employment data of the putative class members and determined that the class worked a total of 59,606 weeks during the class period.

15. I was provided with monthly gross pay for the putative class members during the class period. Aggregate gross compensation for the class members during the class period totaled $62,271,182. Assuming the class members worked standard 40 hour work weeks during months in which the class member received compensation, I estimated the total number of hours worked by the class at 3,056,387. I divided aggregate gross income by total hours which results in an average hourly wage for the class of $20.37.

16. Multiplying these three elements and a 1.5 overtime premium multiplier, I estimated the potential total overtime of $18,216,206 (59,606 work weeks x 10 overtime hours per week x $20.37 per hour x 1.5).

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on August 14, 2008, in Los Angeles, California.

Joseph A. Krock, Ph.D

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT C

Amanda C. Sommerfeld (SBN: 185052)
asommerf@winston.com
Jennifer Rappoport (SBN: 210879)
jrappoport@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINEX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,

Plaintiff,

v.

SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINEX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,

Defendants.

Case No.

**DECLARATION OF LYNNE CUMMINGS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL**

## DECLARATION OF LYNNE CUMMINGS

I, Lynne Cummings declare as follows.

1. I am employed by ServiceMaster Holding Corporation as the Director HRIS I have personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently thereto, under oath.

2. At the request of the Company's litigation counsel, I have provided to Joseph A. Krock, Ph.D and Micronomics electronically maintained payroll data for all employees of the Company in California from July 1, 2004 through June 1, 2008.

3. This payroll data includes each employee's name, job position, social security number, date of hire, termination date (where applicable), and hourly rate of pay from July 1, 2004 through June 30, 2008. Included within this data are employment records for all California employees who worked in an "inspector" position for the Company during this time period. There are approximately 1,056 employees who were classified as "Inspectors" during this time period.

4. This payroll data is entered and stored on the Company's computer systems in the ordinary course and scope of the Company's business. Each of the payroll entries are automatically downloaded and stored in the Company's computerized payroll system(s) at or near the end of each payroll cycle.

5. Hourly employees at the Company are paid weekly on Friday of each week.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and that this declaration was executed on August 14, 2008, in Memphis, Tennessee.

Lynne Cummings

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

# EXHIBIT D

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

MAY 30 2008

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

**NOTICE TO DEFENDANT**
***(AVISO AL DEMANDADO):***
SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive

[X] DOES 1 TO 20

**YOU ARE BEING SUED BY PLAINTIFF**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

CASE NUMBER: (Número del Caso): CV 082631

The name and address of the court is:
*(El nombre y dirección de a corte es):*
MARIN SUPERIOR COURT
Hall of Justice
3501 Civic Center Drive
San Rafael, CA 94903

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

| | CALIFORNIA STATE BAR NO.: | TELEPHONE NO.: | FACSIMILE NO.: |
|---|---|---|---|
| NANCY HERSH, ESQ. | 49091 | (415) 441-5544 | |

HERSH & HERSH, A Professional Corp.
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6396

DATE: *(Fecha)* MAY 30 2008 KIM TURNER Clerk, by *(Secretario)* J. DALE, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:



FILED
MAY 30 2008
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

SUPERIOR COURT OF CALIFORNIA
County of Marin
P.O. Box 4988
San Rafael, CA 94913-4988

| | |
|---|---|
| PLAINTIFF: Ruben Pablo<br>vs.<br>DEFENDANT: Servicemaster Global Holdings, Inc.; et.al. | CASE NO. CV082631<br>NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL) |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge Ritchie, Department E. This assignment is for all purposes.

MCSC Civil Rule 1.18 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.18 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

      Hearing on Failure to File Proof of Service 8/8/08 9:00 A.M.

      Hearing on Failure to Answer 9/8/08 9:00 A.M.

   b. Appear for a Case Management Conference on 10/20/08 9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. **(A $49.00 sanction will be charged for late filing of a statement.)**

   **Case Management Statement must be filed by** 10/3/08

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

SUPERIOR COURT OF CALIFORNIA
County of Marin
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

## NOTICE TO PLAINTIFFS

## CIVIL TRIAL DELAY REDUCTION PROGRAM REQUIRES PROCEDURES AND TIME LINES TO BE MET

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the Imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

**You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.**

**Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and telephone #)*:<br><br>STATE BAR NO:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN**<br>3501 Civic Center Drive<br>P. O. Box 4988<br>San Rafael, CA 94913-4988 | |
| **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.

Dated ____________ Attorney For ____________

Dated ____________ Attorney For ____________

CV002 STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS Rev. 6/06

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: TELEPHONE NO.: FAX NO. *(Optional)*: E-MAIL ADDRESS *(Optional)*: ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STREET ADDRESS: MAILING ADDRESS: CITY AND ZIP CODE: BRANCH NAME: | |
| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | |
| EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE | CASE NUMBER: |
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE: DEPT.: TIME: |

1. Applicant *(name)*:
   is
   a. ☐ plaintiff
   b. ☐ cross-complainant
   c. ☐ petitioner
   d. ☐ defendant
   e. ☐ cross-defendant
   f. ☐ respondent
   g. ☐ other *(describe)*:

2. The complaint or other initial pleading in this action was filed on *(date)*:

3. Applicant requests that the court grant an order extending time for service of the following pleading:
   a. ☐ Complaint
   b. ☐ Cross-complaint
   c. ☐ Petition
   d. ☐ Answer or other responsive pleading
   e. ☐ Other *(describe)*:

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date)*:

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
   a. ☐ None
   b. ☐ The following *(describe all, including the length of any previous extensions)*:

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each)*:

Form Approved for Optional Use
Judicial Council of California
CM-020 [Rev. January 1, 2008]

EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ORDERS

Cal. Rules of Court, rules 3.110, 3.1200–3.1207
www.courtinfo.ca.gov

CM-020

| CASE NAME: | CASE NUMBER: |
|---|---|

7. The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

☐ Continued on Attachment 7.

8. An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9. If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date)*:

10. Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons)*:

☐ Continued on Attachment 10.

11. Number of pages attached: ____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

______________________________ ▶ ______________________________

(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT) (SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

**Order on Application is ☐ below ☐ on a separate document.**

## ORDER

1. The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.
2. The pleading must be served and filed no later than *(date)*:
3. ☐ The case management conference is rescheduled to:
   a. Date:
   b. Time:
   c. Place:
4. Other orders:
5. A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

______________________________

JUDICIAL OFFICER

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| CASE MANAGEMENT STATEMENT<br>(Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | CASE NUMBER: |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court, rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10\. d. The party or parties are willing to participate in *(check all that apply)*:

- (1) ☐ Mediation
- (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
- (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
- (4) ☐ Binding judicial arbitration
- (5) ☐ Binding private arbitration
- (6) ☐ Neutral case evaluation
- (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
   Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

______________________________ ▶ ______________________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

______________________________ ▶ ______________________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: TELEPHONE NO.: FAX NO. *(Optional)*: E-MAIL ADDRESS *(Optional)*: ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
| --- | --- |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STREET ADDRESS: MAILING ADDRESS: CITY AND ZIP CODE: BRANCH NAME: | |
| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | |
| NOTICE OF STAY OF PROCEEDINGS | CASE NUMBER: JUDGE: DEPT.: |

**To the court and to all parties:**

1. Declarant *(name)*:
   a. ☐ is ☐ the party ☐ the attorney for the party who requested or caused the stay.
   b. ☐ is ☐ the plaintiff or petitioner ☐ the attorney for the plaintiff or petitioner. The party who requested the stay has not appeared in this case or is not subject to the jurisdiction of this court.

