Joan Tucker Fife (SBN: 144572)
jfife@winston.com
Nicole M. Friedenberg (SBN: 226884)
nfriedenberg@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone:    415-591-1000
Facsimile:    415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINIX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RUBEN PABLO, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:08-cv-03894-SI<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**JUDGE SUSAN ILLSTON** |

Defendants ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., The Terminix International Company, L.P. and Terminix International, Inc. ("Defendants") in response to Plaintiff Ruben Pablo's ("Plaintiff") Complaint, admit, deny and allege as follows:

**PRELIMINARY STATEMENT**

1.      Defendants admit that Plaintiff purports to bring a class action on behalf of "pest inspectors" or "Inspectors." Defendants deny any and all allegations in Paragraph 1 of the Complaint not expressly admitted.

2. Defendants deny that Plaintiff or the putative class members were incorrectly paid, incorrectly classified as exempt, or not provided any legally required breaks or reimbursements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny the remaining allegations in Paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and, on that basis, deny the allegations contained therein. To the extent Paragraph 3 states conclusions of law, no response is required.

4. Defendants admit that Terminix provides services in Marin County. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny each and every remaining allegation in Paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, deny the allegations in Paragraph 5; except that, based solely on the specific allegations in the Complaint, Defendants deny that the "amount in controversy" is less than $5 million total. Defendants further deny that they, or any of them, are liable to Plaintiff or to the putative class members as alleged, or at all. Jurisdiction in this District Court is proper under the Class Action Fairness Act of 2005.

6. Defendants admit that Plaintiff Ruben Pablo was employed as an Inspector in Terminix's San Rafael, California branch. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiff Ruben Pablo is a resident of Solano County, California," and on that basis denies the allegation. Defendants deny any and all allegations in Paragraph 6 of the Complaint not expressly admitted.

7. Defendants admit that The Terminix International Company, L.P. and Terminix International Inc. operate pest control service businesses in the United States. Defendants deny any and all allegations in Paragraph 7 of the Complaint not expressly admitted.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit that pest control services under the brand name "Terminix" were provided to residential and commercial customers in the United States, including a branch office located in San Rafael, California. Defendants deny any and all allegations in Paragraph 9 of the

Complaint not expressly admitted.

10. Defendants admit that The Terminix International Company, L.P., is a Delaware limited partnership, registered to do business in California, with it executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee. Defendants deny any and all allegations in Paragraph 10 of the Complaint not expressly admitted.

11. Defendants admit that Terminix International, Inc. is a Delaware corporation, registered to do business in California, with it executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee. Defendants deny any and all allegations in Paragraph 11 of the Complaint not expressly admitted.

12. To the extent Paragraph 12 states conclusions of law, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the allegations contained therein.

13. To the extent Paragraph 13 states conclusions of law, no response is required. Defendants deny that it is liable to Plaintiff or members of the putative class. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the remaining allegations contained therein.

14. To the extent Paragraph 14 states conclusions of law, no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the remaining allegations contained therein.

15. To the extent Paragraph 15 states conclusions of law, no response is required. Defendants admit that Plaintiff purports to bring a class action on behalf of one or more putative classes. Defendants deny that class action treatment of Plaintiff's claims is appropriate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the allegations contained therein.

16. To the extent Paragraph 16 states conclusions of law, no response is required. Defendants admit that Plaintiff purports to bring a class action on behalf of one or more putative classes. Defendants deny that class action treatment of Plaintiff's claims is appropriate. Defendants

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the allegations contained therein.

17. To the extent Paragraph 17 states conclusions of law, no response is required. Defendants admit that due to the ambiguous and overbroad manner in which the purported classes are identified in the Complaint, the allegations in the Complaint could be construed to apply to more than 150 persons. Defendants deny that class action treatment of Plaintiff's claims is appropriate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the allegations contained therein.

18. Defendants deny the allegations in Paragraph 18 of the Complaint.

19. To the extent Paragraph 19 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 and, on that basis, deny the allegations contained therein.

21. To the extent Paragraph 21 states conclusions of law, no response is required. Defendants deny that they failed to properly compensate their employees. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the remaining allegations contained therein.

22. To the extent Paragraph 22 states conclusions of law, no response is required. Defendants deny that class action treatment of Plaintiff's claims is appropriate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the remaining allegations contained therein.

