IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PABLO, on behalf of a putative class,<br><br>      Plaintiff,<br><br>  v.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC. et al.,<br><br>      Defendants.<br>_____ / | No. C 08-03894 SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

      Plaintiff has filed a motion to amend his complaint to add Bonnie Coursey as a named plaintiff. This motion is scheduled for hearing on June 26, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS plaintiff's motion for leave to amend.

**BACKGROUND**

      On May 30, 2008, plaintiff Ruben Pablo brought a putative class action suit against defendants Servicemaster Global Holdings, Inc., the Servicemaster Company, Inc., the Terminix International Company, L.P., and Terminix International, Inc. ("defendants") for violations of the California Labor Code and California's Unfair Competition Law. In the instant motion, plaintiff seeks leave to amend the complaint in order to add Bonnie Coursey as a named plaintiff.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15 governs the amendment of complaints. Rule 15(a) states that if a responsive pleading has already been filed, the party seeking amendment may amend its pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. This rule reflects an underlying policy that disputes should be determined on their merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962). Accordingly, the Court must be generous in granting leave to amend a complaint. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (leave to amend granted with "extreme liberality"); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530 (N.D. Cal. 1989) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

Once a plaintiff has given a legitimate reason for amending the complaint, the burden shifts to the defendant to demonstrate why leave to amend should not be granted. *Genentech*, 127 F.R.D. at 530-31 (citing *Senze-Gel Corp. v. Sieffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986)); William W. Schwarzer et al., *Federal Civil Procedure Before Trial* § 8:415, at 8-75 (1991). There are several accepted reasons why leave to amend should not be granted, including the presence of bad faith on the part of the plaintiff, undue delay, prejudice to the defendant, futility of amendment, and that the plaintiff has previously amended the complaint. *See Ascon Props.*, 866 F.2d at 1160; *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988).

**DISCUSSION**

Plaintiff moves for leave to amend in order to add Bonnie Coursey as a named plaintiff. Defendants oppose plaintiff's motion on several grounds, arguing (1) plaintiff fails to meet the legal standard for joinder of parties, (2) plaintiff has engaged in undue delay and has a dilatory motive in seeking the amendment, and (3) plaintiff's proposed amendment would unfairly prejudice defendants. In light of the liberal policy favoring amendment, the Court concludes plaintiff should be granted leave to amend his complaint. The Court will address each of defendants' arguments in turn.

### 1. Joinder of Coursey's claims is proper

Defendants argue that they have been prevented from determining whether Coursey's claims arise from the same transaction or occurrence as those of named plaintiff Pablo, as required by Federal Rule of Civil Procedure 20. Rule 20(a)(1) permits joinder of plaintiffs that assert a right to relief arising out of the same transactions or occurrences and "any question of law or fact common to all plaintiffs will arise in the action." *See* Fed. R. Civ. Pro. 20(a)(1). Defendants point out that Pablo and Coursey did not work in the same Terminix branch, did not have the same supervisors, and did not work at the same time.

Defendants' argument fails as Coursey need not have worked at the same branch under the same supervisor as Pablo in order for joinder of her claims to be proper. As plaintiff notes, both Pablo and Coursey were employed by defendants as "inspectors"; they both allege that they worked in excess of eight (8) hours a day and for as many as fourteen (14) hours a day; they both allege that defendants refused to fully compensate them; as "inspectors," they carried out the same daily job requirements and were subject to the same company policies, rules, and regulations; their claims allegedly arise from common occurrences and transactions while employed by defendants; and they both allege violations of the California Labor Code and California's Unfair Competition Law. Given the similarity of the claims alleged by Pablo and Coursey, the Court finds that the requirements of Rule 20 are satisfied and joinder of Coursey's claims is proper.

### 2. Plaintiff's alleged dilatory motive

According to defendants, plaintiff intentionally waited to file the instant motion until weeks before the deadline for filing his motion for class certification. Defendants contend that plaintiff's motivation for the delay was either to gain an unfair advantage or because plaintiff failed to adequately investigate this case. Plaintiff responds that he thoroughly investigated the matter before filing suit but that additional information came to light during discovery that required a change in legal strategy. The Court finds no evidence that plaintiff has acted in bad faith. Furthermore, in light of the Court's change to the briefing schedule on class certification (Dkt. No. 25), defendants now have sufficient time to prepare their opposition to plaintiff's motion for class certification: Coursey is scheduled to be deposed

3

by defendants on July 15, 2009, and their opposition is not due until July 24, 2009. Accordingly, the Court finds that defendants will not be prejudiced by plaintiff's delay in seeking leave to amend.

### 3. The alleged prejudicial effect of joinder

Defendants claim that permitting joinder of Coursey would impair defendants' ability to oppose plaintiff's motion for class certification. Defendants argue that they have been litigating this case under the assumption that plaintiff was to be the only class representative and that introducing an additional class representative "creates a moving target." *See* Defs' Opp. to Pl. Mot. at 9. The Court is not persuaded by defendants' reasoning. First, the parties now have an additional month to prepare their briefs on class certification. Second, as noted above, Pablo and Coursey have substantially similar claims. Accordingly, the Court finds that joinder of an additional named plaintiff will not be unduly prejudicial to defendants.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court GRANTS plaintiff's motion to amend its complaint to add Coursey as a named plaintiff. [Docket No. 18]

**IT IS SO ORDERED.**

Dated: June 22, 2009

SUSAN ILLSTON
United States District Judge