Joan Tucker Fife (SBN: 144572)
jfife@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400

Attorneys for Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC.,
THE SERVICEMASTER COMPANY, INC.,
THE TERMINIX INTERNATIONAL COMPANY, L.P., and
TERMINIX INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RUBEN PABLO and BONNIE COURSEY, On Behalf Of Themselves And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:08-cv-03894-SI<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§17200** |

Defendants ServiceMaster Global Holdings, Inc., The ServiceMaster Company, Inc., The Terminix International Company, L.P. and Terminix International, Inc. ("Defendants") in response to Plaintiff Ruben Pablo and Bonnie Coursey's (collectively "Plaintiffs") Amended Complaint, admit, deny and allege as follows:

## PRELIMINARY STATEMENT

1. Defendants admit that Plaintiffs purport to bring a class action on behalf of "pest inspectors" or "Inspectors." Defendants deny any and all allegations in

Paragraph 1 of the Complaint not expressly admitted.

2. Defendants deny that Plaintiffs or the putative class members were incorrectly paid, incorrectly classified as exempt, or not provided legally required breaks or reimbursements. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny the remaining allegations in paragraph 2.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 and, on that basis, deny the allegations contained therein. To the extent Paragraph 3 states conclusions of law, no response is required.

4. Defendants admit that Terminix provides services in Marin County and that venue is proper. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny each and every remaining allegation in paragraph 4.

5. Defendants admit that jurisdiction in this District Court is proper under the Class Action Fairness Act of 2005. Defendants deny that the "amount in controversy" is less than $5 million total. Except as expressly admitted or denied, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the remaining allegations contained therein.

6. Defendants admit that Plaintiff Ruben Pablo was employed in Terminix's San Rafael, California branch. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiff Ruben Pablo is a resident of Solano County, California." Defendants deny any and all allegations in Paragraph 6 of the Complaint not expressly admitted.

7. Defendants admit that Plaintiff Bonnie Coursey was employed in Terminix's Stockton, California branch. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that "Plaintiff Bonnie

DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Coursey is a resident of Solano County, California." Defendants deny any and all allegations in Paragraph 7 of the Complaint not expressly admitted.

8. Defendants admit that The Terminix International Company, L.P. and Terminix International Inc. operate pest control services in the United States. Defendants deny any and all allegations in Paragraph 8 of the Complaint not expressly admitted.

9. Defendants admit the allegations in Paragraph 9 of the Complaint.

10. Defendants admit that the Terminix International Company, L.P. provided pest control services under the brand name "Terminix" to residential and commercial customers in the United States, including a branch office located in San Rafael, California and Stockton, California. Defendants deny any and all allegations in Paragraph 10 of the Complaint not expressly admitted.

11. Defendants admit that The Terminix International Company, L.P., is a Delaware limited partnership, registered to do business in California, with it executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee. Defendants admit The Terminix International Company, L.P. managed and operated the Terminix branches in San Rafael, California and Stockton, California. Defendants deny any and all allegations in Paragraph 11 of the Complaint not expressly admitted.

12. Defendants admit that The Terminix International, Inc. is a Delaware corporation, registered to do business in California, with it executive offices at 860 Ridge Lake Blvd., Memphis, Tennessee. Defendants deny any and all allegations in Paragraph 12 of the Complaint not expressly admitted.

13. To the extent Paragraph 13 states conclusions of law, no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the allegations contained therein.

14. To the extent Paragraph 14 states conclusions of law, no response is required. Defendants deny that any of them are liable to Plaintiffs or members of the

DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

putative class. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the remaining allegations contained therein.

15. To the extent Paragraph 15 states conclusions of law, no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the remaining allegations contained therein.

16. To the extent Paragraph 16 states conclusions of law, no response is required. Defendants admit that Plaintiffs purport to bring a class action on behalf of one or more putative classes. Defendants deny that class action treatment of Plaintiffs' claims is appropriate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the allegations contained therein.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and, on that basis, deny the allegations contained therein.

