

# HERSHandHERSH

August 9, 2010

LeRoy Hersh (1920-2003)
Nancy Hersh
Amy Eskin
Mark E. Burton, Jr.
Charles C. Kelly, II
Joseph Boyle
Jeffrey Chen

The Honorable Susan Illston
United States District Court
Northern Division
450 Golden Gate Avenue, Courtroom 10
San Francisco, CA 94102

RE:  Motion to Compel Production of Documents &
     Continuance of Filing Date for Motion To Certify Class
     *Pablo/Morse v. Servicemaster, et al.*
     *3:087-CV03894-SI & CV10-00628 SI*

Dear Judge Illston:

On June 7, 2010, after multiple previous discussions pursuant to our obligation to Meet and Confer regarding Defendants' ongoing failure to produce most of the documents requested by Plaintiffs, Nancy Hersh and Lauren Hallinan had a face to face meeting with counsel for Defendant, Joan Fife. In that conversation, Ms. Fife agreed to produce on a rolling basis documents that had been first requested in October of 2009 as well as additional documents requested later, including those pursuant to subpoenas duces tecum. Ms. Fife raised no objections to any categories of documents requested by Plaintiffs. Furthermore, Counsel for Plaintiffs and Defendant then agreed to a schedule for production, discovery and motions, which dates were conveyed to the Court at the Case Management Conference. Ms. Fife also advised counsel for Plaintiffs that the dates agreed upon could be changed if they did not work for any reason and that she, Ms. Fife, on behalf of Defendant was not wedded to any particular dates. On June 9, Lauren Hallinan requested that names of customer not be redacted and agreed to maintain confidentiality of such information.

On July 16, 2010, the rolling production of documents was terminated by defendant with a letter saying it would produce no more, although the production in response to Plaintiffs' first request for documents was incomplete, and the other requested productions, whether by subpoena or accompanying deposition notices, had not been made at all and/or were incomplete and/or were improperly redacted. *(7/16/10 Letter is **Exhibit 1**)*

Plaintiffs immediately requested of Defendant that the time for bringing the Motion for Class Certification be moved in order to resolve these matters, Defendants refused, thereby requiring Plaintiffs to make an ex parte request of the Court for more time. Defendant then agreed to an additional month within which Plaintiff anticipated that Defendant would cure the remaining production problems. Plaintiff sent a letter and email to Defendant on Thursday August 5, 2010, setting forth the deficiencies and requests in substantial detail. Defendant responded by email saying it would produce no more documents and by objection to Plaintiff's



August 9, 2010
Page 2

Request for Production of Documents. Therefore, Plaintiffs bring this Motion to Compel. *(8/5/10 Letter is **Exhibit 2**; Objection to Request for Production of Documents is **Exhibit 3**)*

The subject areas are as follows:

1.      Retaliation claims of employee plaintiffs: Less than two weeks after employee plaintiffs filed a related action against Terminix as part of a group filing, Defendants, through its regional and branch management, began to retaliate against the eleven employee plaintiffs in the Long Beach office with threats of termination and actual suspension, reprimands, disciplinary action, fraudulent denial of worker's compensation benefits, reduction of leads and other adverse conduct. Plaintiffs immediately advised Ms. Fife of said conduct by letter. *(4/29/10 Letter Re: Retaliation is **Exhibit 4**)*. Plaintiffs have amended their complaint and will seek a stipulation from Defendant to file the amended complaint to include retaliation claims. *(Plaintiff's First Amended Complaint is **Exhibit 5**)*

        Plaintiffs deposed Regional Manager Raul Ortega and Long Beach Branch Manager John Cook, who carried out the course of retaliation in the Long Beach office, with notices of deposition and subpoenas duces tecum. Mr. Ortega produced no documents. Mr. Cook who, according to Counsel for Defendant, Maria Rodriguez, was the "keeper of the documents" produced documents that improperly deprived Plaintiffs of the names of witnesses. Further, Mr. Cook's production was incomplete and failed to produce documents we know exist. For example, neither Cook nor Ortega produced emails to and between Human Resources manager Becky Nunez nor the reports they and others created that are relevant to retaliation.

        By way of example, at his deposition, Mr. Cook testified that one of the plaintiffs, John McWilliams, who is disabled from a fall from a ladder during the course of a residential inspection, faked his fall and injury and that he, Mr. Cook, so advised the worker's compensation inspector. As a result, Mr. McWilliams was denied worker's compensation benefits, even though he cannot work and is on medical disability after having been hospitalized after the fall. Mr. Cook and Mr. Ortega told the worker's compensation investigator that Mr. McWilliams faked his fall in collusion with the home owner in order to avoid termination, which allegedly was planned for the very day of the accident.

