IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PABLO and BONNIE COURSEY, | No. C 08-03894 SI |
| Plaintiffs, | Related Case No. C 10-00628 SI |
| v. | **ORDER RE: DISCOVERY** <br> **[Docket No. 73]** |
| SERVICEMASTER GLOBAL HOLDINGS, INC., et al., | |
| Defendants. | |

On August 9, 2010, plaintiffs filed a letter brief with the Court to compel production of certain documents and requesting a continuance of the filing dates for plaintiffs' renewed motion to certify a class and plaintiffs' opposition to defendants' motion for partial summary judgment.[1] Plaintiffs identify several categories of documents as to which it asserts that defendants' production was deficient. The Court hereby rules as follows.

**BACKGROUND**

The subject of this litigation is an employment dispute over unpaid wages brought by former and current employees against defendants ServiceMaster Global Holdings, Inc., the ServiceMaster Company, the Terminix International Company, L.P., and Terminix International, Inc. (collectively "Terminix"). On May 30, 2008, plaintiff Ruben Pablo filed a putative class action complaint in Marin

---

[1] On August 9, 2010, plaintiffs e-filed their letter brief without any of the supporting exhibits. Doc. 73. On August 13, plaintiffs e-filed an errata to the letter brief along with exhibits 8 and 9. Doc. 74. On November 17, plaintiffs e-filed the letter brief along with exhibits 1–7, doc. 94, and re-e-filed the errata, doc. 93.

County Superior Court against defendants. Defendants removed the action to federal court on August 14, 2008, invoking this Court's diversity jurisdiction. The complaint was amended once in order to add named plaintiff Bonnie Coursey, such that the operative complaint in case number C 08-03894 SI ("the putative class action") is now the Amended Complaint, which was filed on August 12, 2009.

Plaintiffs in the putative class action have brought suit on behalf of all individuals employed by Terminix as inspectors in California from May 30, 2004 to the present. Am. Compl. ¶ 16. The gravamen of the complaint is that defendants avoided paying inspectors overtime compensation by improperly classifying them as exempt employees, failing to provide rest breaks, and failing to reimburse necessary work-related expenses.

California law exempts "outside salespersons" from overtime requirements. Cal. Code Regs. tit. 8 § 11010(1)(C). An outside salesperson is an employee who "customarily and regularly works more than half the working time away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities." Cal. Code Regs, tit. 8, § 11010(2)(J). Courts must evaluate whether an employee is properly classified as a salesperson by "inquiring into the realistic requirements of the job." *Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785, 802 (1999). "[T]he court should consider, first and foremost, how the employee actually spends his or her time." *Id.* The declarations submitted by both parties reflected substantial variation in how inspectors spend their time.

On August 17, 2009, the Court denied plaintiffs' motion for class certification. Doc. 49. The Court found that resolution of this claim on a class basis was not appropriate because plaintiffs could not satisfy the commonality requirement of Federal Rule of Civil Procedure 23(b)(3). With regard to the overtime claim, the Court explained that Terminix's uniform policies for classifying inspectors, determining compensation, and other employment practices did not predominate over the hundreds of individualized inquiries the Court would have to perform to determine whether inspectors spend more than half their workdays doing sales outside the office. Because the rest and meal break claim and the record keeping claims depended on the overtime claim, the Court denied certification on those issues

as well.[2]

The Court's Order signaled that if plaintiffs could demonstrate that the purported class members "spent more than half their work days on" inspections and report writing, then "the question of whether [these] activities constitute sales . . . would be . . . susceptible of class treatment." At a March 2010 case management conference, the Court set a deadline (which has since been continued several times) for plaintiff to file a renewed motion for class certification. Doc. 68.

On February 12, 2010, twenty-three individuals who would have been class members in the purported class action filed suit independently (case number 10-00628 SI, "the multi-plaintiff case"), setting forth claims similar or identical to the claims in that case. *See* Compl.

The discovery dispute currently before the Court relates to plaintiff's ongoing efforts to certify a class in the putative class action, as well as plaintiff's efforts to conduct discovery in the related multi-plaintiff case.

