IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER DEAN RICHARDSON,<br><br>          Plaintiff,<br><br>   v.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC.,<br>et al.,<br><br>          Defendants.<br>_____/ | No.   C 09-04044 SI<br><br>And related cases:<br><br>C 09-05148 SI<br>C 09-05150 SI<br>C 09-05152 SI<br>C 09-05153 SI<br>C 09-05154 SI<br>C 10-00628 SI<br><br>**ORDER RE: MOTION TO COMPEL** |

On December 29, 2010, defendants filed a letter brief motion to compel plaintiffs to respond to discovery requests in seven related cases: C 09-04044 SI, C 09-05148 SI, C 09-05150 SI, C 09-05152 SI, C 09-05153 SI, C 09-05154 SI, C 10-00628 SI. Case no. 10-628, doc. 23 ("Motion"). Defendants explain that of the 34 plaintiffs in these cases, only four have provided responses to interrogatories, and only four have produced any documents. *Id.* at 1.[1] The interrogatories and requests for production of documents were served May 25, 2010. *Id.* Defendants state that they stipulated to a certain limited extension of the original deadline to respond, which was June 28, 2010, but that they never agreed to an unlimited extension of time. On November 15, 2010, defendants sent a letter to plaintiffs' counsel

---

[1] These four plaintiffs are Alday, Czeczko, Westcott, and Peckham. Defendants assert that although these four plaintiffs have produced documents, they did not produce them in direct response to the requests for production. In addition to moving to compel responses from the 30 plaintiffs who have not responded at all, defendants have moved to compel these four plaintiffs to supplement their responses to four of the interrogatories, for them actually to respond to defendants' request for production and turn over any documents that have not already been provided, and for two of the plaintiffs to verify their interrogatory responses. The Court reserves ruling on the motion to compel with regard to plaintiffs Alday, Czeczko, Westcott, and Peckham.

"to commence the meet and confer process" regarding these discovery requests. *Id.* Ex. A at 1. Plaintiffs and defendants discussed the outstanding discovery requests over the phone and by email through December 22, 2010. Motion at 5 & Exs. A–F.

On January 5, 2011, plaintiffs filed a letter brief response. Case no. 10-628, doc. 27. In that letter, "Plaintiffs acknowledge that discovery responses are outstanding but request that this Court withhold consideration of Defendants' motion to compel and all discovery issues" in these seven cases until the Court rules on two motions that have been filed in a related case, *Pablo v. ServiceMaster Global Holdings, Inc.*, No. C 08-03894 SI.[2]

The Court does not find it appropriate to stay discovery or withhold consideration of the motion to compel filed in these seven cases. Although the outcome of the motions in *Pablo* may impact plaintiffs' ability or desire to proceed in these seven cases, these cases have not been stayed and defendants should be permitted to continue to defend themselves in the lawsuits. These discovery requests are over seven months old, and defendants have made clear since at least November that they expect responses to their requests notwithstanding the existence of the motions in *Pablo*.

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART defendants' motion to compel. (Case no. 09-04044, doc. 40.) The motion is granted with regard to the 30 plaintiffs who have not responded to defendants' requests for production or interrogatories (plaintiffs Bahr, Bapu, Bickerstaff, Blackwell, Chan, Craioveanu, Desvarieux, Drummer, Easley, Galeno, Holt, Kanaday, Livraga, Martinez, McGuire, McWilliams, Morse, Nakano, Nguyen, Olmos, Ribeiro, Richardson, Sanchez, Santos, Spencer, Vantil, Vasquez, Vazquez, Washington, and Webser). These 30 plaintiffs shall respond to defendants' interrogatories and produce all relevant non-privileged documents **by January 18, 2011.** Under the circumstances, the Court does not find that plaintiffs have waived their objections. However, plaintiffs are advised to respond fully and that non-meritorious

---

[2] *Pablo* is a putative class action. On August 17, 2009, the Court denied the plaintiffs' first motion for class certification in *Pablo*. Case no. 08-3894, doc 49. The thirty-four plaintiffs in the seven cases that are the subject of this order are individuals who would have been class members in the purported class action. They began filing suit independently on August 31, 2009. Case no. 09-4044, doc. 1. Currently pending in *Pablo*, and scheduled for a hearing on February 18, 2011, are the plaintiffs' renewed motion for class certification, doc. 101, and the defendants' motion for partial summary judgment, doc. 79.

2

objections may be sanctioned.

The Court RESERVES RULING on the motion to compel with regard to the remaining four plaintiffs (plaintiffs Alday, Czeczko, Westcott, and Peckham).

**IT IS SO ORDERED.**

Dated: January 7, 2011

SUSAN ILLSTON
United States District Judge