

101 California Street
San Francisco, CA 94111-5802
T: +1 (415) 591-1000
F: +1 (415) 591-1400
www.winston.com

**JOAN B. TUCKER FIFE**
Partner
(415) 591-1513
jfife@winston.com

January 31, 2011

The Honorable Susan Illston
United States District Court
Northern Division
450 Golden Gate Avenue, Courtroom 10
San Francisco, CA 94102

Re:   Case Nos. 08-3894; 10-628; 09-5150; 09-4044; 09-5152; 09-5153; 09-5154; 09-5148 -- Motion to Compel

BEIJING
CHARLOTTE
CHICAGO
GENEVA
HONG KONG
LONDON
LOS ANGELES
MOSCOW
NEW YORK
NEWARK
PARIS
SAN FRANCISCO
SHANGHAI
WASHINGTON, D.C.

Dear Judge Illston:

This letter seeks to compel:

- Plaintiffs to comply with this Court's January 7, 2011 Order to produce documents and written responses to two sets of discovery served on the 34 Plaintiffs in the above-referenced matters. The Court ordered Plaintiffs to comply with their written discovery obligations by January 18, 2011. Plaintiffs have failed to produce a single piece of paper in response to Defendants' Request for Production of Documents, and Plaintiffs have failed to provide substantive responses to Defendants Special Interrogatories.

- Depositions of four of Plaintiffs' declarants who filed declarations in support of Plaintiffs' Renewed Motion for Class Certification—Marco Alday, Frantz Desvarieux, Omar Galeno and Alberto Rios—before Defendants' Opposition to Plaintiffs' renewed motion for class certification is due on February 11, 2011.

A.   **Plaintiffs Have Failed To Comply With The Court's January 7, 2011 Order.**

On January 7, 2011, this Court ordered 30 Plaintiffs in the *Morse*, *Ribiero*, *Kanaday*, *Nakano*, *Richardson*, *Westcott* and *Sanchez* cases to respond to Defendants Special Interrogatories, Set One and Request for Production of Documents, Set One, and to produce all relevant, non-privileged documents by January 18, 2011. (Case No. 08-3894, Docket No. 105).[1]

---

[1] The Court reserved ruling on the Motion to Compel with regard to four Plaintiffs who had provided responses in advance of their depositions (Plaintiffs Alday, Czeczko, Westcott, and Peckham). No supplemental responses have been received from any of these four Plaintiffs, and Defendants therefore incorporate and reiterate their prior argument that the responses received from these four Plaintiffs are inadequate. (*See* Def.s' Mot. to Compel, Case No. 10-628, Docket No. 23.)

WINSTON
&STRAWN
LLP

January 31, 2011
Page 2

On January 18, 2011, in complete disregard of the Court's Order, Plaintiffs did not respond to any discovery and they produced *nothing*. On January 19 and 24, Plaintiffs produced boilerplate written responses and objections, *but they did not produce a single document*, despite an admission by Plaintiffs' counsel that Plaintiffs have responsive documents, including documents where Plaintiffs made handwritten notations about when they took meal breaks.[2]

Not only did Plaintiffs fail to produce documents in their possession that are responsive to Defendants' discovery requests, but the written "responses" Defendants received are inadequate. Plaintiffs provided one of three responses to each request: "Plaintiff will produce his declaration", "Plaintiff has no responsive documents", or "Plaintiff objects to this request on grounds that it calls for documents protected by the attorney-client privilege." (*See* Declaration of Mari Overbeck ("Overbeck Decl.") at ¶¶ 3, 4, Exs. A, B.) These responses are particularly insufficient given Plaintiffs' counsels' admission that responsive documents exist and will be produced, and none of these responses are compelling excuses for Plaintiffs' failure to comply with the Court's Order to *fully respond* and *produce all non-privileged responsive documents* by January 18, 2011.

