IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUBEN PABLO et al.,

    Plaintiffs,

v.

SERVICEMASTER GLOBAL HOLDINGS, INC., et al.,

    Defendants.

No. C 08-03894 SI

And related cases:
C 09-04044 SI
C 09-05148 SI
C 09-05150 SI
C 09-05152 SI
C 09-05153 SI
C 09-05154 SI
C 10-00628 SI
C 10-03887 SI

**ORDER RE: DISCOVERY**

**(Docs. 120 & 122 in C 08-03894)**
**(Doc. 23 in C 10-00628)**

On January 28, 2011, plaintiffs filed a motion to compel further production of documents in the class action case (08-3894). *Pl. Mot. to Compel*, doc. 120. On January 31, 2011, defendants filed a motion to compel both the class action case and in the other, individual action cases. *Def. Mot. to Compel*, doc. 122. Also pending before the Court are as-yet undecided portions of defendants' December 29, 2010 motion to compel filed in the individual action cases. *See Order Re: Mot. to Compel*, doc. 105, at 3. The Court hereby rules as follows. **All future discovery matters are referred to a magistrate judge.**

**DISCUSSION**

**I.**    **Plaintiffs' January 28 motion**

    **A.**    **Documents about the creation of policy documents**

In their Request for Production of Documents, plaintiffs requested "All policies, memos and

documents related, directed, or applicable to any and all Field Representative ("FR") Branch 3 licensees employed by Defendant at any time June 1, 2004 - present." *Pl. Exs., Reply to Opp. to Mot. to Compel*, Doc. 90, Ex. B at 2. In an earlier motion to compel, plaintiffs explained that defendants had failed to produce "Any documents **related, referring or applicable** to Outside Sales Inspectors." *Id.* The Court then ordered defendant to produce "corporate memos, communications, and policies applicable to termite inspectors." *Order Re: Discovery*, doc. 97, at 9.

Plaintiffs now argue that defendants have failed to comply with the Court order, because they failed to produce any "memoranda, drafts, or documented discussions, or emails among and/or between executives and or other personnel regarding any policies whatsoever. Defendants only produced . . . fully formed police documents . . . ." *Pl. Mot. to Compel*, doc. 120, at 1. Defendants argue that (1) they were never asked or required to produce such documents and (2) plaintiffs' request is unduly burdensome and overly broad.

The Court agrees that it did not previously compel the production of documents about the creation of policy documents, and it declines to do so at this time.

### B.     Other requests

Plaintiff also requests (1) certain policy documents that it says were not produced and (2) "written responses to Plaintiffs' Request for Production of Documents, which identify what, if produced, where, and in what format, what was not produced, what was lost, does not exist, or was destroyed, as well as Defendants' privilege log if it withhold documents on such grounds." *Pl. Mot. to Compel*, doc. 120, at 1. Defendants respond that they have produced all policy documents that exist. *Def. Oppo. to Pl. 2d Mot. to Compel*, doc. 127, at 1 & Ex. A (listing documents produced). They also say that they "provided Plaintiffs with Bates ranges" and "produced a list of the original file names of the data that Defendants produced in electronic . . . format." *Id.* at 2–3.

The Court accepts Defendants' assertion that there are no more policy documents to produce. The Court is also satisfied that the provision of Bates ranges and file names is sufficiently responsive

1  to plaintiffs' production request.[1] Plaintiffs' January 28 motion to compel is DENIED.

**II.     Defendants' January 31 motion**

Defendants argue that plaintiffs in the individual actions are in violation of this Court's Order of January 18, 2011. In their initial letter brief, defendants said that plaintiffs (1) had produced no documents and (2) had not provided any substantive responses to their interrogatories. Defendants also stated their concern that four plaintiffs from the individual-action cases filed affidavits in support of plaintiffs' renewed motion for class certification in the class action case, but that defendants had not yet had the opportunity to depose those plaintiffs.

**A.     The January 18 Order**

**1.     Document production**

The parties are in agreement that plaintiffs have begun to produce documents in response to the Court's January 18 Order. *See Pl. Oppo. to Def. Mot. to Compel*, doc. 129, at 1–2; *Def. Br. in Response to Pl. Oppo. to Def. Mot. to Compel*, doc. 131, at 2. Although plaintiffs have not complied with the time line provided by the Court, it does appear that plaintiffs are making efforts to gather, review, and produce documents as quickly as possible. The Court expects that plaintiffs will continue to do so, as expeditiously as possible. However, the Court does not believe that any further orders regarding these documents are necessary at this time.

**2.     Interrogatories**

Defendants argue that plaintiffs have provided inadequate responses to Interrogatories 3, 5, 8, 9, 11, 21, 23, and 25.

Interrogatories 3, 8, 9, 11, and 21 request "all facts that support, evidence or contradict" claims

---

[1] It does not appear that plaintiffs base their request for a privilege log on an actual belief that defendants have failed to comply with Rule 26(b)(5)(A), and therefore the Court will not order the creation of a privilege log at this time. *See* Fed. R. Civ. P. 26(b)(5)(A) (requiring a privilege log only where a "party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material.").

