IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PABLO, *et al.*,<br><br>        Plaintiffs,<br>  v.<br><br>SERVICEMASTER GLOBAL HOLDINGS INC., *et al.*,<br><br>        Defendants.<br>                                      / | No. C 08-03894 SI<br><br>**ORDER DENYING RENEWED MOTION FOR CLASS CERTIFICATION** |

On March 18, 2011, the Court heard argument on plaintiffs' renewed motion for class certification. Having considered the arguments of counsel and the papers submitted, as well as the supplemental briefing filed by the parties, the Court hereby DENIES plaintiffs' motion.

**BACKGROUND**

The subject of this litigation is an employment dispute over unpaid wages brought by former and current employees against defendants ServiceMaster Global Holdings, Inc., the ServiceMaster Company, the Terminix International Company, L.P., and Terminix International, Inc. (collectively "Terminix"). The factual and procedural background of this case are described in detail in the Court's orders of August 17, 2009 and June 20, 2011. *See* Docs. 49 & 203.

On August 17, 2009, the Court denied plaintiffs' motion for class certification. Doc. 49. The Court found that resolution of this claim on a class basis was not appropriate because plaintiffs could not satisfy the commonality requirement of Federal Rule of Civil Procedure 23(b)(3). After this order, dozens of individuals who would have been class members filed suit independently, in eight cases that have all been related by the Court, setting forth claims similar or identical to the claims in this case. On December 23, 2010, plaintiffs filed a renewed motion for class certification in this case. Doc. 101.

Argument on that motion was consolidated with defense motions for partial summary judgment filed in this case and one of the related cases.

Since the March 18 hearing, there have been several developments in this case and the law. The Court denied both of defendants' motions for summary judgment. *See* Doc. 203; Case No. 10-628, Doc. 72. The Supreme Court decided the cases *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011), and *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011). And defendants filed 37 motions to compel arbitration in the eight related cases, all of which were granted by the Court.[1] *See* Case No. 09-5148, Doc. 70; Case No. 09-5150, Doc. 72; Case No. 09-5152, Doc. 72; Case No. 09-5153, Doc. 72; Case No. 09-5154, Doc. 76; Case No. 10-628, Doc. 141; Case No. 10-3887, Docs. 93 & 94. The parties have filed supplemental briefing to address the relevance of these developments.

## LEGAL STANDARD

A court may certify a class if the plaintiff demonstrates that all of the requirements of Federal Rule of Civil Procedure 23(a) are satisfied and at least one of the requirements of Rule 23(b) is satisfied. *See* Fed. R. Civ. P. 23; *Dukes*, 131 S. Ct. at 2548. Rule 23(a) provides that a court may certify a class only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

In addition to demonstrating that the Rule 23(a) requirements are met, plaintiff must establish one or more of the following grounds for maintaining the suit as a class action pursuant to Rule 23(b): (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b).

---

[1] Some of the motions were granted in part, but all of the Court's orders required the plaintiffs to submit their claims to arbitration.

**DISCUSSION**

With the resolution of certain legal question raised in defendants' motions for partial summary judgment, and with new evidence presented with plaintiffs' renewed motion for class certification, plaintiffs have made a strong case that common questions would predominate with respect to at least some of their claims.[2] However, the Court is faced with evidence that numerous arbitration agreements were signed by defendants and their employees, as well as affidavits stating that defendants have utilized these agreements for at least the past eight years. The arbitration agreements raise concerns about whether plaintiffs will be able to satisfy Rule 23(a)'s numerosity requirement. More importantly, however, they support the Court's finding that a class action is not the superior method of adjudication in this case.

Rule 23(b)(3) provides a non-exhaustive list of factors relevant to the superiority inquiry:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Rule 23(b); *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 713 (9th Cir. 2010). "Superiority must be looked at from the point of view (1) of the judicial system, (2) of the potential class members, (3) of the present plaintiff, (4) of the attorneys for the litigants, (5) of the public at large and (6) of the defendant." *Bateman*, 623 F.3d at 713.

Although it is not clear how many putative class members signed arbitration agreements, the evidence currently before the Court supports an inference that a significant number did, and that a significant portion of this litigation would be devoted to discovering which class members signed such agreements and enforcing those agreements, rather than to the resolution of plaintiffs' legal claims – which themselves are complex.

---

[2] With regard to certain of plaintiffs' claims, such as their reimbursement claims, however, predominance is clearly lacking.

1    Plaintiffs argue that defendants have waived their right to compel unnamed class members to
2 arbitrate claims raised in this case. The named plaintiffs in the eight related cases are all unnamed class
3 members in this case—and, in light of the Supreme Court's opinion in *Concepcion*, and the unique
4 circumstances of this litigation, the Court has already rejected plaintiffs' argument that defendants
5 waived the right to compel those unnamed class members to arbitrate by litigating the class claims in
6 this case. *See* Case No. 10-628, Doc. 141.

7    Plaintiffs also quote *Herrera v. LCS Financial Services Corp.*, --- F.R.D. ----, 2011 WL 2149084
8 (N.D. Cal. 2011), arguing that "[t]he fact that some members of a putative class may have signed
9 arbitration agreements or released claims against a defendant does not bar class certification." *See id.*
10 at * 13. Courts that have so decided have "proceeded by ruling on the merits of the class certification
11 and reserving the right to create subclasses or exclude members from the class at a later juncture."
12 *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 91 (M.D. Tenn. 2004). While that may
13 well be an appropriate procedure to follow in certain cases, in this case plaintiffs' legal claims are
14 already complex, defendants have presented significant evidence of numerous enforceable arbitration
15 agreements, intervening Supreme Court case law has complicated the issue of waiver and enforcement,
16 and this case was filed approximately three years ago. It is not in the interest of the Court, the unnamed
17 plaintiffs, defendants, or the public, to reserve resolution of the arbitration issue for "a later juncture."

## CONCLUSION

20    For the foregoing reasons and for good cause shown, plaintiffs' renewed motion for class
21 certification is DENIED. (Doc. 101.)

23    **IT IS SO ORDERED.**

25 Dated: August 9, 2011

SUSAN ILLSTON
United States District Judge

4