IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PABLO, *et al.*, | No. C 08-03894 SI |
| Plaintiffs, | **ORDER DENYING MOTION FOR CERTIFICATION AND DENYING MOTION TO SHORTEN TIME** |
| v. | |
| SERVICEMASTER GLOBAL HOLDINGS, INC., *et al.*, | |
| Defendants. / | |

On August 19, 2011, defendants filed a motion seeking certification for interlocutory appeal of the Court's June 20, 2011 order denying defendants' motion for partial summary judgment on the claims of Bonnie Coursey. Defendants also requested that this case be stayed pending resolution of the interlocutory appeal. Defendants filed a motion to shorten time, requesting that plaintiffs' opposition brief be submitted by August 24, and that the Court hear argument on defendant's motion for certification on August 26. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. For the following reasons, defendants' motion for certification is DENIED and defendants' motion to shorten time is DENIED as moot.

**BACKGROUND**

This case was removed from Marin County Superior Court three years ago last week. Plaintiffs have filed two motions for class certification. Defendant have filed two motions for partial summary judgment, one in this case and one in a related case. The parties have settled the claims of one plaintiff

subclass. In June 2011, the Court denied defendant's motions for partial summary judgment.

On August 8, 2011, the Court denied plaintiffs' renewed motion for class certification. One week later, at a case management conference, the Court scheduled trial on plaintiffs' individual claims to begin September 26, 2011. That jury trial is expected to last only four days.

A few days after the Court set trial, but two months after the Court denied defendants' motion for partial summary judgment, defendants filed their motion for certification of interlocutory appeal.

## LEGAL STANDARD

An interlocutory appeal of a non-final order may be certified if the district court determines that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir.1982). However, "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *Robin James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). The purpose of the section is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and the litigants unnecessary trouble and expense." *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004).

## DISCUSSION

The parties have expended significant time and resources over the past three years litigating this case. The Court has entered orders on several significant motions, each of which will be subject to appeal when a final judgment has issued in this case. The trial now finally set is not expected to last more than a week. Allowing defendants to file an interlocutory appeal with regard to one legal issue (or, according to defendants, two legal issues) on the eve of trial will impede, rather than materially advance, the ultimate termination of this litigation. *See Jade Trading, LLC v. United States*, 65 Fed. Cl. 443, 448 (Fed. Cl. 2005); *see also Edwards v. Cass County, Tex.*, 919 F.2d 273, 276 (5th Cir. 1990) (explaining that a discretionary interlocutory appeal on the eve of trial might be appropriate "in the rare

circumstance in which a district court has abused its discretion in disallowing [the filing of] a summary judgment [on the question of qualified immunity] on the eve of trial").

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for certification and DENIES defendants' motion to shorten time as moot. (Docs. 237, 238.)

**IT IS SO ORDERED.**

Dated: August 22, 2011

SUSAN ILLSTON
United States District Judge