# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RUBEN PABLO and BONNIE COURSEY, On Behalf Of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC.;<br>THE SERVICEMASTER COMPANY, INC.; THE TERMINIX INTERNATIONAL COMPANY, L.P., and TERMINIX INTERNATIONAL, INC., and DOES 1-20, inclusive,<br><br>Defendants. | CASE NUMBER 3:08-cv-03894-SI<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS |

## ORDER GRANTING FINAL APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS

SUSAN ILLSTON, District Judge.

Currently before the Court is Plaintiffs' Motion for Final Approval of the Class Action Settlement, as well as Plaintiffs' Motion for Award of Attorneys' Fees and Costs. The Settlement Class, as defined below, and Defendants ServiceMaster Global Holdings, Inc., et al. ("ServiceMaster" or "Defendants"), have entered into agreement Joint Stipulation of Partial Class Action Settlement ("Settlement Agreement") to resolve certain claims of a subclass, as defined below, on a class-wide basis, subject to the Court's approval. The Settlement Agreement provides for a gross settlement amount of $1,500,000.00 ("Gross Settlement Amount") to satisfy all Individual Settlement Payments to Participating Trainee Subclass Members, the Class Representative Enhancement Award, the Claims

HERSH AND HERSH<br>A Professional Corporation

Administration Costs, and the Class Counsel Award, as defined in the Settlement Agreement.

**1. Final Approval of Class Action Settlement**

By Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), filed May 16, 2011, the Court granted preliminary approval of the Settlement Agreement. The Preliminary Approval Order also approved the proposed forms of notice to Class Members and the notice plan. The Court entered the Preliminary Approval Order after review and consideration of all of the pleadings and papers filed in connection therewith, and the oral presentations made by counsel at the May 13, 2011 preliminary approval hearing.

In compliance with the Preliminary Approval Order, notice was sent to all Class Members. Follow-up mailings were performed for returned mail and the notice program was timely completed. See Declaration of Phil Cooper at ¶ 8.

The Court has read, heard, and considered all the pleadings and documents submitted, and the presentations made in connection with the motions which came on for hearing on August 26, 2011.

This Court finds that the proposed settlement as reflected in the Settlement Agreement is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to any individuals. The Court finds that the settlement was entered into in good faith. The Court further finds that the settlement is fair, reasonable and adequate, and that Plaintiffs have satisfied the standards for final approval of a class action settlement under federal law. No class member has filed an

objection to the settlement and only five of the class members have requested to be excluded from the class. See Cooper Decl. at ¶¶ 16, 15.

As such, the Court finds the Settlement Agreement appropriate for final approval under Fed. R. of Civ. Proc. 23(e).

## 2. Attorneys' Fees and Costs

Plaintiffs' counsel seeks an award of 33.33% of the Gross Settlement Amount of $1,500,000, that is, $500,000, as attorneys' fees. Plaintiffs estimate that the total time spent litigating the Trainee Subclass' case is approximately 5,030.3 hours.

The Court notes that "fee awards in class actions average around one-third of the recovery." *Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841, *4 (E.D. Cal. Nov. 14, 2007) (approving attorneys' fee award of 33% of the settlement fund in a wage and hour case involving allegations of unpaid wages and missed meal and rest breaks). Numerous other courts in the Ninth Circuit have awarded attorney fees at one third of the total settlement value. In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 460 (9th Cir. 2000) (affirming award of fees equal to one-third of total recovery); In re Public Ser. Co. of New Mexico, 1992 WL 278452, at *1, *12 (S.D.Cal. Jul. 28, 1992) (awarding one-third); Antonopulos v. North American Thoroughbreds, Inc., 1991 WL 427893, at *1, *4 (S.D. Cal. May 6, 1991) (awarding one-third); In re Heritage Bond Litig., 2005 WL 1594403 (C.D. Cal. Jun. 10, 2005) (awarding one-third); Benitez et al. v. Wilbur (E.D. Cal., 1:08-CV-1122 LJO GSA) (awarding one-third); Chavez et al. v. Petrissans et al. (E.D. Cal., 1:08-CV00122 LJO-GSA) (awarding one-third); Randall Willis et al. v. Cal Western Transport, and Earl Baron et al. v. Cal Western Transport, (Coordinated Case No. 1:00-cv-05695 AWI LJO) (awarding one-third).

