IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUBEN PABLO, et al.,

    Plaintiffs,
  v.

SERVICEMASTER GLOBAL HOLDINGS, INC., et al.,

    Defendants.
                               /

No. C 08-03894 SI

**ORDER DENYING PLAINTIFFS' MOTION TO PRECLUDE TESTIMONY OF DEFENDANTS' EXPERTS LLOYD AUBREY, ANDRIS ZOLTNERS, CHRISTOPHER HAAN, AND LEE CZARAPATA**

The wage-and-hour claims of plaintiffs Bonnie Coursey, Reuben Pablo and John Bahr are set for a one-week jury trial on October 24, 2011. Jury selection is to proceed on October 18, 2011.

On August 30, 2011, defendants provided plaintiffs with their expert witness disclosures, and on September 2, 2011, plaintiffs filed a motion in limine to preclude the testimony of all four expert witnesses named by defendants. This order resolves that motion.

**1.    BACKGROUND**

Plaintiffs are employees of defendants (collectively "Terminix"). Defendants characterize plaintiffs' jobs as "Outside Sales Professionals," or "OSPs," and classify them as "outside salespersons" exempt from overtime requirements in accordance with Cal. Code Regs. Tit 8, § 11010(2)(J). Plaintiffs challenge this as misclassification. Plaintiffs characterize their jobs as "termite inspectors," and contend that they are not properly classified as exempt under California law. It is undisputed that plaintiffs have been trained to perform, are licensed by the State of California to perform and do in fact perform termite inspections.

Defendants' proposed expert witnesses, whose anticipated testimony in challenged by this motion, are as follows:

A. <u>Lloyd Aubry</u>, an attorney and former California State Labor Commissioner and, later, the Director of the California Department of Industrial Relations. Aubry intends to testify about:

1. "Whether certain activities completed by Plaintiffs in connection with their employment as [Outside Sales Professionals, or "OSPs"] for Terminix are sales activities within the meaning of the outside sales exemption under California law",
2. "The proper calculation of overtime for commissioned employees, and whether the OSPs are commissioned employees under California law",
3. "The distinction between the payment of wages versus the payment of expenses under California law, and any timing requirements surrounding the payment of expenses", and
4. "In rebuttal to any contrary testimony offered by any other experts in this matter."

Def's Expert Witness Disclosure, ¶ 9.

B. <u>Andris Zoltners</u>, Ph.D in Industrial Administration. Zoltners intends to testify about:

1. "The sales process and the sales force, and whether the activities conducted by Plaintiffs in furtherance of their work as [OSPs] for Terminix should be regarded as part of a standard or typical sales process and whether they are sales and/or sales related activities",
2. "The composition of a sales job and how Plaintiffs' jobs at Terminix were consistent with a sales position", and
3. "In rebuttal to any contrary testimony offered by any other experts in this matter."

*Id.* at ¶ 21.

C. <u>Lee Czarapata</u>, a senior consultant and implementation manager for the Business Vehicle Services business unit for Runzheimer International, a company specializing in travel and living costs. Czarapata intends to testify about:

1. "The mileage reimbursement provided by Terminix to its OSPs (and the plaintiffs in particular) and the adequacy of that reimbursement",
2. "Mileage reimbursement and vehicle reimbursement programs in general," and
3. "In rebuttal to any contrary testimony offered by any other experts in this matter."

*Id.* at ¶ 13.

D. <u>Christopher Haan</u>, Ph.D in economics and the Director at Resolution Economics LLC, an economics consulting firm "whose activities include performing economic and statistical analyses in connection with litigation matters." *Id.* at ¶ 16. Haan intends to testify about:

1. "His analysis and computation of inspection records summaries for Plaintiffs",
2. "Plaintiffs' damages, or lack thereof, as well as any penalties that may be owed to them and interest that may be owed to them, as well as an analysis of their related payroll records",
3. "The mileage plaintiffs allegedly drove in the field, their reported mileage, and the calculations for sufficient mileage reimbursement, as well any other reimbursement sought", and
4. "In rebuttal to any contrary testimony offered by any other experts in this matter."

