IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PABLO, BONNIE COURSEY and JOHN BAHR, <br><br> Plaintiffs, <br><br> v. <br><br> SERVICEMASTER GLOBAL HOLDINGS, INC., et al., <br><br> Defendants. _____/ | No. C 08-3894 SI <br><br> **FINAL PRETRIAL SCHEDULING ORDER** |

On October 11, 2011, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning October 24, 2011. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of 7 members. Each side shall have up to four peremptory challenges.

2. **Voir dire**: Voir dire and jury selection will occur on **October 18, 2011, at 9:00 a.m.** The court will conduct general voir dire, and counsel for each side shall have up to 30 minutes total to question the panel. Opening statements and testimony will begin on Monday, October 24, 2001.

3. **Jury instructions**: Counsel have submitted certain joint proposed jury instructions, and separate sets of contested instructions. No later than **Thursday, October 20, 2011**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where

contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before October 20, 2011.

4.  **Trial exhibits**:  No later than Friday, October 21, 2011, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit.  The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.  To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5.  **Timing of trial**:  The parties estimated that the trial should take approximately 4 days. Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have 8 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument.

6.  **Trial schedule**:  Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays.  The trial day runs from 8:30 a.m. until 4:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7.  **Motions in limine**:   The parties filed numerous motions in limine, as follows:

**A. Plaintiffs filed motions to preclude evidence, argument, or inference:**

I.  That Plaintiffs Earned Commissions (Dkt. 262) - DENIED.

ii.  To Limit Scope of Cross-Examination re: time spent "selling" while performing inspections (Dkt. 267) - DENIED.

iii.  That Plaintiffs Were Over-Reimbursed for Mileage in Any Month (Dkt.

273) - DENIED.

    iv. That Plaintiffs were Paid in Accordance with Signed Compensation Plans (Dkt. 275) - DENIED.

    v. Regarding Defendant's Affirmative Defense: Administrative Exemption (Dkt. 278) - GRANTED.

    vi. Regarding Plaintiff's income (Dkt. 279) - DENIED.

    vii. That the Purpose of Termite Inspections is to Determine What Termite Treatments and Plans Should be Offered to a Prospective Customer (Dkt. 281) - DENIED.

    viii. That Plaintiffs Were Referred to by Defendants, or any other Entity, or any person, as Outside Salespersons or OSPs (Dkt. 284) - DENIED.

    ix. That Any Activity Labeled By the Court as Non-Sales Activity is a Sales or Sales-Related Activity (Dkt. 286) - DENIED.

    x. That Plaintiffs should be Reimbursed for Mileage Expenses at any Rate Less than the IRS Rate (Dkt. 287) - DENIED.

    xi. Using Commission Exemption as an Affirmative Defense (Dkt. 318) - GRANTED.

    xii. Regarding Plaintiffs' Sales Training (Dkt. 320) - DENIED.

    xiii. Regarding Defendants' Lack of Control over Plaintiffs' Work Schedules (Dkt. 321) - DENIED.

    xiv. Regarding Defendants' Idealized Job Descriptions (Dkt. 322) - DENIED.

    xv. To Preclude or Limit Testimony of Defense Experts Aubry and Zoltners (Dkt. 323) - DENIED as overbroad and unspecified, without prejudice to specific objections to specific questions at trial.

**b. Defendants filed motions to preclude evidence, argument, or inference**:

  I. Characterizing Plaintiffs or their Job Titles as "Inspectors" (Dkt. 259) - DENIED.

  ii. Regarding Testimony of Undisclosed Witnesses (Dkt. 261) - DENIED

3

as overbroad and unspecified, without prejudice to specific objections to specific questions at trial.

    iii. Regarding the Issue of Whether Plaintiffs were Misclassified When they were Trainees, given Resolution and Settlement of that Issue (Dkt. 264) - GRANTED, insofar as plaintiffs may not introduce evidence of or allude to settlement between defendants and the trainee subclass.

    iv. Regarding Evidence of Subsequent Remedial Measures (Dkt. 264) - DENIED as overbroad and unspecified, without prejudice to specific objections to specific questions at trial.

    v. Regarding The Number or Fact of Plaintiffs' Counsels' Prosecution of Related Claims (Dkt. 266) - GRANT.

    vi. Regarding Defendants' Net Worth (Dkt. 268) - GRANTED.

    vii. Regarding the Court's Orders on the Summary Judgment Motions as to Coursey and Bahr (Dkt. 269) - GRANTED, insofar as neither side may introduce this Court's prior orders as evidence in the case. However, if an expert were to "attempt to testify to impermissible legal conclusions" inconsistent with prior orders of this Court, such an expert might be cross-examined on or challenged with the prior orders.

    viii. Regarding Previous Settlements Paid by Terminix to Resolve other Wage and Hour Claims (Dkt. 271) - GRANTED.

    ix. Involving Cumulative Expert Testimony (Dkt. 272) - DENIED as overbroad and unspecified, without prejudice to specific objections to specific questions at trial.

    x. Involving Lay Witnesses from Offering Expert Opinion (Dkt. 274) - GRANTED, without prejudice to plaintiffs making an offer of proof on a witness-by-witness basis.

    xi. Regarding Reference to John Bahr's Re-employment with Terminix After August 2008 (Dkt. 326) - GRANTED; however, Bahr may instead elect to arbitrate both pre- and post-2008 claims together if he chooses.

  8. **Other Motions**:

    A. Plaintiffs filed motions to bifurcate the issue of classification of work activities

4

as sales or non-sales activity, and to bifurcate the calculation of plaintiffs rate of pay. Those motions are DENIED.

        B.      Defendants filed a motion to compel arbitration of the claims by plaintiff Bahr. As to Bahr's claims through August, 2008, defendant has waived arbitration and the motion is DENIED. As to claims post-August, 2008, the motion is GRANTED. Bahr may elect to arbitrate both sets of claims if he chooses.

        C.      Plaintiffs filed a motion to amend to add claims for punitive damages on behalf of plaintiffs Pablo and Coursey. That motion is DENIED as untimely.

**IT IS SO ORDERED.**

Dated: October 12, 2011

_____
SUSAN ILLSTON
United States District Judge