2. This case is stayed as follows:
   a. ☐ With regard to all parties.
   b. ☐ With regard to the following parties *(specify by name and party designation)*:

3. Reason for the stay:
   a. ☐ Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number, debtor, and petitioners.)*
   b. ☐ Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*
   c. ☐ Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing arbitration.)*
   d. ☐ Arbitration of attorney fees and costs under Business and Professions Code section 6201. *(Attach a copy of the client's request for arbitration showing filing and service.)*
   e. ☐ Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_______________________________ ▶ _______________________________
(TYPE OR PRINT NAME OF DECLARANT) (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar number, and address*): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. (*Optional*): | |
| E-MAIL ADDRESS (*Optional*): | |
| ATTORNEY FOR (*Name*): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | DEPT.: |
| NOTICE OF TERMINATION OR MODIFICATION OF STAY | JUDICIAL OFFICER: |

**To the court and all parties:**

1. A *Notice of Stay of Proceedings* was filed in this matter on *(date)*:

2. Declarant named below is
   a. ☐ the party ☐ the attorney for the party who requested or caused the stay.
   b. ☐ other *(describe)*:

3. ☐ The stay described in the above referenced *Notice of Stay of Proceedings*
   a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*
   b. ☐ is no longer in effect.

4. ☐ The stay has been modified *(describe)*:

5. The stay has been vacated, is no longer in effect, or has been modified
   a. ☐ with regard to all parties.
   b. ☐ with regard to the following parties *(specify by name and party designation)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME OF DECLARANT) ▶ (SIGNATURE OF DECLARANT)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-181 [Rev. January 1, 2007]

NOTICE OF TERMINATION OR MODIFICATION OF STAY

Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-181

| PLAINTIFF: | CASE NUMBER: |
| --- | --- |
| DEFENDANT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL

### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the* Notice of Termination or Modification of Stay *if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
   - a. ☐ deposited the sealed envelope with the United States Postal Service.
   - b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Termination or Modification of Stay* was mailed:
   - a. on *(date):*
   - b. from *(city and state):*

4. The envelope was addressed and mailed as follows:
   - a. Name of person served:
     Street address:
     City:
     State and zip code:
   - b. Name of person served:
     Street address:
     City:
     State and zip code:
   - c. Name of person served:
     Street address:
     City:
     State and zip code:
   - d. Name of person served:
     Street address:
     City:
     State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

| _______________________________ | ▶ _______________________________ |
| --- | --- |
| (TYPE OR PRINT NAME OF DECLARANT) | (SIGNATURE OF DECLARANT) |

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br><br>TELEPHONE NO.: FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| NOTICE OF SETTLEMENT OF ENTIRE CASE | CASE NUMBER:<br><br>JUDGE:<br>DEPT.: |

**NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF**

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is **unconditional.** You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is **conditional.** Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

**To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:**

1. This entire case has been settled. The settlement is:
   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement. Date of settlement:
   b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date)*:

2. Date initial pleading filed:

3. Next scheduled hearing or conference:
   a. Purpose:
   b. ☐ (1) Date:
   (2) Time:
   (3) Department:

4. Trial date:
   a. ☐ No trial date set.
   b. ☐ (1) Date:
   (2) Time:
   (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) ▶ (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [Rev. January 1, 2007]

NOTICE OF SETTLEMENT OF ENTIRE CASE

Cal. Rules of Court, rule 3.1385
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

CM-200

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the* **Notice of Settlement of Entire Case** *if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

2. I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one)*:
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Settlement of Entire Case* was mailed:
   a. on *(date)*:
   b. from *(city and state)*:

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

   ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5. Number of pages attached ______.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

____________________________ ▶ ____________________________
(TYPE OR PRINT NAME OF DECLARANT) (SIGNATURE OF DECLARANT)




ADR-100

| MEDIATOR *(Name and Address)*: TELEPHONE NO.: FAX NO. *(Optional)*: E-MAIL ADDRESS *(Optional)*: | *FOR COURT USE ONLY* |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| CASE NAME: | |
| STATEMENT OF AGREEMENT OR NONAGREEMENT<br>☐ First ☐ Supplemental | CASE NUMBER: |

**NOTE: This form must be used by mediators in the Civil Action Mediation Program (Code Civ. Proc., § 1775 et seq.) and in the Early Mediation Pilot Program (Code Civ. Proc., § 1730 et seq.).**

1. This case was filed on *(date if known)*:

2. I was selected as the mediator in this matter on *(date)*:

3. Mediation *(check one)*:
   a. ☐ did not take place.
      (1) ☐ A party who was ordered to appear at the mediation did not appear.
      (2) ☐ Other reason *(please specify without disclosing any confidential information)*:

   b. ☐ took place on *(date or dates)*:
      and lasted a total of ____________ hours.

4. ☐ The mediation has not ended. I submit this form to comply with the court's requirement to do so by a specified date.

5. The mediation ended *(check one)*:
   a. ☐ in full agreement by all parties on *(date)*:
   b. ☐ in partial agreement
      (1) ☐ in full agreement as to the following parties:
      on *(date)*:
      (2) ☐ in full agreement as to limited issues on *(date)*:
   c. ☐ in nonagreement.