23. To the extent Paragraph 23 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants admit that ServiceMaster's business units include Terminix, TruGreen, Merry Maids, American Home Shield, InStar Services Group, ServiceMaster Clean, Merry Maids, Furniture Medic and AmeriSpec. Defendants deny any and all allegations in Paragraph 24 of the Complaint not expressly admitted.

25. Defendants admit that Terminix unit provides termite and pest control services to

residential and commercial customers. Defendants deny any and all allegations in Paragraph 25 of the Complaint not expressly admitted.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny that "pursuant to Terminix's uniform policies and practices, Inspectors consistently worked in excess of eight hours a day and in some cases ten to fourteen hours per day during the regular workweek, plus additional hours one Saturday per month and one evening per week." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 27 and, on that basis, deny the remaining allegations contained therein.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny that "inspectors devote the majority of their work time conducting pest inspections, pursuant to Terminix's uniform operational standards." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 29 and, on that basis, deny the remaining allegations contained therein.

30. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 30, and on that basis, deny them.

31. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 31, and on that basis, deny them.

32. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 32, and on that basis, deny them.

33. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 33, and on that basis, deny them.

34. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in

Paragraph 34, and on that basis, deny them.

35. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 35, and on that basis, deny them.

36. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 36, and on that basis, deny them.

37. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 37, and on that basis, deny them.

38. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 38, and on that basis, deny them.

39. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 39, and on that basis, deny them.

40. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 40, and on that basis, deny them.

41. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 41, and on that basis, deny them.

42. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 42, and on that basis, deny them.

43. Defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 43, and on that basis, deny them.

44. In answering the allegation of Paragraph 44 of the Complaint, Defendants restate and

incorporate by reference its responses to Paragraphs 1-43.

45. To the extent Paragraph 45 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 46, and on that basis, deny them.

47. Defendants deny the allegations contained in Paragraph 47.

48. To the extent Paragraph 48 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 48 of the Complaint.

49. In answering the allegation of Paragraph 49 of the Complaint, Defendants restate and incorporate by reference its responses to Paragraphs 1-48.

50. To the extent Paragraph 50 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 51 of the Complaint.

51. Defendants admit that Plaintiff is no longer working for Defendant. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "many Class Members are no longer working for Defendants." To the extent Paragraph 50 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 51 of the Complaint not expressly admitted.

52. To the extent Paragraph 52 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 52 of the Complaint.

53. To the extent Paragraph 53 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 53 of the Complaint.

54. In answering the allegation of Paragraph 54 of the Complaint, Defendants restate and incorporate by reference its responses to Paragraphs 1-53.

55. To the extent Paragraph 55 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 55 of the Complaint.

56. To the extent Paragraph 56 states conclusions of law, no response is required. To the extent any response is required, due to the vague and ambiguous definition of the putative class,

defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 56, and on that basis, deny them.

57. Defendants admit that Plaintiff seeks the relief set forth in Paragraph 57. To the extent Paragraph 57 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 57 of the Complaint.

58. In answering the allegation of Paragraph 58 of the Complaint, Defendants restate and incorporate by reference its responses to Paragraphs 1-57.

59. To the extent Paragraph 59 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 59 of the Complaint.

60. To the extent Paragraph 60 states conclusions of law, no response is required. To the extent any response is required, due to the vague and ambiguous definition of the putative class, defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 60, and on that basis, deny them.

61. To the extent Paragraph 61 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 61 of the Complaint.

62. To the extent Paragraph 62 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

63. In answering the allegation of Paragraph 63 of the Complaint, Defendants restate and incorporate by reference its responses to Paragraphs 1-62.

64. Defendants lack knowledge and information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 64, and on that basis, deny them.

65. To the extent Paragraph 65 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 65 of the Complaint.

66. In answering the allegation of Paragraph 66 of the Complaint, Defendants restate and incorporate by reference its responses to Paragraphs 1-65.

67. To the extent Paragraph 67 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 67 of the Complaint.

68. To the extent Paragraph 68 states conclusions of law, no response is required. To the

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

extent any response is required, Defendants deny the allegations in Paragraph 68 of the Complaint.