18. To the extent Paragraph 18 states conclusions of law, no response is required. Defendants admit that due to the ambiguous and overbroad manner in which the purported classes are identified in the Complaint, the allegations in the Complaint could be construed to apply to more than 150 persons. Defendants deny that class action treatment of Plaintiffs' claims is appropriate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the allegations contained therein.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. To the extent Paragraph 20 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. To the extent Paragraph 23 states conclusions of law, no response is required. Defendants deny that class action treatment of Plaintiff's claims is appropriate. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the remaining allegations contained therein.

24. To the extent Paragraph 24 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants admit that ServiceMaster's business units include Terminix, TruGreen, Merry Maids, American Home Shield, InStar Services Group, ServiceMaster Clean, Merry Maids, Furniture Medic and AmeriSpec. Defendants deny any and all allegations in Paragraph 25 of the Complaint not expressly admitted.

26. Defendants admit that Terminix unit provides termite and pest control services to residential and commercial customers in San Rafael, Marin and Stockton, California. Defendants deny any and all allegations in Paragraph 26 of the Complaint not expressly admitted.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny that "pursuant to Termininx's uniform policies and practices, Inspectors consistently worked in excess of eight hours a day and in some cases ten to fourteen hours per day during the regular workweek, plus additional hours one Saturday per month and one evening per week." Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and, on that basis, deny the remaining allegations contained therein.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants admit that Outside Sales Professionals are sometimes required to prepare reports mandated by the California Structural Pest Control Board. Defendants deny any and all allegations in Paragraph 32 of the Complaint not expressly admitted.

33. Defendants deny the allegations in Paragraph 33 of the Complaint.

34. Defendants deny the allegations in Paragraph 34 of the Complaint.

35. Defendants deny the allegations in Paragraph 35 of the Complaint.

36. Defendants admit that Terminix policy requires Inspectors to complete some of the tasks outlined in Paragraph 36 of the Complaint during a sales call. However, the precise tasks required to be done vary from sales call to sales call, depending on the type of inspection requested, the needs of the potential customers, the structure and foundation of the property, and the extent of the damage or infestation found. Defendants deny that Terminix policy requires Inspectors to write any statements describing locations of visible damages or draft any text for forms or reports. Defendants deny any and all allegations in Paragraph 36 of the Complaint not expressly admitted.

37. Defendants deny the allegations in Paragraph 37 of the Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants admit that termite reports must be submitted to the California Structural Pest Control Board within ten days of an inspection when termite infestation or damage is found. Defendants further admit that for each termite report created, Inspectors must sketch a final diagram of the structure to be included on the termite report. Defendants deny any and all allegations in Paragraph 39 of the Complaint not expressly admitted.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants admit that all Terminix Outside Sales Inspectors must be licensed by the State of California, which requires a written examination and that Inspectors must complete continuing education courses to maintain their licenses. Defendants deny any and all allegations in Paragraph 43 of the Complaint not expressly admitted.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. In answering the allegation of Paragraph 45 of the Complaint, Defendants restate and incorporate by reference its responses to Paragraphs 1-44.

46. To the extent Paragraph 46 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 46 of the Complaint.

47. To the extent Paragraph 47 states conclusions of law, no response is required. To the extent any response is required, Defendants admit that its employees are entitled to proper compensation for all hours worked, but deny that Defendants failed to pay them proper compensation.

48. To the extent Paragraph 48 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 48 of the Complaint.

49. To the extent Paragraph 49 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 49 of the Complaint.

50. In answering the allegation of Paragraph 50 of the Complaint, Defendants restate and incorporate by reference its responses to Paragraphs 1-49.

51. To the extent Paragraph 51 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 51 of the Complaint.

52. Defendants admit that Plaintiffs Ruben Pablo and Bonnie Coursey are no longer working for Defendant Terminix International Company, L.P. To the extent

Winston & Strawn LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543

Paragraph 52 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the remaining allegations in Paragraph 52 of the Complaint not expressly admitted.