        Plaintiffs learned, through attending the deposition of the home owner, that all of the foregoing was false. Deposition of Darrell Bose, *James McWilliams v. Terminix, Zurich North America* (No. ALJ Assigned) at 40:7-13, 49:8-9, 17-18, 49:25-26, 50:1-6, 54:13-19, 58:17-22 ( El Segundo, CA, June 26, 2010); see Deposition of John McWilliams, *Id* at 88:16-20 (May 13, 2010). Mr. Cook and Ortega interviewed the homeowner, a regular Terminix customer of



August 9, 2010
Page 3

several years, inspected the premises and prepared a report, as well as gave statements to the workers' compensation insurance investigator for his report. Mr. Ortega and Mr. Cook had taken the ladder from which Mr. McWilliams had fallen, were aware of the fact of the fall, that it had occurred in the course and scope and as a result of Mr. McWilliams inspection of the house, and that he was entitled to benefits. In fact, they intentionally lied to the worker's compensation investigator, and Mr. Cook lied under oath at his deposition regarding this matter. Further, Mr. Cook claimed to other employees that he had photos and videos that proved Mr. McWilliams was faking his injuries.

Plaintiffs requested the production of investigation reports, any videos, photographs and any and all documents pertaining to the incident and Mr. McWilliams. Defendant has refused the production. These documents directly bear on the Motion for Class Certification in the related case, *Pablo et al. v. ServiceMaster, et al.* One purpose of a class action for labor law violations is to protect employees from potential retaliation by their employer, *Gentry v. Superior Court* 42 Cal.4th 443,460(2007). Defendant failed to produce documents in response to Plaintiffs' RFPs that demonstrate Terminix's actual and potential pattern and practice of such retaliation against employees who have sued for the same labor law violations asserted in *Pablo*. The non-produced documents support our concern that employee plaintiffs throughout Defendants' 49 branches will incur retaliation as here (and as in a previous instance of termination of another active employee less than two weeks after he submitted his declaration in this case). Such retaliation can be sophisticated and difficult to establish but is remarkably effective in creating an untenable investigatory burden while easily inducing fear of job loss among potential class members and witnesses. Defendant served only objections to Plaintiff's Request for Production of Documents. *(Exhibit 3)*

2. Policy documents: Defendants' Persons Most Knowledgeable and Mr. Cook and Mr. Ortega gave testimony regarding certain company policies among other issues that support the Motion for Certification, but Defendants have produced little in the way of relevant policy documents. In particular, there are no memoranda, drafts, emails or other documents that reflect the existence, developments and changes to Defendants' policies related to the work and classification of termite inspectors, including renewal and re-inspectors who are classified as non-exempt but do the same work. This bears directly on the Motion for Class Certification, i.e. the same work as termite inspectors but they receive overtime.

Defendants' production of documents setting forth policy is substantially incomplete, and Defendant failed to produced the policies and memoranda we know exist. For example, in apparent response to the class action, Defendants recently changed its termite inspector trainees, who under California law, are not allowed to conduct sales activities, from exempt to non-



August 9, 2010
Page 4

exempt status. See the ***Exhibit 6*** document entitled, "Memorandum to Sales Trainees April 10, 2010." Neither this document, nor any other documents which relate to policies enacted in response to the class action have been produced. In addition, there are outstanding documents improperly redacted, but which would provide the names of witnesses, who will support Plaintiffs claims.

3. Work documents of Plaintiffs, declarants, and deponents: Plaintiffs' showing that they spend significantly more than 50% of their time in non-sales activities, such as inspecting structures, writing termite reports, attending meetings, inside sales, and driving to inspection sites, is essential to the Motion for class Certification. The subject activities include, but are not limited to, inspecting on average three to five homes per day each of which average inspection, according to the testimony of Mr. Cook, should take no less than one and one half hours per inspection, writing termite reports which, according to Mr. Cook, should take no less than 30 to 45 minutes each, working one or more Saturdays for a full day doing inspections and writing reports just as on a weekday, working at night in the office on inside sales one or more times per week, and spending very little time pitching the service and preparing contracts, so that most of each day is spent performing non-sales activities. Defendants refused to produced requested documents that woud support the foregoing.

The Requests for Production have been designed to support Plaintiffs contentions and would augment the declarations and depositions of Plaintiffs as well as clarify Defendant's employee declarations and depositions. There are now thirty-four individual plaintiffs in addition to the two class representatives. Plaintiffs requested the production of all documents, emails, memoranda etc. pertaining to each plaintiff and Defendants have refused and failed to produce the same. Of particular concern is the Defendants' refusal to produce the daily schedules of Plaintiffs, declarants, and deponents, the inspection reports of Plaintiffs, declarants, and deponents. Further, in depositions of former and active employees, Defendants' counsel has repeatedly referred to a "record of the percentage of inspection completion." For example, Defendants' counsel will state to a Deponent, who has testified to performing on average three inspections per day, "would it surprise you to hear your record for inspection completion is .93%?" No such records of "inspection completion" by Plaintiffs have ever been produced by Defendants.