## DISCUSSION

### I.  Retaliation claims documents

The first category of documents that plaintiffs wish to have produced are documents relevant to allegations of retaliation. Plaintiffs sets out details of alleged retaliatory actions taken against James McWilliams, named plaintiff in the multi-plaintiff case and prospective class member in the putative class action. Plaintiffs have requested production of investigation reports, as well as any videos, photographs and any and all documents pertaining to the incident and plaintiff McWilliams. Letter Br. Ex. 3 at 7–9. Defendants object to the request, arguing that the information is irrelevant to the claims currently before the Court. Although plaintiffs in the multi-plaintiff case have told the Court that they will be filing an amended complaint alleging retaliation, they have not yet done so.[3] Plaintiffs argue that

---

[2] The Court denied certification on the reimbursement claim without prejudice because it was not clear whether plaintiffs would wish to pursue the claim on a class basis in light of the remainder of the Court's order.

[3] Plaintiff in the multi-plaintiff case submitted a copy of a possible first amended complaint along with its letter brief, Letter Br. Ex. 5, and they filed an amended complaint on October 1, but the amended complaint was withdrawn as filed in error. Doc. 19. The original complaint is still the

the documents are relevant to the claims already before the Court. Plaintiffs state that they bear directly on the forthcoming renewed motion for class certification, because "[o]ne purpose of a class action for labor law violations is to protect employees from potential retaliation by their employer."

Plaintiffs cite *Gentry v. Superior Court*, 42 Cal. 4th 443 (2007), for support. In *Gentry*, the California Supreme Court explained that class actions protect employees against retaliation and the fear of retaliation because they allow all but a few class members to pursue their rights without having to step forward and publicly challenge their employer. This was one of several reasons that the California Supreme Court held that California public policy prohibits certain class action waivers. The California Supreme Court cited a handful of federal court opinions to support this reasoning. For example, the Fifth Circuit has held that the possibility of retaliation against current employees is relevant to the numerosity inquiry—the question of practicability of joinder. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999). In *Mullen*, it does not appear that plaintiffs presented evidence of actual retaliation, but rather that the district court "reasonably presumed that those potential class members still employed by [defendant] might be unwilling to sue individually or join a suit for fear of retaliation at their jobs." *Id.*

Here, plaintiffs have alleged that there are between 150 and several hundred possible class members. Am. Compl. ¶ 18. In opposing plaintiffs' first motion for class certification, defendants argued that plaintiffs failed to present any evidence supporting plaintiffs' numerosity argument, but did not challenge numerosity otherwise. Doc. 36 at 29–30. It appears unlikely that the policy argument in favor of certification of a class containing current employees will come before the Court. Even if it does, the Court will not need documentation of actual retaliation, and the Court certainly will not need documentation beyond that currently in plaintiffs' possession.

Because the request for production is not relevant to any claim that has actually been alleged in a complaint, is not relevant to a defense, and is not reasonably calculated to lead to the discovery of admissible evidence in the putative class action or multi-plaintiff case, *see* Fed. R. Civ. P. 26(b)(1), the Court DENIES plaintiffs' motion to compel to the extent that plaintiffs request the production of

---

operative complaint in the multi-plaintiff case.

4

retaliation documents.

**II.     Policy documents**; **Work documents of plaintiffs, declarants, and deponents**

In their initial letter to the Court, plaintiffs list two further categories of document requests: policy documents and work documents of plaintiffs, declarants, and deponents. In their reply letter, they appear to discuss these two categories together, and thus the Court does as well.

In its first set of requests for the production of documents in the putative class action, plaintiffs asked for "All policies, memos and documents related, directed, or applicable to any and all Field Representative ("FR") Branch 3 licensees employed by Defendant at any time June 1, 2004–present." Reply Ex. A at 2 (request 1). Plaintiffs argue that defendants produced only documents falling under the "directed . . . to" category. Plaintiffs list 14 subcategories of documents that they claim were not produced in response to its request:

- corporate memos, communications, and policies applicable to termite inspectors;
- termite inspectors' schedules (including six subcategories);
- termite inspectors' termite reports;
- documents relevant to termite inspectors' inspections (including six subcategories);
- documents relevant to termite inspectors' mandatory evening work;
- documents relevant to termite inspectors' Saturday work;
- documents relevant to termite inspectors' home work;
- documents relevant to termite inspectors' meetings with managers;
- documents relevant to REI inspectors;
- documents relevant to termite inspectors trainees (including four subcategories);
- documents relevant to commissions (including two subcategories);
- documents relevant to termite inspectors' salaries;
- documents relevant to reimbursement of termite inspectors (including four subcategories);
- documents relevant to changes in employee summaries or handbooks (including five subcategories).