Plaintiffs also failed to respond adequately to Defendants' Special Interrogatories. Defendants previously addressed Plaintiffs' inadequate responses in its December 29, 2010 Motion to Compel, wherein Defendants requested that the Court order the four Plaintiffs whose responses had then been received to supplement their answers and provide further responses to Interrogatories 5, 21, 23, and 25. (*See* Case No. 10-628, Docket No. 23.) The responses Defendants received on January 19 from the 30 Plaintiffs whose answers were outstanding also fail to set forth substantive answers. Instead, Plaintiffs provided boilerplate, *nearly identical*, responses to each Interrogatory and non-meritorious objections, such as "Plaintiff objects to this Interrogatory on [the] ground that providing every requested fact could require laborious, time-consuming analysis, search, and description of incidental, secondary and possibly irrelevant and trivial details." (Overbeck ¶¶ 3, 4, Exs. A, B.) This objection was provided in response to Interrogatories 3, 8, 9, 11, and 21. In response to Interrogatories 5, 23 and 25, Plaintiffs each provided boilerplate and unspecific answers, which were virtually identical. (*Id.*)

Plaintiffs' failure to provide substantive responses to Defendants' discovery and produce responsive documents is not only prohibiting Defendants from actively preparing and pursuing their defenses to Plaintiffs' claims, but is also hindering Defendants' efforts to oppose Plaintiffs' Renewed Motion for Class Certification, now set for hearing on March 4, 2011. Defendants are entitled to substantive responses and responsive documents, which will inevitably reveal how unique Plaintiffs' claims are – and thus how individualized inquiries predominate over common questions in the *Pablo* case.

Defendants' efforts to meet and confer with Plaintiffs regarding their discovery responses have been unsuccessful. Despite numerous requests, Plaintiffs have not provided a date certain for the production of the responsive documents in their possession. For these reasons, the Court should order

---

[2] The fact that Plaintiffs have responsive documents is also admitted in the discovery responses themselves. For example, in Plaintiff Daniel Morse's Supplemental Responses to Defendants' Requests for Production of Documents, Plaintiff admits that he has "paystubs" as well as a "warning letter" and that these documents will be produced. (*See* Overbeck Decl. at ¶ 4, Ex. B.) To date, however, Defendants have not received *any* documents from Plaintiff Morse, or any other Plaintiff.

WINSTON
&STRAWN
LLP

January 31, 2011
Page 3

Plaintiffs to provide written responses to Defendants' discovery requests and to produce responsive documents immediately.

B. **Plaintiffs Should Be Compelled To Make Alday, Desvarieux, Galeno And Weasley Available For Deposition Immediately.**

On January 21, 2011, because of Plaintiffs' failure to adequately respond to discovery and make their declarants available for deposition, Defendants moved this Court for an extension of time in which to oppose Plaintiffs' renewed motion for class certification. (Case No. 08-3894, Docket No. 110.) It is Defendants' understanding that during the telephonic conference with the Court on January 26, 2011, the hearing and briefing dates on Plaintiffs' motion for renewed class certification were extended, in part, to allow Defendants the opportunity to depose Mssrs. Alday, Desvarieux, Galeno and Weasley.

Defendants have made numerous unsuccessful attempts to confirm dates for these depositions with Plaintiffs' counsel since the parties' telephonic conference with the Court. (*See* Overbeck Decl. ¶¶6-13, Exs. C-I.) Each time Defendants have asked Plaintiffs to provide dates of availability (on January 5, 20, 21, 27, 28 and 29) they have been met with resistance. (*Id*.) Plaintiffs have not provided dates of availability for any of these individuals, with the exception of Saturday dates for Mr. Desvarieux, to which Defendants responded that they are unavailable but would provide him and the other actively employed declarants (*i.e*. Mr. Galeno and Mr. Easley) with a $90 witness fee to facilitate taking their depositions on a week day, and January 31 for Mr. Easley, which Plaintiffs' counsel could not confirm was going forward in the end. (*See* Overbeck Decl. ¶¶ 8-12, Exs. F-I.) To date, Plaintiffs have been unable to confirm a single deposition date for any of the four individuals.

Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification is now due on February 11, 2011. (Case No. 08-3894, Docket No. 119.) Defendants are entitled to depose Plaintiffs' declarants before opposing Plaintiffs' Renewed Motion for Class Certification and cannot therefore afford to continue to allow Plaintiffs to stall Defendants' efforts to take these depositions. Accordingly, the Court should compel Plaintiffs to make Alday, Desvarieux, Galeno and Rios available for deposition immediately, and certainly no later than February 8, 2011, to allow Defendants adequate time to prepare their Opposition, and incorporate evidence learned during the depositions, if necessary.

**Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court enter an order compelling Plaintiffs immediately to produce all responsive documents and provide written responses to their document demands and special interrogatories and to make their declarants available for deposition.

Kind regards,

/s/ Joan B. Tucker Fife

LA:286688.5