3

made by the plaintiff. *Def. Mot. to Compel*, doc. 122, Ex. A. Plaintiffs objected that these requests could require "laborious, time-consuming analysis, search, and description of incidental, secondary, and possibly irrelevant and trivial details." *Id.* Plaintiffs then went on to provide one or two basic details about the claim. For example, when asked what facts relate to the claim of failure to make timely payment of full wages due, plaintiffs responded "Plaintiff was not paid his overtime wages when due because Defendants willfully misclassified him as an exempt outside salesperson." *Id.* (Response to Special Interrogatory 8).

Interrogatories 5, 21, 23, and 25 all request information relating to damages, such as the amount of time the plaintiff alleges that he worked without full compensation, or the amount of business expenses that were not reimbursed. Plaintiffs responded to the question about the amount of time worked, for example, by stating

> During Plaintiff's employment period, Plaintiff worked a minimum of 50 hours per week (except during vacation or other days off) and was not compensated for 10 hours or more of work per week. Plaintiff began each day, Monday through Friday, at about 8:00 a.m. or earlier. Plaintiff worked at the branch or at home preparing drafts of termite reports and other work after a full day of inspections. Plaintiff was required to remain at the Branch several hours one or more nights per week and also worked making inspections for six to eight hours one or more Saturday per month.

*Id.* (Response to Special Interrogatory 5).

Plaintiffs contend that all of their interrogatory responses are adequate at this time. The Court agrees.

### B. Depositions

It appears from the papers filed by the parties that all four plaintiffs have been deposed. Although there is a small conflict over whether Mr. Desvarieux left his deposition one hour early, the Court does not believe that an order compelling his reappearance is necessary at this time.

Defendants' January 31 motion to compel is DENIED.

### III. Defendants' December 29 motion to compel

On December 29, 2010, defendants filed a motion to compel in the individual action cases. *See*

4

*Def. Mot. to Compel*, Case No. 10-628, Doc. 23. The Court ruled on most aspects of the motion to compel. *See Order Re: Mot. to Compel*, Case No. 8-3894, doc. 105. The Court reserved ruling on the motion to compel with regard to four plaintiffs: Alday, Czeczko, Westcott, and Peckham. *Id.* at 1 n.1. As the Court explained:

> Defendants assert that although these four plaintiffs have produced documents, they did not produce them in direct response to the requests for production. In addition to moving to compel responses from the 30 plaintiffs who have not responded at all, defendants have moved to compel these four plaintiffs to supplement their responses to four of the interrogatories, for them actually to respond to defendants' request for production and turn over any documents that have not already been provided, and for two of the plaintiffs to verify their interrogatory responses.

*Id.* In their January 31 motion, defendants asserted that the four plaintiffs have not supplemented their responses to defendants' discovery requests, and restate their December request. *See Def. Mot. to Compel*, doc. 122, at 1 n.1.

The Court GRANTS defendants' request to order that these four plaintiffs produce any relevant, non-privileged, requested documents that have not yet been produced. Any such unproduced documents shall be produced **by February 24, 2011.**

Defendants' objections to the interrogatory responses provided by these four plaintiffs is essentially the same as their January 31 objections to the interrogatory responses provided by the other plaintiffs. The Court agrees with plaintiffs that all of their interrogatory responses are adequate at this time. The Court DENIES defendants' request to order that these four plaintiffs supplement their interrogatory responses.

Defendants are correct that interrogatory responses must be verified by plaintiffs, and the Court GRANTS defendants' request to order that the two plaintiffs who had not already verified their interrogatory responses do so at this time, if they have not done so already. If they have not done so, plaintiffs shall verify their interrogatory responses **by February 24, 2011.**

### IV.   Future discovery disputes

There are no pending discovery matters in this case. This case is being referred to a magistrate-judge for discovery purposes.

**CONCLUSION**

Plaintiffs' January 28 motion to compel is DENIED. (Doc. 120.) Defendants' January 31 motion to compel is DENIED. (Doc. 122.) The Court supplements its order on defendants' December 29 motion to compel as follows:

- The Court GRANTS defendants' request to order that these four plaintiffs produce any relevant, non-privileged, requested documents that have not yet been produced. Any such unproduced documents shall be produced **by February 24, 2011.**

- The Court DENIES defendants' request to order that these four plaintiffs supplement their interrogatory responses.

- Defendants are correct that interrogatory responses must be verified by plaintiffs, and the Court GRANTS defendants' request to order that the two plaintiffs who had not already verified their interrogatory responses do so at this time, if they have not done so already. If they have not done so, plaintiffs shall verify their interrogatory responses **by February 24, 2011.**

(Case No. 10-628, Doc. 23.)

**All future discovery matters are referred to a magistrate judge.**

**IT IS SO ORDERED.**

Dated: February 17, 2011

SUSAN ILLSTON
United States District Judge