In this case, the Court recognizes that the ultimate result, achieved through a settlement negotiated by the plaintiffs' counsel, is very good. The Court also recognizes the not-insignificant risk involved in litigating the claims at issue. Further, the requested award is only 17.89% of the plaintiffs' counsel's purported lodestar. Therefore, the Court finds that this case presents factors that would justify a 33.33% award. As such, and considering all of the relevant factors, the Court finds that an award of 33.33% of the Gross Settlement Amount ($500,000.00) is an appropriate award of attorneys' fees in this case.

Plaintiffs' counsel also seeks an award of costs of $25,000.00 The Court finds that the costs award requested is reasonable and supported by the record. See Declaration of Nancy Hersh Exhibit J.

**3. Class Representative Enhancement Award**

Plaintiffs request a class representative Enhancement Award of $2,000.00 for the class representative, Ruben Pablo, for his time, effort and participation as a Class Representative. Defendants have not opposed the request for such an Enhancement Award, and agree that the request is fair and reasonable under the circumstances. Having considered the evidence submitted, the Court finds that this payment is warranted.

**Based on the foregoing, IT IS HEREBY ORDERED THAT:**

1. The definition of the Class ( "Settlement Class" or "Trainee Subclass") is as follows: all individuals employed by Defendants as Trainees as defined in the Settlement Agreement (¶50) in California at any time between June 1, 2004 and April 1, 2010  (Settlement Agreement ¶ 51).    According to the Settlement Agreement (¶50),"Trainee" means individuals employed by Defendants who were hired or transferred into the Outside Sales Person or Inspector position for Defendants at any time during the Class Period (June 1,

2004 – April 1, 2010), or within three (3) months prior to the Class Period and who is listed by employee identification numbers on Exhibit C to the Settlement Agreement.

2. This Court has jurisdiction over the class claims of the Settlement Class and over Ruben Pablo, the Trainee Subclass Class Representative, and member of the Settlement Class, and the Defendants0 to the action.

3. The parties have stipulated to partial class certification for purposes of the Settlement of the Trainee Subclass only.  (Settlement Agreement ¶54.1) The Parties have further agreed that potential class certification for purposes of settlement is not an admission that class certification is proper under the standards applied to contested certification motions and that other than according to the terms of the Settlement Agreement, the Settlement Agreement and this Order will not be admissible in this or any other process as evidence that a class should be certified or Defendants are liable to Plaintiffs, Trainee Subclass Members or Putative Class Members.   (Settlement Agreement ¶54.1, 54.2)   Based on these representations and in light of these understandings, the Court grants the parties' request for partial class certification of the Trainee Subclass with respect to the released claims, as set forth below and defined in the Settlement Agreement, for the limited and sole purpose of implementing the Settlement Agreement.

4. The notice given to the Settlement Class fully and accurately informed the Class Members of all material elements of the proposed settlement and of their opportunity to exclude themselves from the settlement or object thereto; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with the laws of the State of California, Federal Rules of Civil Procedure, the United States Constitution, due process and other applicable law. The summary notices fairly and adequately described the settlement and provided Class Members adequate

instructions and a variety of means to obtain additional information. A full opportunity has been afforded to the Settlement Class to participate in this hearing, and all Settlement Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Settlement Class Members who did not submit timely and valid Exclusion Forms by the Opt-Out Deadline (Settlement Agreement ¶41) ("Participating Settlement Class Members") are bound by this judgment and order, and by the terms of the Stipulation of Settlement.

5. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby grants final approval to the settlement and finds that it is fair, reasonable and adequate, and in the best interests of the Participating Settlement Class as a whole. Accordingly, the Court hereby directs that the settlement be effected in accordance with the Settlement Agreement and the following terms and conditions.

6. With this final approval of the Settlement Agreement, it is hereby ordered that Participating Settlement Class Members (which includes Trainee Class Representative Ruben Pablo) have expressly waived and relinquished, to the fullest extent permitted by law, any and all claims, rights, demands, liabilities and causes of action of every nature and description, known and unknown, arising from or related to the allegations that Defendants: (i) failed to pay overtime in violation of California Labor Code sections 510, 1194, and 1197 and IWC Wage Order 4; (ii) failed to pay wages when due in violation of California Labor Code sections 200, 201, 202, 203, 204, 1194, 1198 and 1199; (iii) failed to maintain adequate records and to provide employees with compliant wage statements in violation of California Labor Code sections 226, 1174, and 1174.5 and IWC Wage Order 4; (iv) failed to provide meal period and rest periods in violation of California Labor Code sections 226.7 and 512; and (v) failed to comply with California Business & Professions Code sections 17200 et seq. that were associated or arose from their employment as Trainees during the