2

*Id.* at ¶ 21.

## 2. DISCUSSION

### A. Proposed Testimony of Aubry and Zoltners Regarding Whether Plaintiffs' Activities Should be Categorized as Sales or Non-Sales Activity

A key question in this case is whether plaintiffs' work activities are more appropriately classified as "sales" or "non-sales" activities. That determination will guide the jury's verdict as to misclassification. California law provides that outside salespeople are those who "customarily and regularly work more than half [their] working time away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities." Cal. Code Regs. tit. 8, § 11010(2)(J). Classifying the varied activities plaintiffs engage in will help determine the proportion of time each plaintiff conducts either sales or non-sales activity, and therefore, whether plaintiffs are outside salespeople within the meaning of the law.

The question currently before the Court is whether the classification of each activity should be the work of the judge or the jury. Plaintiffs contend that such classification is purely a question of law, and, as a result, should be left to the judge.[1] The plaintiffs believe that allowing an expert to testify to the issue would constitute admission of impermissible legal opinion and should therefore be precluded. *Id.* The defendants argue that the question is a mixed one of law and fact, and should therefore be given to the factfinder - in this case, the jury.

Both parties agree the California Supreme Court's decision in *Ramirez v. Yosemite,* 20 Cal. 4th 785 (1999), controls. There, the question was whether a "route sales representative" for a bottled water company was properly characterized as an outside salesperson. *Id.* at 790. Prior to fashioning a test to determine the answer, the court described the nature of the question itself:

> The question whether Ramirez was an outside salesperson within the meaning of applicable statutes and regulations is, like other questions involving the application of

---

[1] Plaintiffs also argue that the Court already decided the issue in its June 20th order denying defendants' motion for partial summary judgment. However, this is incorrect. In that order, the Court found that defendants had not met their burden of showing there was no genuine issue as to any material fact regarding termite inspections, or that defendants were entitled to a judgment as a matter of law. Doc. 203; see Fed. R. Civ. P. 56(a). The Court did not make any affirmative ruling in plaintiffs' favor regarding the classification of termite inspections.

> legal categories, a mixed question of law and fact. In the present case, although there was some controversy as to the facts - i.e., as to what Ramirez did as an employee for Yosemite - the predominant controversy is the precise meaning of the term 'outside salesperson,' a question of law. It was this question on which we granted review.

*Id.* at 794 (citation omitted).

The plaintiffs focus on the latter portion of the *Ramirez* court's statement -- that the "predominant controversy" is a "question of law." *Id.* In their view, the only "question of fact lies in determining what activities the employee *does* and for *how long* each activity is performed. The question of law, on the other hand, lies in determining the 'category' a particular activity falls in - sales or non-sales*.*" Pl.'s Mot. to Preclude Testimony, 4:19-23 (emphasis in original).

The Court disagrees. The *Ramirez* court described the question of law as the "precise meaning of the term 'outside salesperson.'" It was a definitional question the court answered by providing a test -- looking at an activity in isolation, would a person who performs only that task be considered a salesperson?[2] *Id.* at 802. The actual application of that test to a given activity was a mixed question of law and fact appropriate for a factfinder. This was evident by the fact the *Ramirez* court remanded the case to the trial court (sitting as factfinder in a bench trial) without deciding whether bottle deliveries were sales or non-sales. *Id.* at 803. That remained a question appropriate for the factfinding trial court.

The Court finds the question of whether plaintiffs' work activities should be classified as sales or non-sales is one of mixed law and fact appropriate for the jury. The plaintiff's motion to preclude testimony from Aubry and Zoltners with respect to this issue is hereby DENIED.