Date:

_______________________________ (TYPE OR PRINT NAME)

▶ _______________________________ (SIGNATURE OF MEDIATOR)

**NOTE: Within 10 days of the conclusion of the mediation or, when applicable, by the deadline set by the court, the mediator must serve a copy of this statement on all parties and file the original, with proof of service, with the court clerk. The proof of service on the back of this form may be used.**

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. January 1, 2003]

STATEMENT OF AGREEMENT OR NONAGREEMENT

Code of Civil Procedure, §§ 1739, 1775.9

American LegalNet, Inc.
www.USCourtForms.com

| CASE NAME: | CASE NUMBER: |
|---|---|
| | |

## PROOF OF SERVICE

☐ Mail ☐ Personal Service

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is *(specify)*:

3. I mailed or personally delivered a copy of the *Statement of Agreement or Nonagreement* as follows *(complete either a or b)*:
   a. ☐ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope and
         (a) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) ☐ **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served:
         (b) Address on envelope:
         (c) Date of mailing:
         (d) Place of mailing *(city and state)*:
   b. ☐ **Personal delivery.** I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:
      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(TYPE OR PRINT NAME) ▶ (SIGNATURE OF DECLARANT)

NAME OF COURT:

# ADR Information Form

*This form should be filled out and returned, within 10 days of the resolution of the dispute, to:*

1. Case name: ______ No. ______
2. Type of civil case: ☐ PI/PD-Auto ☐ PI/PD-Other ☐ Contract ☐ Other *(specify)*: ______
3. Date complaint filed ______ Date case resolved ______
4. Date of ADR conference ______ 5. Number of parties ______
6. Amount in controversy ☐ $0–$25,000 ☐ $25,000–$50,000 ☐ $50,000–$100,000 ☐ over $100,000 *(specify)*: ______
7. ☐ Plaintiff's Attorney ☐ Cross Complainant's Attorney

   NAME

   ADDRESS

   ( ) TELEPHONE NUMBER

8. ☐ Defendant's Attorney ☐ Cross Defendant's Attorney

   NAME

   ADDRESS

   ( ) TELEPHONE NUMBER

9. Please indicate your relationship to the case:

   ☐ Plaintiff ☐ Plaintiff's attorney ☐ Defendant ☐ Defendant's attorney
   ☐ 3rd party defendant ☐ 3rd party defendant's attorney ☐ Other *(specify)*: ______

10. Dispute resolution process:

    ☐ Mediation ☐ Arbitration ☐ Neutral case evaluation ☐ Other *(specify)*: ______

11. How was case resolved?

    a. ☐ As a direct result of the ADR process.
    b. ☐ As an indirect result of the ADR process.
    c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.

    ☐ $0 ☐ $250 ☐ $500 ☐ $750 ☐ $1,000 ☐ more than $1,000 *(specify)*: $ ______

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:

    ☐ $0 ☐ $250 ☐ $500 ☐ $750 ☐ $1,000 ☐ more than $1,000 *(specify)*: $ ______

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:

    ☐ 0 ☐ 1 day ☐ more than 1 day *(specify)*: ______

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:

    ☐ 0 ☐ 1 day ☐ more than 1 day *(specify)*: ______

16. Would you be willing to consider using this dispute resolution process again? ☐ Yes ☐ No

Form Adopted by the Judicial Council of California ADR-101 [New March 1, 1994]

ADR INFORMATION FORM

American LegalNet, Inc. www.USCourtForms.com

# EXHIBIT 3

COPY

Amanda C. Sommerfeld (SBN: 185052)
asommerf@winston.com
Jennifer Rappoport (SBN: 210879)
jrappoport@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINEX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

FILED
AUG 14 2008
KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: S. Bond, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF MARIN**

RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,

Plaintiff,

v.

SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINEX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,

Defendants.

**Civil Case No. CV-082631**

**PROOF OF SERVICE**

WINSTON & STRAWN LLP

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 101 California, 39th Floor, San Francisco, California. On August 14, 2008, I served the following documents:

**NOTICE TO THE CLERK OF THE SUPERIOR COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

**NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

(X) By mail, by placing said document(s) in an envelope addressed as indicated below. I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Said correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing on the date stated below to the addressee stated below, following the firm's ordinary business practices.

( ) By facsimile transmission to the individual and facsimile number set forth below. I caused the document(s) to be transmitted by facsimile machine to the addresses listed below at the facsimile number listed below. I am readily familiar with my firm's practice for transmissions by facsimile. Said transmissions are sent as soon as possible and are repeated, if necessary, until they are reported as complete and without error. In sending the above-described document by facsimile, I followed the firm's ordinary business practices

( ) By overnight delivery by enclosing a true and correct copy of said document(s) in a Federal Express envelope(s) addressed as set forth below. The envelope(s) was (were) sealed and deposited with Federal Express that same day in the ordinary course of business at San Francisco, California.

Nancy Hersh, Esq.
Mark E. Burton, Jr., Esq.
Hersh & Hersh, P.C.
601 Van Ness Avenue
2080 Opera Plaza
San Francisco, CA 94102

Lauren Hallinan, Esq.
Hallinan & Wine
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

Lori E. Andrus, Esq:
Micha S. Liberty, Esq.
Jennie L. Anderson, Esq.
Andrus Liberty & Anderson LLP
1438 Market Street
San Francisco, CA 94102

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on August 14, 2008.

Angela C. Johnson

SF:213524.1

# EXHIBIT 4

ORIGINAL FILED 08 AUG 14 PM 2:19 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

RUBEN PABLO,

Plaintiff (s),

v.

SERVICEMASTER GLOBAL,

Defendant(s).

No. C 08-03894 SI

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

IT IS HEREBY ORDERED that this action is assigned to the Honorable Susan Illston. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

IT IS FURTHER ORDERED that plaintiff or removing defendant serve upon all parties the brochure entitled "Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California," additional copies of which can be downloaded from the following Internet site: http://www.cand.uscourts.gov.

**CASE SCHEDULE -ADR MULTI-OPTION PROGRAM**

| Date | Event | Governing Rule |
|---|---|---|
| 8/14/2008 | Notice of removal filed | |
| 10/31/2008 | *Last day to: | |
| | • meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (b) & ADR L.R. 3-5(b) |
| | • file either Stipulation to ADR Process or Notice of Need for ADR Phone Conference (form available at http://www.cand.uscourts.gov) | Civil L.R. 16-8 (c) & ADR L.R. 3-5(b) & (c) |

| | | |
|---|---|---|
| 11/14/2008 | Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R . 16-9 |
| 11/21/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm. 10, 19th Floor at 2:00 PM | Civil L.R. 16-10 |

*If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Plaintiff(s), | NO. C- SI |
| vs. | CASE MANAGEMENT CONFERENCE ORDER |
| Defendant(s). | |

IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Susan Illston on ______________ at 2:00 p.m. in Courtroom No. 10, 19th floor Federal Building.

Plaintiff(s) shall serve copies of this Order at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5. Following service, plaintiff(s) shall file certificate of service with the Clerk of this Court.

Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed below. Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item. Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure. Failure to show good cause for such failure may subject the parties to sanctions.

Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order. The parties are encouraged to attend.

Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten days before the conference date. Good cause must be shown.

The parties shall file a joint case management conference statement in accordance with the Standing Order for all Judges in the Northern District of California. At the case management conference the parties should be prepared to address and resolve the following: setting the date and the estimated length of the trial; setting the date for discovery cutoff; setting the date to designate experts and other witnesses; and setting the date for the pretrial conference.