69. To the extent Paragraph 69 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 69 of the Complaint.

70. To the extent Paragraph 70 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 70 of the Complaint.

71. To the extent Paragraph 71 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 71 of the Complaint.

72. To the extent Paragraph 72 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 72 of the Complaint.

73. To the extent Paragraph 73 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 73 of the Complaint.

74. To the extent Paragraph 74 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 74 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the requested forms of relief on any basis whatsoever. Any allegation in Plaintiff's Complaint not specifically admitted above is denied.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff demands a trial by jury. To the extent Plaintiff's Paragraph under "Demand For Jury Trial" states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure To State A Claim Upon Which Relief May Be Granted)**

1. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

//
//
//

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2. The Complaint, and each purported claim alleged therein, is barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. The Complaint, and each purported claim alleged therein, is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. The Complaint, and each purported claim alleged therein, is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. The claims are barred, in whole or in part, as a result of unclean hands with respect to the events upon which the Complaint and purported claims for relief allegedly are based.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6. The claims are barred, in whole or in part, by operation of applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure § 338, California Code of Civil Procedure § 340, California Business and Professions Code § 17208, California Labor Code § 203.

## SEVENTH AFFIRMATIVE DEFENSE

### (Section 203 Claims Barred After Filing of Complaint)

7. Claims under California Labor Code § 203 are barred to the extent that they seek damages or penalties for any time period following the filing of Plaintiff's Complaint.

//
//

### EIGHTH AFFIRMATIVE DEFENSE

### (Contribution by Plaintiff's Own Acts)

8. If the injuries and/or damages alleged in the Complaint occurred, such injuries were proximately caused by and/or were contributed to by Plaintiff's or putative class members' own acts or failures to act.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to State Facts Warranting Class Certification)

9. This action should not be certified as a class action because of a failure to allege facts sufficient to warrant class certification.

### TENTH AFFIRMATIVE DEFENSE

### (No Private Right Of Action)

10. Each purported claim seeking redress for meal period and/or rest period violations is barred because there is no private right of action.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Conduct Not Willful)

11. Claims for waiting time penalties are barred insofar as each and every Defendant's conduct at the time of termination of employment, as alleged in the Complaint, was not willful.

### TWELFTH AFFIRMATIVE DEFENSE

### (Conduct Not Knowing or Intentional)

12. Claims for penalties for purportedly providing employees with inaccurate statements of wages earned and deductions taken are barred or limited because each and every Defendant's conduct, as alleged in the Complaint, was neither knowing nor intentional.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Knowledge of "Off the Clock" Work)

13. Claims for unpaid wages are barred on the ground that Defendants had no actual or constructive knowledge that hours were worked for which employees were not compensated, as alleged in the Complaint.

//

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith --29 U.S.C. § 259)

14. The claims are barred in whole or in part because, pursuant to 29 U.S.C. § 259, Defendants' act or omission, if any, complained of, was in good faith and conformity with, and in reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor or an administrative practice or enforcement policy of the Department of Labor agency with respect to the class of employers to which Defendants belong.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Willfulness)

15. Defendants' actions or omissions were not willful within the meaning of applicable law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Liquidated Damages/Good Faith Reasonable Belief)

16. The claims for liquidated damages are barred in whole or in part because the act or omission, if any, in not paying overtime was in good faith and Defendant(s) had reasonable grounds for believing that their act or omission, if any, was not a violation of any applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

17. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of *in pari delicto*.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Any Alleged Harm To Plaintiff Outweighed)

18. Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq.* because the benefits of Defendants' practices to Plaintiff and to members of the proposed class outweigh whatever particular harm or impact the practice allegedly caused them.

//
//

Winston & Strawn LLP
101 Califonria Street
San Francisco, CA 94111

### NINETEENTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

19. The claims are barred in whole or in part because the amount of time for which they seek compensation is *de minimis*. *IBP v. Alvarez*, 126 S.Ct. 514 (2005).