53. To the extent Paragraph 53 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 53 of the Complaint.

54. To the extent Paragraph 54 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 54 of the Complaint.

55. In answering the allegation of Paragraph 55 of the Complaint, Defendants restate and incorporate by reference its responses to Paragraphs 1-54.

56. To the extent Paragraph 56 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 56 of the Complaint.

57. To the extent Paragraph 57 states conclusions of law, no response is required. To the extent any response is required, Defendants admit that Outside Sales Professionals are not exempt under Wage Order 4. Defendants contend that their Outside Sales Professionals are exempt under Wage Order 5.

58. To the extent Paragraph 58 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 58 of the Complaint.

59. In answering the allegation of Paragraph 59 of the Complaint, Defendants restate and incorporate by reference its responses to Paragraphs 1-58.

60. To the extent Paragraph 60 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 60 of the Complaint.

61. To the extent Paragraph 61 states conclusions of law, no response is required. To the extent any response is required, Defendants admit that Plaintiffs and

the class members are not exempt under Wage Order 4. Defendants contend that Plaintiffs and the class members are exempt under Wage Order 5.

62. To the extent Paragraph 62 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 62 of the Complaint.

63. To the extent Paragraph 63 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 63 of the Complaint.

64. In answering the allegation of Paragraph 64 of the Complaint, Defendants restate and incorporate by reference its responses to Paragraphs 1-63.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

66. To the extent Paragraph 66 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 66 of the Complaint.

67. In answering the allegation of Paragraph 67 of the Complaint, Defendants restate and incorporate by reference its responses to Paragraphs 1-66.

68. To the extent Paragraph 68 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants admit that Plaintiff makes the allegations in Paragraph 69 of the Complaint. Defendants deny any and all allegations in Paragraph 69 of the Complaint not expressly admitted.

70. To the extent Paragraph 70 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. To the extent Paragraph 72 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in

Paragraph 72 of the Complaint.

73. To the extent Paragraph 73 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. To the extent Paragraph 75 states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 75 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the requested forms of relief on any basis whatsoever. Any allegation in Plaintiffs' Complaint not specifically admitted above is denied.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

Defendants admit that Plaintiffs demand a trial by jury. To the extent Plaintiffs' Paragraph under "Demand For Jury Trial" states conclusions of law, no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph not expressly admitted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure To State A Claim Upon Which Relief May Be Granted)

1. The Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2. The Complaint, and each purported claim alleged therein, is barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3. The Complaint, and each purported claim alleged therein, is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. The Complaint, and each purported claim alleged therein, is barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. The claims are barred, in whole or in part, as a result of unclean hands with respect to the events upon which the Complaint and purported claims for relief allegedly are based.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6. The claims are barred, in whole or in part, by operation of applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure § 338, California Code of Civil Procedure § 340, California Business and Professions Code § 17208, California Labor Code § 203.

## SEVENTH AFFIRMATIVE DEFENSE

### (Section 203 Claims Barred After Filing of Complaint)

7. Claims under California Labor Code § 203 are barred to the extent that they seek damages or penalties for any time period following the filing of Plaintiffs' Complaint.

## EIGHTH AFFIRMATIVE DEFENSE
### (Contribution by Plaintiffs' Own Acts)

8. If the injuries and/or damages alleged in the Complaint occurred, such injuries were proximately caused by and/or were contributed to by Plaintiffs' or putative class members' own acts or failures to act.

## NINTH AFFIRMATIVE DEFENSE
### (No Private Right Of Action)

9. Each purported claim seeking redress for meal period and/or rest period violations is barred because there is no private right of action.

## TENTH AFFIRMATIVE DEFENSE
### (Conduct Not Willful)

10. Claims for waiting time penalties are barred insofar as none of the Defendants' conduct at the time of any Plaintiff or putative class member's termination of employment, as alleged in the Complaint, was not willful.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Conduct Not Knowing or Intentional)

11. Claims for penalties for purportedly providing employees with inaccurate statements of wages earned and deductions taken are barred or limited because each and every Defendant's conduct, as alleged in the Complaint, was neither knowing nor intentional.