Defendant appears to be intentionally withholding documents, including both workers' records and corporate policies in California, that will support Plaintiffs' claims regarding class commonality and typicality in order to attempt to defeat Plaintiffs' Motion for Class Certification. Alternatively, Defendant is withholding documents it intends to use in its Opposition to Plaintiffs' Motion so that Plaintiffs are deprived of the opportunity of seeing said



August 9, 2010
Page 5

documents in advance.

4.  Subpoenaed Documents: Plaintiffs subpoenaed documents to be produced at the depositions of Defense witnesses and the said witnesses produced no documents and testified under oath that they had been told not to bring said documents to the depositions by lawyers for Defendant. *(Deposition of Pablo Amado taken December 8, 2009, pp 24-26 is **Exhibit 7**)* Plaintiffs have requested the documents numerous times since the depositions and Defendants have refused any production whatsoever. The documents withheld will demonstrate Defendants' employees whose declarations Defendants submitted in support of their previous opposition to class certification, did in fact perform non-sales activities more than half the time on their job as termite inspectors.

Plaintiffs request that the Court order the production of all documents identified in Plaintiffs Letter dated August 5, 2010. *(**Exhibit 2**)* Further, Plaintiffs should be given additional time to file their Motion for Class Certification in order to incorporate the aforesaid document production.

Very truly yours,

NANCY HERSH

NH:tc
Enclosures

Cc:  Lauren Hallinan, Esq. w/out enclosures

   Joan Tucker Fife, Esq.  via fax w/out enclosures
   Mari Overbeck, Esq.
   Winston & Strawn LLP
   101 California Street, Suite 300
   San Francisco, CA 94111

   Maria Rodriguez. Esq.  via fax w/out enclosures
   Amanda C. Sommerfeld, Esq.
   Winston & Strawn LLP
   333 S. Grand Avenue, 38th Floor
   Los Angeles, CA 90071

## PROOF OF SERVICE

I, Tanya Chandler, declare:

**Motion to Compel Production of Documents & Continuance of Filing Date for Motion To Certify Class in Pablo/Morse v. Servicemaster, et al.
Case No.'s 3:087-CV03894-SI & CV10-00628 SI**

I am employed in the City and County of San Francisco, California. I am over the age of 18 years and not a party to the within action or proceeding; my business address is 601 Van Ness Avenue, Suite 2080, San Francisco, California, 94102-6396.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business.

On August 9, 2010, I a true copy of the following documents:

| Co-Counsel for Plaintiffs:<br><br>Lauren Hallinan<br>Hallinan & Wine<br>Law Chambers Building<br>345 Franklin Street<br>San Francisco, CA 94102<br>Tel: (415) 621-2400<br>Fax: (415) 575-9930 | Attorneys for Δs SERVICEMASTER GLOBAL HOLDINGS, INC.; THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P.; and TERMINIX INTERNATIONAL, INC.:<br><br>Joan Tucker Fife<br>jfife@winston.com<br>Mari Overbeck<br>MOverbeck@winston.com<br>Winston & Strawn LLP<br>101 California Street, Suite 300<br>San Francisco, CA 94111<br>Tel: (415) 591-1513<br>**Fax: (415) 591-1400**<br>Maria Rodriguez:<br>McRodriguez@winston.com<br>Winston & Strawn LLP<br>333 S. Grand Avenue, 38th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 615-1700<br>**Fax: (213) 615-1750** |

___ **(BY MAIL)** By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in accordance with the above business practice, as addressed above.

**HERSHANDHERSH**
A Professional Corporation

___ **(BY HAND DELIVERY)** By arranging hand-delivery of a copy of the same to the person(s) identified above.

___ **(BY OVERNIGHT DELIVERY)** By placing a true and correct copy of the document(s) listed above enclosed in a sealed envelope(s), and having said envelope be delivered to an overnight delivery carrier with delivery fees provided for, addressed to the person(s) identified above.

_X_ **(BY FACSIMILE)** By transmitting a facsimile copy of the same, to the number listed above.

_X_ **(BY ELECTRONIC MAIL)** By transmitting an electronic copy of the same to the e-mail address(es) indicated above.

_X_ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 9, 2010, at San Francisco, California.

TANYA M. CHANDLER