It appears that plaintiff believes that they documents all fall under the single, quoted request for

5

document production. *See* Letter Br. Ex. 2 at 2–5. *But see* Reply Ex. A at 2–3 (making a separate request for, inter alia, "documents related . . . to work on any Saturday").

Defendants argue that plaintiffs' single request is overbroad, that it already produced some of the documents requested, that it has informed plaintiffs that there are no documents that fall in certain other categories, and that some requests were only made with regard to the two plaintiffs named in the putative class action (at least before subsequent production requests were served on September 29, 2010, the answers to which were not due until November 1, after briefing on this motion was completed). Defendants argue that any documents relating to employees other than termite inspectors are irrelevant to the question of class certification.

Although plaintiffs have not clearly identified each production request that supports their motion to compel, the Court has not seen any discovery requests that are limited to documents regarding the two named plaintiffs. *See generally* Reply Ex. A. Additionally, documents regarding positions other than termite inspector positions are relevant inasmuch as the different employees perform similar tasks; defendants have made certain decisions with regard to whether those employees are exempt or non-exempt that may be relevant to the question of whether the termite inspectors are exempt or non-exempt. To the extent that documents exist but have not yet been produced that fall under the categories listed above, plaintiffs' motion is GRANTED. Defendant shall produce all relevant non-privileged documents within **twenty-one days of the date of this order**.

## III. Subpoenaed documents

Plaintiff have subpoenaed seven current employees of defendants to testify at depositions and to produce documents.[4] Plaintiffs state that the subpoenas specifically requested the production of work orders summaries, pay stubs, personnel records, and any documents recoding the deponents' daily work, including but not limited to journals, logs, notes, and time records.[5] Plaintiffs assert that these requests

---

[4] Defendants list these employees as T.J. Bergen, Vontalio Carter, Pablo Amado, Brian Brandner, Helios Costa, Dick Chhetri, and Noberto Contreras. Opp. at 5 n.4.

[5] No copy of any of these subpoenas is on record with the Court.

include requests for daily sales planners, daily schedules, daily sales records, commission pay-out summaries, contracts and packets for residential inspections, contracts and packets for commercial inspections, records of vehicle mileage, and records of reimbursement for expenses. The employees appeared at their depositions. But, plaintiffs argue, plaintiffs were not provided with the full scope of responsive documents in the deponents' possession.

Earlier in this litigation, defendants took the position that the employees are non-party deponents. Doc. 55.[6] The Court agreed with defendants, *see* Doc. 57, and on the instruction of the Court plaintiff subpoenaed the employees pursuant to Federal Rule of Civil Procedure 45. At the deposition, it appears, defendants took a different position. Defense counsel advised (to use the weakest possible language to describe what has been recorded on deposition transcripts) at least two witnesses regarding what documents they needed to produce at the deposition. *See* Reply Ex. H at 24:17–26:3 (deponent Pablo Amado explaining that "Monique" told him that he "didn't have to bring" certain documents); *id.* Ex. I at 95:18–97:18 (defense council: "I am advising the witness [T.J. Bergren] not to hand you over company files that happen to be in his possession"). It seems that defendants are also maintaining that position before the Court.[7]

In the case of a third-party witness, "[o]nly the witness may prevent disclosure by objection. The party to whom the subpoenaed records pertain *cannot* simply object. Rather, a protective order or motion to quash the subpoena is required." Schwarzer et al., 2 Rutter Group Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2010) 11-320, ¶ 11:2291 Note (emphasis in original). Moreover, a subpoena may request any document that appears to be within the non-party witness's control. *Id.* at 11-311, ¶ 11:2245. Discovery rules do not differentiate between personal and "company" documents, as defense council did at one employee's deposition. To the extent that defense council believed that some subpoenaed documents contained privileged or proprietary information, defendants should have filed a motion to quash, motion to modify, or motion for protective order within 14 days

---

[6] Defendants took this position in a different discovery dispute that specifically concerned the depositions of five of these employees and one other former employee. *See* Doc. 55.