Class Period, and any claims for interest or penalties arising therefrom ("Released Claims"). The Released Claims do not include and do not release claims for unreimbursed business expenses under California Labor Code section 2802. The Released Claims also include, to the extent permitted by law: (i) any claims and causes of action, whether known or unknown, that were or could have been alleged or asserted based on a Trainee Subclass Members' employment as a Trainee for Defendants in California during the Class Period; (ii) any claims that were or could have been brought under California Labor Code Sections 203, 210, 216, 218, 218.5, 225.5, 226, 226.3, 226.7, 512, 558, 1194, 1194.2, 1197, 1197.1, 1198, 2699 et seq. ("PAGA"), the applicable Industrial Welfare Commission Wage Orders, the Fair Labor Standards Act, and all related or corresponding federal laws, and all implementing regulations and interpreting guidance that were or could have been alleged or asserted based on a Trainee Subclass Member's employment with Defendants as a Trainee in California during the Class Period; and (iii) any other causes of action that are based on or relate to the purported nonpayment of wages or overtime compensation, meal or rest period violations, failure to keep adequate records, improper or inaccurate wage statements, or unfair business practices, including related premiums, penalties, interest, punitive damages, costs, attorneys' fees, injunctive relief, declaratory relief, or accounting, whether such causes of action are in tort, contract, or pursuant to a statutory remedy, that were or could have been alleged or asserted based on a Trainee Subclass Member's employment with Defendants as a Trainee in California during the Class Period. (Settlement Agreement ¶61.2).

7. With this final approval of the Settlement Agreement, it is hereby ordered that with respect to any and all Released Claims enumerated above, Participating Settlement Class Members (including Trainee Class Representative Ruben Pablo) have expressly waived and relinquished to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides: **"A GENERAL RELEASE**

DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR." (Settlement Agreement ¶ 61.3).

8. The Participating Settlement Class Members (including Trainee Class Representative Ruben Pablo) may hereafter discovery facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but with this final approval of the Settlement Agreement, it is hereby ordered that the Participating Settlement Class Members, fully, finally and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity and without regard to the subsequent discovery or existence of such different or additional facts. (Settlement Agreement ¶ 61.4).

9. With this final approval of the Settlement Agreement, it is hereby ordered that each and every Participating Settlement Class Member (including Trainee Class Representative Ruben Pablo) will be deemed also to have acknowledged and agreed that California Labor Code Section 206.5 is not applicable to the Parties hereto or the Participating Settlement Class Members because there is a good faith dispute as to whether any wages are due at all to any Settlement Class Member. (Settlement Agreement ¶ 61.6).

10. Each Participating Settlement Class Member (including Trainee Class Representative Ruben Pablo) is hereby permanently enjoined from commencing, maintaining, prosecuting, participating in, or permitting to be filed by any other person on his or her behalf any action, suit, or proceeding against Defendants or any other Releasee (or to recover upon, or

otherwise enforce or accept monies from any judgment, decision, or award) with respect to any claim released by or otherwise covered by paragraphs 6-9 above. Any violation of the foregoing injunction is punishable as contempt of court, in addition to all other available remedies. (Settlement Agreement ¶ 61.5)

11. A Class Representative enhancement of $2,000.00 for Trainee Class Representative Plaintiff Ruben Pablo is found to be fair and reasonable, and it is hereby ordered that such payment be made from the Gross Settlement Amount as set forth in the Settlement Agreement. (¶¶ 34, 64).

12. For the reasons set forth above, the Court will award $500,000.00 in attorneys' fees and $25,000 in costs of litigation, which amounts will be paid out of the Gross Settlement Amount as set forth in the Settlement Agreement. (¶¶22, 63).

13. Without affecting the finality of this matter, this Court will retain exclusive and continuing jurisdiction over this action and the parties, including all Participating Settlement Class Members, for purposes of supervising, administering, implementing, and enforcing, and interpreting the settlement, and the claims process thereunder.

**IT IS SO ORDERED.**

DATED: _____8/30/11_____.

_____
THE HONORABLE SUSAN ILLSTON