### B. Aubry's Proposed Testimony Regarding the Proper Calculation of Overtime for Commissioned Employees

Plaintiffs move to preclude Aubry's testimony regarding the proper calculation of overtime for commissioned employees. While the parties agree that plaintiffs were paid a flat rate per month plus commissions on their sales, they dispute whether that flat rate was salary (as the plaintiffs contend) or commission (as the defendants contend), and how overtime should have been paid if it was required.

---

[2] The test also includes consideration of activities spent incidental to sales -- such as preparation, travel time, and paperwork. Time spent on such tasks is apportioned depending on the purpose of the task. *Id.* at 801. The test further considers whether employees were apportioning their time based on the "reasonable requirements" of the job. *Id.* at 801-2.

4

Testimony on these questions may assist the factfinder in determining both whether the flat rate was salary or commission, and what quantity, if any, is owed to the plaintiffs. Plaintiffs' request to preclude Aubry's testimony on this issue is therefore DENIED.

### C. Aubry and Czarapata's Proposed Testimony Regarding the Adequacy of Terminix's Reimbursement Policy, The Distinction Between Wages and Expenses, and the Timing Requirements For Payment of Expenses

In their amended complaint, plaintiffs allege that they incurred expenses for which they were not reimbursed, including gasoline expenditures necessary for travel to on-site inspections, in violation of California Labor Code § 2802. Doc. 46, Compl. ¶ ¶ 65, 66; Cal. Lab. Code § 2802 ("An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer"). The Court previously denied defendants' summary judgment motion on this issue in a related case. *Morse v. Servicemaster et al.,* Case No. 3:10-cv-00628-SI, Doc. 72, June 21, 2011.

In its defense, defendants seek to introduce expert testimony from Aubry and Czarapata regarding Terminix's reimbursement policy, the distinction between wages and expenses, and the timing requirements for payment of expenses. Def's Expert Witness Disclosure, ¶¶ 9, 13. Czarapata intends to further testify to mileage reimbursement and vehicle reimbursement programs in general. *Id.* at 13.

Plaintiffs seek to exclude this testimony on the grounds that it is either irrelevant (because of anticipated stipulations) or unnecessary because the issues are so simple that no expert testimony is required. However, the Court finds such testimony may be useful to the fact finder. It can assist in putting both individual plaintiffs' reimbursements from Terminix as well as Terminix's policy as a whole into perspective for the jury. Accordingly, the Court DENIES plaintiff's motion to preclude this testimony.

### D. Haan's Proposed Testimony Regarding His Analysis of Inspection Records Summaries and Payroll Records of Plaintiffs, and Mileage Analysis

Plaintiffs seek to preclude Haan's testimony regarding his analysis of inspection records summaries on the ground that they were not produced to plaintiffs pursuant to the Court's December

5

3, 2010 discovery order. Doc. 97. Defendants contend that they did produce the raw data underlying the summaries. Haan will not be able to testify unless the raw data regarding the plaintiffs' inspections, on which he bases his summaries and testimony, is produced. The plaintiffs' motion to preclude is DENIED provided that the raw data is produced to plaintiffs, and Haan is made available for a two-hour deposition prior to trial.

Plaintiffs further seek to preclude Haan's testimony regarding plaintiffs' payroll and mileage records on the grounds he lacks personal knowledge. Federal Rule of Evidence 703 allows an expert to testify based on facts or data made known to the expert at or before a hearing. Fed. R. Evid. 703. As above, Haan may testify only to the extent defendants can lay the foundation for his knowledge. Plaintiffs' motion to preclude his testimony is DENIED provided that defendants can demonstrate this foundation.

### 3. CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES plaintiffs' motion to preclude the four experts' testimony in its entirety. The Court cautions defense counsel, however, that this trial was scheduled with the specific understanding that it would be completed in one week's time. The anticipated expert testimony outlined above, while in the Court's judgment not excludable as a matter of law on in limine motions, does appear to be repetitive and redundant and may well consume unwarranted amounts of time should it all be presented.

**IT IS SO ORDERED.**

Dated: September 22, 2011

SUSAN ILLSTON
United States District Judge

6