**CIVIL LAW AND MOTION MATTERS WILL BE HEARD ON FRIDAYS AT 9:00 A.M. COUNSEL SHALL COMPLY WITH CIVIL L.R. 7 WITH RESPECT TO MOTION PROCEDURES.**

Discovery disputes: Counsel seeking the Court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and the relief sought. Opposing counsel shall respond by letter brief, 5 pages or less, within one week. The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged. For good cause shown, based on legal or factual complexity, discovery disputes may be brought by formal noticed motion heard on a regular law and motion calendar. However, leave of Court to do so must be sought and obtained by ex-parte application in accordance with Civil L.R. 7-1(a)(3).

Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed.R.Civ.P. 16(f), Civil L.R. 1-4.

Standing Orders: All parties shall comply with the Standing Order for All Judges of the Northern District of California concerning the contents of the joint case management conference statement and JudgeIllston's Standing Order which are attached to this case management conference order.

IT IS SO ORDERED.

Susan Illston

SUSAN ILLSTON
United States District Judge

**STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA**

**CONTENTS OF JOINT CASE MANAGEMENT STATEMENT**

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. Motions: All prior and pending motions, their current status, and any anticipated motions.

5. Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and electronically-recorded material.

7. Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8. Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9. Class Actions: If a class action, a proposal for how and when the class will be certified.

10. Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12. Settlement and ADR: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. Consent to Magistrate Judge For All Purposes: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. Other References: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16. Expedited Schedule: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18. Trial: Whether the case will be tried to a jury or to the court and the expected l length of the trial.

19. Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. 20.Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

(4/5/07)

# JUDGE ILLSTON'S STANDING ORDER

1. Scheduling Days:

Civil Law and Motion Calendar is conducted on Fridays at 9:00 a.m.

Criminal Law and Motion Calendar is conducted on Fridays at 11:00 a.m.

Civil Case Management Conferences are generally conducted on Fridays at 2:00 p.m. with the order of call determined by the Court.

Pretrial Conferences are generally conducted on Tuesday afternoons at 3:30 p.m.

Counsel need not reserve motion hearing dates, but may call the clerk to obtain the next available law and motion calendar. Motions may be reset as the Court's calendar requires.

All parties are directed to comply with the Civil Local Rules except as identified in this order.

2. Discovery Disputes:

Counsel seeking the court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and relief sought. Opposing counsel shall respond by letter brief, 5 pages or less, within one week. The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged.

3. Sealed Documents (Civil L.R. 79-5):

This Court does not require the filing of Administrative Motions to seal (Civil L.R. 7-11). The Court will accept stipulations (Civ. L.R. 7-12) or an ex-parte application (Civ. L.R. 7-10) with proposed orders in lieu of the administrative motion. In the event an agreement and stipulation for leave to file under seal is not possible, an ex-parte application shall be filed instead. Oppositions to ex-parte applications and proposed order must be submitted to the Court immediately.

Counsel must submit the documents intended to be filed under seal in the following manner:

1. The entire original document, contained in an 8 1/2 - inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The sealable portions of the document must be identified by notations or highlighting within the text;

2. A second copy (chambers copy) completely assembled, including both sealed and unsealed material must be submitted in a single envelope.

For the Northern District of California

Chambers must not be served with any "redacted/public" versions of sealed documents.

4. Courtesy Copies:

All courtesy copies must be three-hole punched at the left margin.

5. Summary Judgment Motions:

Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

# NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of Title 28, U.S.C., § 636(c), you are hereby notified that a United States magistrate judge of this district is available to exercise the court's jurisdiction and to conduct any or all proceedings in this case including a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge.

An appeal from a judgment entered by a magistrate judge may be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Copies of the Form for the "Consent to Exercise of Jurisdiction by a United States Magistrate Judge" are available from the clerk of court.

The plaintiff or removing party shall serve a copy of this notice upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

Mary Ann Buckley
By: Deputy Clerk

magcons.ntc (rev. 10/99)

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) ____________________

as (B) ____________________ of (C) ____________________

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) ____________________ District of ____________________ and has been assigned docket number (E) ____________ .

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ________ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this ________ day of ____________________ , ____________ .

____________________
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: ______________________________________________
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of

______________________________ (CAPTION OF ACTION), which is case number ______________ (DOCKET NUMBER)

in the United States District Court for the ______________________ District of

______________________. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after ______________ (DATE REQUEST WAS SENT), or within 90 days after that date if the request was sent outside the United States.

______________
DATE

______________________________
SIGNATURE

Printed/Typed Name: ______________________

As ______________ (TITLE) of ______________ (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time,

# WELCOME TO THE U.S. DISTRICT COURT, SAN FRANCISCO
# OFFICE HOURS: 9:00 A.M. TO 4:00 P.M.
# 415.522.2000

**www.cand.uscourts.gov**

**In Addition to the Local Rules, the Following Guidelines Have Been Provided to Ensure That the Filing Process Is Accomplished with Ease and Accuracy. For Additional Information or Assistance, Please Call the above Number During Office Hours.**

1. Documents are to be filed in the Clerk's Office at the location of the chambers of the judge to whom the action has been assigned. We do not accept filings for cases assigned to judges or magistrate judges in the Oakland or San Jose division, per Civil L.R. 3-2(b).

2. This office will retain the original plus one copy of most documents submitted. We will conform as many copies as you bring for your use. Related cases require an extra copy for **each** related action designated.

3. The copy retained goes directly to the assigned Judge. Courtesy copies, or instructions for couriers to deliver a copy directly to chambers are inappropriate, unless you have been instructed to do so by court order.

4. In order to facilitate the file stamping process, each original document should be submitted on top of its copies. In other words, group like documents together--as opposed to a set of originals and separate sets of copies.

5. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** at the beginning of the number. Miscellaneous and foreign judgment matters should also be indicated with initials **MISC** or **FJ** at the end of the case number.

6. The case number must include the initials of the judge and/or magistrate judge followed by the letters designating the case Arbitration **(ARB)**, Early Neutral Evaluation **(ENE)** or Mediation **(MED)**--if assigned to one of those programs.

7. The document caption should include the appropriate judge or magistrate judge involved in a particular matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

8. Documents are to be stapled or acco-fastened at the top. Backings, bindings and covers are not required. Two holes punched at the top of the original document will facilitate processing.

9. Appropriately sized, stamped, self-addressed return envelopes are to be included with proposed orders or when filing documents by mail.

10. Proofs of service should be attached to the back of documents. If submitted separately, you must attach a pleading page to the front of the document showing case number and case caption.

11. There are no filing fees once a case has been opened.

12. New cases must be accompanied by a completed and signed Civil Cover Sheet, the filing fee or fee waiver request form and an original plus **two** copies of the complaint and any other documents. For Intellectual Property cases, please provide an original plus **three** copies of the complaint. Please present new cases for filing before 3:30 p.m., as they take a considerable amount of time to process.