### TWENTIETH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

20. The relief requested by Plaintiff and members of the proposed class pursuant to California Business and Professions Code Section 17200 *et seq.* should be denied because Plaintiff and members of the proposed class have an adequate remedy at law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

21. The claims are barred in whole or in part by accord and satisfaction.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Release)

22. The claims of some putative class members are barred, in whole or in part, because, in exchange for a good and valuable consideration, they released Defendants from all liability to some or all of them for the claims alleged in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Res Judicata)

23. The claims of some putative class members are barred in whole or in part by the doctrine of *res judicata*.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel)

24. The claims are barred in whole or in part by the doctrine of collateral estoppel.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Arbitration Is Condition Precedent To Suit)

25. The claims are barred, in whole or in part, because, pursuant to agreements entered into by individuals in the class, arbitration is a condition precedent to commencement and

maintenance of this action and the action is barred by the absence of an arbitration. By filing its response, Defendants have not waived their right to arbitration in this matter.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Exemption From Overtime -- 8 Cal. Code Reg. § 11040)**

26. Pursuant to Industrial Welfare Commission Order 5-2001 (8 Cal. Code Reg. § 11040), Plaintiff and members of some or all of the proposed California Classes are exempt from overtime pay requirements because, *inter alia*, they were employed in a bona fide commissioned, administrative, executive and/or outside sales capacity.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

27. The claims are barred, in whole or in part, because Plaintiff and the proposed classes lack the necessary standing to pursue the claims asserted, including a claim for violation of the California Unfair Practices Act.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Due Process)**

28. The relief requested by Plaintiff and members of the proposed California Classes pursuant to California Business and Professions Code Section 17200 *et seq.* violates Defendants' constitutional rights under provisions of the United States and California Constitutions, including, but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(No Underlying Liability)**

29. Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq.* because they are not liable to Plaintiff or members of the proposed California Classes for any alleged violation of any underlying state or federal laws.

//

//

## THIRTIETH AFFIRMATIVE DEFENSE

**(No Unfair Business Practices)**

30. Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq.* because their business practices were not unfair, deceptive or likely to mislead anyone.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

**(No Enforcement Duty for Meal and Rest Periods)**

31. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that it seeks redress for meal and rest period violations on the ground that Defendant does not have an enforcement duty with respect to meal and rest periods.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Authorize and Permit Meal and Rest Periods)**

32. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent it seeks redress for meal and rest period violations on the ground that Defendant authorized and permitted Plaintiff to take meal and rest periods.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

33. Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend their answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That all relief requested in the Complaint be denied;
2. That Plaintiff take nothing by virtue of this action;
3. For costs of suit and attorneys' fees incurred herein (including but not limited to attorneys' fees pursuant to Labor Code § 218.5); and
4. For such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| Dated: August 21, 2008 | WINSTON & STRAWN LLP |
| | By  /s/ |
| | Joan B. Tucker Fife |
| | Attorneys For Defendants, |
| | SERVICEMASTER GLOBAL HOLDINGS, INC., THE SERVICEMASTER COMPANY, INC., |
| | THE TERMINIX INTERNATIONAL COMPANY, L.P., AND TERMINIX INTERNATIONAL, INC. |

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

PROOF OF SERVICE

I, Cindy Paulus, hereby declare: I am over the age of 18 years and not a party to or interested in the within entitled cause. I am an employee of Winston & Strawn LLP and my business address is 101 California, 39th Floor, San Francisco, California 94111. On the date stated below, I caused to have served a true copy of:

**DEFENDANT'S DISCLOSURE STATEMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 7.1 AND CIVIL LOACAL RULE 3-16;**

and

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

☒ by first class mail. I am familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is collected and processed and is deposited with the United States Postal Service on the same day in the ordinary course of business. The document(s) was (were) placed for deposit in the United States Postal Service in a sealed envelope(s), with postage fully prepaid, addressed as set forth below.

☐ by facsimile transmission to the parties and facsimile number(s) set forth below.

☐ by overnight delivery by enclosing a true and correct copy of said document(s) in envelope(s) addressed as set forth below. The envelope(s) was (were) sealed and deposited with an overnight delivery service that same day in the ordinary course of business at San Francisco, California.

☐ by hand delivery via courier to the parties listed below on the same day in the ordinary course of business.

**Nancy Hersh**
**Mark E. Burton , Jr.**
Hersh & Hersh
A Professional Corporation
2080 Opera Plaza
601 Van Ness Avenue
San Francisco, CA 94102-6388
(415) 441-5544

**Lori E. Andrus, Esq.**
**Micha Star Liberty, Esq.**
**Jennie Lee Anderson, Esq.**
Andrus Liberty & Anderson LLP
1438 Market Street
San Francisco, CA 94102
(415) 896-1100

**Lauren Hallinan, Esq.**
Hallinan & Wine
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
(415) 621-2400

I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed at San Francisco, California on August 21, 2008.

*Cindy Paulus*

Cindy Paulus