## TWELFTH AFFIRMATIVE DEFENSE
### (Good Faith --29 U.S.C. § 259)

12. The claims are barred in whole or in part because, pursuant to 29 U.S.C. § 259, Defendants' act or omission, if any, complained of, was in good faith and conformity with, and in reliance on an administrative regulation, order, ruling, approval and interpretation of the United States Department of Labor or an administrative practice or enforcement policy of the Department of Labor agency with respect to the class of employers to which Defendants belong.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Willfulness)

13. Defendants' actions or omissions were not willful within the meaning of applicable law.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Liquidated Damages/Good Faith Reasonable Belief)

14. The claims for liquidated damages are barred in whole or in part because the act or omission, if any, in not paying overtime was in good faith and Defendant(s) had reasonable grounds for believing that their act or omission, if any, was not a violation of any applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (*In Pari Delicto*)

15. The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of *in pari delicto*.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Any Alleged Harm To Plaintiffs Outweighed)

16. Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq.* because the benefits of Defendants' practices to Plaintiffs and to members of the proposed class outweigh whatever particular harm or impact the practice allegedly caused them.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

17. The relief requested by Plaintiffs and members of the proposed class pursuant to California Business and Professions Code Section 17200 *et seq.* should be denied because Plaintiffs and members of the proposed class have an adequate remedy at law.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

18. The claims of some of the putative class members are barred in whole or in part by accord and satisfaction.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Release)

19. The claims of some putative class members are barred, in whole or in part, because, in exchange for a good and valuable consideration, they released Defendants from all liability to some or all of them for the claims alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Res Judicata)

20. The claims of some putative class members are barred in whole or in part by the doctrine of *res judicata*.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

21. The claims of some putative class members are barred in whole or in part by the doctrine of collateral estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Exemption From Overtime -- 8 Cal. Code Reg. § 11040)

22. Pursuant to Industrial Welfare Commission Order 5-2001 (8 Cal. Code Reg. § 11040), Plaintiffs and members of some or all of the proposed California Classes are exempt from overtime pay requirements because, *inter alia*, they were employed in a bona fide commissioned, administrative, executive and/or outside sales capacity.

DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

23. The claims are barred, in whole or in part, because Plaintiffs and the proposed classes lack the necessary standing to pursue the claims asserted, including a claim for violation of the California Unfair Practices Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Due Process)

24. The relief requested by Plaintiffs and members of the proposed California Classes pursuant to California Business and Professions Code Section 17200 *et seq.* violates Defendants' constitutional rights under provisions of the United States and California Constitutions, including, but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (No Unfair Business Practices)

25. Defendants are not liable for violation of unlawful business practices pursuant to California Business and Professions Code Section 17200 *et seq.* because their business practices were not unfair, deceptive or likely to mislead anyone.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Enforcement Duty for Meal and Rest Periods)

26. Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred to the extent that it seeks redress for meal and rest period violations on the ground that Defendants do not have an enforcement duty with respect to meal and rest periods.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Authorize and Permit Meal and rest Periods)

27. Plaintiffs' Complaint, and each purported cause of action alleged therein, is barred to the extent it seeks redress for meal and rest period violations on the

ground that Defendants authorized and permitted Plaintiffs to take meal and rest periods.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

28. Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend their answer to assert any such defenses.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment as follows:

1. That all relief requested in the Complaint be denied;
2. That Plaintiffs take nothing by virtue of this action;
3. For costs of suit and attorneys' fees incurred herein (including but not limited to attorneys' fees pursuant to Labor Code § 218.5); and
4. For such other and further relief as the Court may deem just and proper.

Dated: August 14, 2008

WINSTON & STRAWN LLP


By _____/s/_____
Joan B. Tucker Fife
Attorneys For Defendants,
SERVICEMASTER GLOBAL HOLDINGS, INC., THE SERVICEMASTER COMPANY, INC., THE TERMINIX INTERNATIONAL COMPANY, L.P., AND TERMINIX INTERNATIONAL, INC.