[7] Defendants also argue that they did not tell the witnesses not to bring documents to their depositions, and that they have reached out to three of the seven witnesses to ask them to perform a search for responsive documents.

7

of the service of the subpoena. *Id.* at 11-323, ¶ 11:2306.[8]

That said, this Court does not have the power to compel defendants to comply with a subpoena directed at third-party witnesses. *See id.* at 11-325 (11:2316) (explaining that non-party subpoenas are enforced by the filing of an application of an order to show cause why a contempt citation should not issue). Plaintiffs' motion to compel defendants to produce documents subpoenaed from non-party witnesses is DENIED.[9]

**IV.    Redaction of client names**

Plaintiffs argue that defendants should not have redacted the names of customers from post-inspection reports that defendants provided in response to several requests for production. Plaintiffs argue that the names are not confidential, and in fact that the reports are filed with the state without the names of the customers being redacted. Plaintiffs explain that the customers are potential witnesses, and therefore that their names should be disclosed. Defendants argue that the names are private, proprietary information that defendants are obligated and entitled to protect. Defendants argue that plaintiffs originally took the position that the customer information was relevant to the question of mileage reimbursement, and that defendants have provided sufficient information about the location of customers to allow plaintiffs to estimate mileage reimbursements.

It does not appear that the customers could provide plaintiffs with information that cannot be obtained elsewhere, for example from plaintiffs and putative class members. Moreover, the Court is concerned about the burden on both defendants and on the customers if plaintiffs contact customers about this law suit. Plaintiffs' motion to compel production of the names of customers is DENIED.

**V.    Extension of time**

---

[8]    Defendants' "advice" is particularly troubling to the Court since these deponents are defendants' current employees. *See* Reply Ex. I at 97:5–97:10 (Q: "So we're going to mark these documents . . . ." A: "Well, now I don't want to get in trouble for anything." Q: "You're not going to get in trouble." A: "I don't know.").

[9]    To the extent that the unreceived subpoenaed documents are in the control of defendants and are covered by plaintiffs' discovery requests and the Court's decision in the previous section of this order, defendant is ORDERED to produce those documents.

8

Plaintiffs assert that the documents requested in their motion to compel are essential to their opposition to defendants' motion for partial summary judgment, which is due on December 23, and to their renewed motion for class certification, currently due December 10. Plaintiffs have requested additional time in order to incorporate any produced documents into their motion and opposition. This request is GRANTED. The hearing for defendants' motion for partial summary judgment, currently scheduled for January 14, is rescheduled for February 18, 2011. Plaintiffs' opposition brief is due 21 days before the hearing. Additionally, plaintiffs shall file any renewed motion for class certification on or before January 14, 2011.

**CONCLUSION**

Plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART. (Doc. 73.) It is granted to the extent that documents exist but have not yet been produced that fall under the following categories:

- corporate memos, communications, and policies applicable to termite inspectors;
- termite inspectors' schedules (including six subcategories);
- termite inspectors' termite reports;
- documents relevant to termite inspectors' inspections (including six subcategories);
- documents relevant to termite inspectors' mandatory evening work;
- documents relevant to termite inspectors' Saturday work;
- documents relevant to termite inspectors' home work;
- documents relevant to termite inspectors' meetings with managers;
- documents relevant to REI inspectors;
- documents relevant to termite inspectors trainees (including four subcategories);
- documents relevant to commissions (including two subcategories);
- documents relevant to termite inspectors' salaries;
- documents relevant to reimbursement of termite inspectors (including four subcategories);
- documents relevant to changes in employee summaries or handbooks (including five subcategories).

9

Defendants shall produce all relevant non-privileged documents within **by December 17, 2010.** Plaintiffs' requests for the Court to compel production of other documents are denied.

Plaintiffs' deadlines for filing an opposition to defendants' motion for partial summary judgment and for filing a renewed motion for class certification are extended as discussed above.

**IT IS SO ORDERED.**

Dated: December 3, 2010

SUSAN ILLSTON
United States District Judge