13. Copies of forms may be obtained at no charge. They may be picked up in person from the Clerk's Office forms cabinet or with a written request accompanied by an appropriate sized, stamped, self-addressed envelope for return. In addition, copies of the Local Rules may be obtained, free of charge, in the Clerk's Office or by sending a written request, along with a self-addressed, 10" x 14" return envelope, stamped with **$ 3.95** postage to: Clerk, U.S. District Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

14. Two computer terminals which allow public access to case dockets and one terminal with information regarding files at the Federal Records Center (FRC) are located in the reception area of the Clerk's Office. Written instructions are posted by the terminals. Outside of the Clerk's Office, electronic access to dockets is available through PACER. To obtain information or to register call 1-800-676-6851.

15. A file viewing room is located adjacent to the reception area. Files may be viewed in this area after signing the log sheet and presenting identification. Files are to be returned by **1:00 pm** Under no circumstances are files to be removed from the viewing room.

16. The Clerk's Office can only accept payment by **exact change or check** made payable to Clerk, U.S. District Court. No change can be made for fees or the public copy machine.

17. Two pay copy machines are located in the file viewing room for public use, at fifteen cents ($.15) per page. Copy cards may be purchases at the snack bar on the first floor. Orders for copywork may be placed through Eddie's Document Retrieval by phoning 415-317-5556. Arrangements may be made to bring in a personal copier by calling the Clerk's Office in advance.

18. We have a drop box for filing when the Clerk's Office is closed. Please see attached for availability and instructions.

**SAN FRANCISCO**

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initals |
|---|---|---|---|
| Alsup, William H. | WHA | Chen, Edward M. | EMC |
| Breyer, Charles R. | CRB | James, Maria-Elena | MEJ |
| Chesney, Maxine M. | MMC | Laporte, Elizabeth D. | EDL |
| Conti, Samuel | SC | Larson, James | JL |
| Hamilton, Phyllis J. | PJH | Spero, Joseph C. | JCS |
| Henderson, Thelton E. | TEH | Zimmerman, Bernard | BZ |
| Illston, Susan | SI | | |
| Patel, Marilyn Hall | MHP | | |
| Schwarzer, William W | WWS | | |
| Walker, Vaughn R | VRW | | |
| White, Jeffrey S. | JSW | | |

**SAN JOSE**

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Fogel, Jeremy | JF | Lloyd, Howard R. | HRL |
| Ware, James | JW | Seeborg, Richard | RS |
| Whyte, Ronald M. | RMW | Trumbull, Patricia V. | PVT |

**OAKLAND**

| Article III Judges | Judges Initials | Magistrate Judges | Judges Initials |
|---|---|---|---|
| Armstrong, Saundra B. | SBA | Brazil, Wayne D. | WDB |
| Jensen, D. Lowell | DLJ | | |
| Wilken, Claudia | CW | | |

| | | | |
|---|---|---|---|
| San Francisco | 16th Floor | building closed between 6PM and 6AM | more info 415-522-2000 |
| San Jose | 2nd Floor | building closed between 5PM and 7:30AM | more info 408-535-5364 |
| Oakland | 1st Floor | building closed between 5:00 PM and 7:00 AM | more info 510-637-3530 |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## DROP BOX FILING PROCEDURES

---

1. The drop box, located outside the Clerk's Office (see above chart), is available for the filing of documents before 9:00 a.m. and after 4:00 p.m. weekdays. Please note that access to the federal building is limited to 'normal business hours' (as noted in the chart above).

2. The drop box may not be used for the filing of any briefs in support of, or in opposition to, any matter scheduled for a hearing within 7 calendar days. All such documents must be filed in the Clerk's Office during regular office hours by the date due.

3. Using the electronic file stamping machine located next to the drop box, stamp each original document "Received" on the **back side of the last page**. Clerk's Office employees empty the box once each court day when the Clerk's Office opens to the public. The "Filed" date, which will be placed on original documents by Intake personnel, will be the same as the "Received" date, unless the "Received" date is a weekend or Court holiday. In those instances, the "Filed" date will be the first court day following the weekend or holiday. Documents placed in the drop box without a "Received" stamp will be filed as of the day the box is next emptied.

4. After stamping each original and enclosing one copy for the court,* the documents must be placed in an orange court mailing pouch or red Expando folder provided for your convenience. *To facilitate processing of your documents, each original document should be submitted on top of its copies.* Prior to placing the pouch or folder in the drop box, please insert in the pouch or folder window a fully completed **Drop Box Filing Information Card.** You may use more than one pouch or folder per filing, *but a separate Information Card must be enclosed for each one.*
(*Please note that the Clerk's Office will retain two copies of all new complaints relating to patents, trademarks and copyrights.)

5. If you wish us to mail you one or more conformed copies that you have provided, you must enclose an appropriately sized, self-addressed, stamped envelope with adequate return postage. Alternatively, if you would like to pick up conformed copies, please mark your return envelope "**FOR MESSENGER PICK UP BY: (NAME, FIRM)**." Your copies will be available for pick-up **after 2:00 p.m.** on the day the drop box is emptied.

6. A filing fee, if required, may be paid by check or money order, payable to "Clerk, U.S. District Court" in an exact amount. *Please do not enclose cash.*

7. Documents deposited in the drop box must be in compliance with all local and federal rules, as appropriate. Documents filed "Under Seal" must be submitted in compliance with Civil L.R. 79-5.

CV 08 3894

SI

# U.S. District Court Northern California

## ECF Registration Information Handout

The case you are participating in has been designated for this court's Electronic Case Filing (ECF) Program, pursuant to Civil Local Rule 5-4 and General Order 45. This means that you **must** (check off the boxes ☑ when done):

☐ **1) Serve** this ECF Registration Information Handout on **all** parties in the case along with the complaint, or for removals, the removal notice. DO NOT serve the efiler application form, just this handout.

Each attorney representing a party must also:

☐ **2) Register** to become an efiler by filling out the efiler application form. Follow ALL the instructions on the form carefully. If you are already registered in this district, do not register again, your registration is valid for life on all ECF cases in this district.

☐ **3) Email** (do not efile) the complaint and, for removals, the removal notice and all attachments, in PDF format within ten business days, following the instructions below. You do not need to wait for your registration to be completed to email the court.

☐ **4)** Access dockets and documents using **PACER** (Public Access to Court Electronic Records). If your firm already has a PACER account, please use that - it is not necessary to have an individual account. PACER registration is free. If you need to establish or check on an account, visit: **http://pacer.psc.uscourts.gov** or call **(800) 676-6856.**

BY SIGNING AND SUBMITTING TO THE COURT A REQUEST FOR AN ECF USER ID AND PASSWORD, YOU CONSENT TO ENTRY OF YOUR E-MAIL ADDRESS INTO THE COURT'S ELECTRONIC SERVICE REGISTRY FOR ELECTRONIC SERVICE ON YOU OF ALL E-FILED PAPERS, PURSUANT TO RULES 77 and 5(b)(2)(D) (eff. 12.1.01) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

**All subsequent papers submitted by attorneys in this case shall be filed electronically. Unrepresented litigants must file and serve in paper form, unless prior leave to file electronically is obtained from the assigned judge.**

ECF registration forms, interactive tutorials and complete instructions for efiling may be found on the ECF website: **http://ecf.cand.uscourts.gov**

**Submitting Initiating Documents**
PDF versions of all the initiating documents originally submitted to the court (Complaint or Notice of Removal, exhibits, etc.) must be **emailed (not efiled)** to the **PDF email box for the presiding judge** (not the referring judge, if there is one) **within 10 (ten) business days** of the opening of your case. For a complete list of the email addresses, please go to: **http://ecf.cand.uscourts.gov** and click on **[Judges]**.

You must include the case number and judge's initials in the subject line of all relevant emails to the court. You do not need to wait for your registration to email these documents.

These documents must be emailed instead of e-filed to prevent duplicate entries in the ECF system. All other documents must be e-filed from then on. You do not need to efile or email the Civil Cover Sheet, Summons, or any documents issued by the court at case opening; note that you do need to efile the Summons Returned.

**Converting Documents to PDF**
Conversion of a word processing document to a PDF file is required before any documents may be submitted to the Court's electronic filing system. Instructions for creating PDF files can be found at the ECF web site: **http://ecf.cand.uscourts.gov**, and click on **[FAQ]**.

**Email Guidelines:** When sending an email to the court, the subject line of the email **must** contain the **case number, judge's initials** and the **type of document(s)** you are sending, and/or the topic of the email.

**Examples:** The examples below assume your case number is 03-09999 before the Honorable Charles R. Breyer:

| Type of Document | Email Subject Line Text |
|---|---|
| Complaint Only | 03-09999 CRB Complaint |
| Complaint and Notice of Related Case | 03-09999 CRB Complaint, Related Case |
| Complaint and Motion for Temporary Restraining Order | 03-09999 CRB Complaint, TRO |

**Questions**
Almost all questions can be answered in our **FAQs** at **http://ecf.cand.uscourts.gov**, please check them first.

You may also email the ECF Help Desk at ECFhelpdesk@cand.uscourts.gov or call the toll-free ECF Help Desk number at: (866) 638-7829.

The ECF Help Desk is staffed Mondays through Fridays from 9:00am to 4:00pm Pacific time, excluding court holidays.



United States District Court
Northern District of California

# Consenting To A Magistrate Judge's Jurisdiction In The Northern District Of California

# Table of Contents

A Message from the Chief Judge of the U.S. District Court .................................................. 4

How Consent Jurisdiction Works ............................ 6

Potential Benefits of Consenting To Magistrate Judge Jurisdiction ........................................................... 7

Magistrate Judge Brazil ......................................... 9

Magistrate Judge Chen ......................................... 10

Magistrate Judge James ...................................... 11

Magistrate Judge Laporte ..................................... 12

Magistrate Judge Larson ...................................... 13

Magistrate Judge Lloyd ........................................ 14

Magistrate Judge Seeborg .................................... 15

Magistrate Judge Spero ........................................ 16

Magistrate Judge Trumbull ................................... 17

Magistrate Judge Vadas ....................................... 18

Magistrate Judge Zimmerman .............................. 19

## A Message from the Chief Judge of the U.S. District Court

As you embark on civil litigation in the United States District Court for the Northern District of California—whether as a party to a lawsuit or as an attorney—I encourage you to familiarize yourself with the range of services provided by the court's magistrate judges and especially to consider consenting to have a magistrate judge handle all aspects of your case, up to and including dispositive motions, jury or court trial and the entry of judgment.

The Northern District is one of the few federal trial courts in the country to assign a wide range of civil cases directly to magistrate judges upon filing. As a consequence, the magistrate judges have direct experience with nearly all types of civil matters filed in our court. Because our court is very busy, agreeing to proceed before a magistrate judge often means that the case will be resolved more quickly than if the case remained before a district judge. While consent is customarily given soon after a case is filed, parties may consent to have a magistrate judge preside over their case at any point in the proceedings.

Every magistrate judge in the Northern District underwent a highly competitive selection process and had years of litigation experience before being appointed to the bench. As the biographies that follow demonstrate, each is active in law school teaching and continuing legal education for attorneys. Many have been appointed to important committees within the federal courts.

Most have completed at least one term as a magistrate judge and have been reappointed based on detailed, confidential feedback from the bar establishing satisfaction with their work—including their work on dispositive motions and trials. Combined, the Northern District's magistrate judges bring a total of 125 years of federal judicial experience to their work at our court. Each is equipped to handle the full range of issues presented to our court.

Vaughn R Walker

Chief Judge

## HOW CONSENT JURISDICTION WORKS

Since 1979, the parties in a civil action have had the option of consenting to have all aspects of their case, including trial, handled by a United States magistrate judge.[1] The Northern District of California has been one of the leaders nationwide in implementing this process. When a civil action is filed in this District, ordinarily it will be randomly assigned for all purposes to either a district judge or a magistrate judge.[2] By local practice, a magistrate judge is assigned a civil caseload approximately 30% that of a district judge's civil caseload, in recognition of a magistrate judge's other duties, such as presiding over settlement conferences. Each magistrate judge typically has about 100 consent cases. In 2007, the magistrate judges completed handling almost 800 civil cases in which they had exercised consent jurisdiction. When a case is initially assigned to a magistrate judge, the plaintiff is given a form to use to either consent to or decline magistrate judge jurisdiction.[3] Plaintiff is also required to serve that form on each defendant. Each party should make a decision regarding magistrate judge jurisdiction as soon as possible, and in any event prior to the case management conference which is generally held about 100 days after the case is filed. Civil L.R. 73-1.

If all parties consent to magistrate jurisdiction, then the magistrate judge to whom the case is assigned will preside over all aspects of the case, through trial. F.R.Civ.P. 73(b). An appeal from the magistrate judge's rulings is made to the appropriate appellate court exactly as if the rulings were from a district judge. F.R.Civ.P. 73(c).

A civil case initially assigned to a district judge may also be reassigned to a magistrate judge if all parties consent to magistrate judge jurisdiction.  The parties should expect the district judge to ask at  the case management conference whether they have considered consenting to a magistrate judge jurisdiction.

Each magistrate judge has an assigned courtroom designed to accommodate civil jury trials.  Each magistrate judge has at least one law clerk.  Many have a second law clerk in lieu of a secretary.

Magistrate judges are fully integrated into the court's administration, serving on all court committees and chairing some of them.

## POTENTIAL BENEFITS OF CONSENTING TO MAGISTRATE JUDGE JURISDICTION

This District has always recruited experienced trial attorneys of the highest caliber who undergo a merit selection process before being appointed as a magistrate judge.  Because of their diverse experiences while in practice and while presiding over civil matters including trials, this District's magistrate judges are able to  preside over all types of civil litigation.  The biographies of the current magistrate judges are set forth below.

Parties that consent to have their case tried before a magistrate judge will receive a date certain for trial.  The right to a speedy trial in felony criminal matters requires district judges to give statutory priority to trying those cases, which can sometimes require that civil trial dates be moved.  Unlike district judges, magistrate judges do not preside over felony criminal matters.

The historical experience in this District has been that our magistrate judges have virtually always met their scheduled trial dates. Because magistrate judges' trial dockets are generally less crowded than those of district court judges, they are often able to schedule a trial within a year of the filing of the complaint.

## ENDNOTES

1) Federal Magistrate Act of 1979, 28 U.S.C § 636(c)(1). See also F.R.Civ.P. 73(b).

2) District Judges, sometimes called Article III Judges, are appointed by the President, confirmed with the advice and consent of the Senate and hold their position for life. Magistrate Judges are appointed by the District Judges of each district following a merit selection process and serve for a period of eight years, subject to reappointment.

3) If the case has been removed from state court, the form is given to the removing party, who is required to serve it on all other parties.

## WAYNE D. BRAZIL

Magistrate Judge Wayne Brazil was appointed in 1984. He has been the Northern District's ADR Magistrate Judge since the late 1980's. He has presided over jury and court trials in a wide range of civil and criminal cases, including patent, trade secrets, trademark, commercial contract, civil rights, employment, personal injury, maritime, and tax. He has hosted more than 1,500 settlement conferences and published opinions in intellectual property, insurance, civil rights, maritime law, privileges, work product, civil discovery, and case management.

After receiving a B.A. from Stanford, Judge Brazil got his Ph.D. and M.A. from Harvard and his J.D. from Boalt Hall. He practiced civil litigation at Farella, Braun & Martel from 1975-1977. He then became a law professor at the University of California, Hastings College of the Law and at the University of Missouri. He taught civil procedure, constitutional law, criminal procedure, and civil rights from 1978 to 1984. He has authored books on the use of special masters in complex litigation and on settling civil suits, some 30 articles in legal periodicals, and the chapters on Rules 16 and 37 of the Federal Rules of Civil Procedure in Moore's Federal Practice, 3d Ed. He has served on the committees on Civil Rules and Evidence of the Judicial Conference of the United States and on the Ninth Circuit's ADR Committee.

## EDWARD M. CHEN

Magistrate Judge Edward M. Chen was appointed in 2001. He has presided over civil and criminal bench and jury trials, as well as hosted more than 500 settlement conferences. A 1975 Order of the Coif graduate of the University of California Boalt Hall School of Law, he clerked for the Honorable Charles B. Renfrew in the Northern District of California and then clerked for the Honorable James R. Browning in the Ninth Circuit Court of Appeals.

Judge Chen worked as a litigation associate at Coblentz, Cahen, McCabe & Breyer, and then as staff counsel of the ACLU Foundation of Northern California. He served as an officer of the California Asian American Judges Association, and as a Master of the Edward J. McFetridge American Inn of Courts. Chief Judge Schroeder of the Ninth Circuit appointed him to the Ninth Circuit Task Force on Self-Represented Litigants, and then as the chair of the Ninth Circuit Implementation Committee on Self-Represented Litigants. He was also appointed chair of the Federal Courts Committee on the California Commission on Access to Justice. He has published cases on discovery, privileges, civil procedure, civil and constitutional rights, international human rights, and criminal procedure. He has also published articles in the California Law Review, Asian Law Journal, George Mason Law Review, and Hastings Communications and Entertainment Law Journal. He has given presentations on such subjects as electronic discovery, patent litigation, employment law, civil rights, national security and constitutional rights, discrimination, case management, alternative dispute resolution, and Asian American legal history. He has taught and lectured on mediation and case management in India and Malaysia. In 2007, he was voted Judge of the Year by the Barristers Club of San Francisco.

## MARIA-ELENA JAMES

Magistrate Judge Maria-Elena James was appointed in 1994. She has presided over numerous cases and conducted thousands of settlement conferences. Outside the courtroom, she teaches a number of classes at three Bay Area law schools: University of California Hastings, University of San Francisco, and Golden Gate University. She also co-created a course called *The Roles of Referees and Commissioners* and taught the course, along with another course, at the California Judicial Education and Research College.

A 1978 graduate of the University of San Francisco Law School, she served as director of the Small Claims Court Education Project in the Consumer Fraud Unit of the San Francisco District Attorney's Office. She went on to serve as a deputy public defender in San Francisco, staff attorney for the National Labor Relations Board, and Deputy City Attorney as well as supervising attorney in San Francisco. She then served as a Commissioner in the San Francisco Superior Court for six years. She volunteers as a mock trial judge for all grades of students and serves as a mentor to law students. Her speaking engagements include a 2006 panel on Comparative Racial Justice at the University of Paris, Nanterre and the Assemblee Nationale.

## ELIZABETH D. LAPORTE

Magistrate Judge Elizabeth Laporte was appointed in 1998. She has presided over numerous civil cases through trial or other disposition, including patent, trademark, copyright, employment, civil rights and environmental cases. She also has conducted over 1000 settlement conferences, handled criminal matters, and resolved discovery disputes.

A 1982 graduate of Yale Law School and a Marshall Scholar, with an M.A. in Politics and Economics from Oxford, she clerked for the Honorable Marilyn Hall Patel in the Northern District of California. She was a partner at the boutique litigation firm of Turner & Brorby, and an Administrative Law Judge for the California Department of Insurance. In 1996, she began serving as Chief of Special Litigation for the San Francisco City Attorney's Office, and was named a Lawyer of the Year by *California Lawyer*. She has authored articles on patent litigation and settlement in the *Northern California ABTL [Association of Business Trial Lawyers] Report*, and has written on e-discovery. She regularly speaks on patent litigation, settlement, e-discovery, jury trials, and other topics. She is a past chair of the Magistrate Judge Executive Board of the Ninth Circuit, and a current member of the Jury Trial Improvement Committee of the Ninth Circuit Court of Appeals, the Sedona Conference Working Group on Electronic Document Retention and Production, the Executive Committee of the Litigation Section of the Bar Association of San Francisco, and the Board of Governors for the Northern California Chapter of the Association of Business Trial Lawyers.

## JAMES LARSON

Magistrate Judge James Larson was appointed in 1997. He was appointed Chief Magistrate Judge in 2005 for a four year term. He has presided over criminal and civil cases, handled discovery and conducted settlement conferences in a variety of subject areas, including intellectual property, antitrust, contracts, civil rights, employment, environmental, class actions and other statutory liability. He has conducted more than 1,000 mediations and settlement conferences.

He received his undergraduate degree from Stanford University in 1965 and his J.D. from U.C.L.A. law school in 1968, where he was selected for the Moot Court Honors Program. Thereafter he worked in a number of small firms in Los Angeles and the Bay Area, handling admiralty, personal injury, civil rights and criminal matters before founding the law firm of Larson and Weinberg in San Francisco, where he remained until 1990. He then formed his own firm and worked on civil, criminal, trial and appellate cases. He has taught civil trials and criminal pre-trial procedure and has participated for many years in the Intensive Trial Advocacy Program at Cardozo Law School in New York.

Judge Larson has chaired or served on numerous court committees and has appeared on panels of judges and attorneys discussing e-discovery issues, settlement techniques, punitive damages, and bad faith litigation. In December, 2007, he and several other members of the court conducted a comprehensive mediation training program for the High Court Judges of Malaysia.

## HOWARD R. LLOYD



Magistrate Judge Howard R. Lloyd was appointed in 2002. He has presided over a variety of civil and criminal trials and has extensive discovery as well as case-dispositive law and motion experience.  He has presided over hundreds of settlement conferences in a wide variety of civil cases.

Judge Lloyd earned his undergraduate degree at the College of William and Mary, graduating Phi Beta Kappa, and his law degree from the University of Michigan Law School.  He then worked as a civil trial and appellate lawyer for 30 years with a prominent San Jose law firm and personally tried many cases and argued dozens of appeals.  He practiced in all areas, but especially employment, intellectual property, and commercial law. He then worked for 2 years as an independent and full time arbitrator and mediator.  While in private practice Judge Lloyd was selected for voluntary service as an Early Neutral Evaluator (N.D. CA), mediator (California Court of Appeals), and Settlement Judge Pro Tem (Santa Clara County Superior Court).  He is a frequent presenter at continuing education courses for attorneys and currently teaches at Santa Clara University Law School.

## RICHARD SEEBORG

Magistrate Judge Richard Seeborg was appointed in 2001. Since joining the Court, he has presided over numerous bench and jury trials and has conducted hundreds of settlement conferences on all manner of federal civil cases. Judge Seeborg received his B.A., *summa cum laude*, Phi Beta Kappa, from Yale College in 1978. He then went to Columbia University School of Law in 1981, where he was a Harlan Fiske Stone Scholar. Following graduation from law school he served as a law clerk to the Honorable Judge John H. Pratt, district court judge in Washington, D.C. In 1982, he joined Morrison & Foerster's San Francisco office in the litigation department, becoming a partner in 1987.

From 1991 to 1998, Judge Seeborg served as an Assistant U.S. Attorney for the Northern District of California in San Jose. In that capacity, he acted as lead prosecutor on a wide range of matters including complex white collar criminal cases. He re-joined Morrison & Foerster in March 1998, where he resumed a litigation practice in the fields of securities, intellectual property, and general commercial matters.

Judge Seeborg has been a member of the Adjunct Faculty at Santa Clara University School of Law where he has served as co-instructor for a course on Federal Criminal Litigation and has served as co-chair of the Federal Courts Committee of the Santa Clara County Bar Association and as a member of the Executive Committee of Magistrate Judges for the Ninth Circuit. At present, he is a member of the Working Group on Electronic Public Access for the United States Courts and a member the Ninth Circuit Jury Instructions Committee. He is a co-author of Federal Pretrial Civil Procedure in California, a four-volume treatise published by Lexis Nexis.

## JOSEPH C. SPERO

Magistrate Judge Joseph C. Spero was appointed in 1999. He has presided over criminal and civil trials in a variety of subject areas, including patent, employment, civil rights, commercial contract, trademark, and federal misdemeanor cases. He has participated in over 1000 settlement conferences. He serves as chairman of the court's Capital Habeas Committee, and as a member of the court's Technology and Practice Committees.

A 1981 graduate of Columbia University School of Law, he clerked for the United States Court of Appeals for the Ninth Circuit. He worked as an associate at Skadden, Arps, Slate, Meagher & Flom, and as associate then partner at Coblentz, Cahen, McCabe & Breyer (now Coblentz, Patch, Duffy & Bass). While in private practice, he trained as a mediator at Harvard Law School and served as a mediator in the Northern District's Alternative Dispute Resolution Program. He also served as a Judge Pro-Tem for the San Francisco County Superior Court. He served as pro bono counsel in a variety of cases, including federal capital habeas matters. As a result, he received the Thurgood Marshall Award from the Bar Association of the City of New York.

## PATRICIA V. TRUMBULL



Magistrate Judge Patricia V. Trumbull was appointed in 1987. She served as Chief Magistrate Judge from 2001 to 2005. She has presided over numerous civil and criminal trials and thousands of settlement conferences.

Judge Trumbull received her undergraduate degree from University of California Davis and her law degree. at the Georgetown University Law Center in Washington, D.C. While at Georgetown, she interned at the Department of Justice. After graduating, she spent two years as a law clerk to the Honorable Spencer Williams of the U.S. District Court of Northern California. Following the clerkship, she worked for 12 years as an Assistant Federal Public Defender. She has served on numerous court committees and participated in many panel discussions on a variety of litigation issues.

## NANDOR J. VADAS



Magistrate Judge Nandor J. Vadas, a part-time magistrate judge in Eureka, California was appointed in 2004.  Although he maintains his chambers in Eureka, he frequently sits in San Francisco.  As a magistrate judge he has presided over issues involving civil rights, employment discrimination, Indian law, Endangered Species Act violations, as well as criminal and civil settlement conferences.

Judge Vadas received his undergraduate degree at the University of California at Santa Cruz in 1974 and his law degree from the University of California, Hastings College of the Law in 1978.  Following law school he was a state and federal prosecutor for twenty-one years, where he gained criminal jury trial and appellate experience.  He also spent five years in family law and juvenile dependency.  He also has experience as an instructor at the College of the Redwoods Police Academy.

He is a member of the Magistrate Judges' Advisory Committee to the Federal Judicial Conferences.

## BERNARD ZIMMERMAN

Magistrate Judge Bernard Zimmerman was appointed in 1995. With party consent, he has presided over a wide range of civil cases, including patent, trademark and copyright cases, class actions, contract and employment cases and civil rights, personal injury and admiralty cases. He has presided over more than 30 civil and criminal jury and bench trials and more than 1,000 settlement conferences. He chairs the court's Technology Committee and serves on the Media and Education Committees.

A 1970 graduate of the University of Chicago Law School, he clerked for the Honorable Frederick J.R. Heebe in the Eastern District of Louisiana and then taught law at the Louisiana State University Law Center. Returning to California, he was an associate and then partner at Pillsbury Madison & Sutro where he had a general litigation practice focusing on media, banking, construction, insurance and business issues. In 1995, he served as Legal Consultant to the Third Constitutional Convention of the Commonwealth of the Northern Mariana Islands. For the past two years, he has taught Federal Pretrial Litigation at Hastings College of the Law. He is a master of the Intellectual Property Inn of Court and has participated in numerous panels addressing issues such as ADR, class actions and discovery.

United States District Court

450 Golden Gate Avenue   San Francisco  California   94102

Phone: 415-522-2000

Fax: 415-522-3605

Print Date: April 2008