United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PABLO, BONNIE COURSEY, and JOHN BAHR,<br><br>Plaintiffs,<br><br>v.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC., et al.,<br><br>Defendants. | No. C 08-03894 SI<br><br>**ORDER RE: AVAILABILITY OF PUNITIVE DAMAGES FOR CLAIMS BROUGHT BY PLAINTIFF BAHR** |

On October 11, 2011, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning October 24, 2011. The Court issued its final pretrial scheduling order on October 12, 2011, wherein, *inter alia*, the Court denied plaintiffs' request for leave to amend plaintiffs Pablo and Coursey's complaint to add claims for punitive damages. (Doc. 339). Defendants thereafter sent a letter to the Court requesting advisement as to how it should proceed to preclude a punitive damages claim regarding the remaining plaintiff Bahr, whose separate amended complaint contained a claim for punitive damages. (Doc. 340). Defendants asked the Court whether additional briefing was required. *Id.* Plaintiffs responded with a letter stating that "no further briefing is necessary," and arguing that punitive damages are appropriate for their claims regarding failure to pay Bahr overtime. (Doc. 341) The Court will resolve this matter without additional briefing.

Under California law, when a new right not existing at common law is created by statute, punitive damages are unavailable. (Doc. 341) (*citing Turnbull & Turnbull v. ARA Transp., Inc.*, 219 Cal. App. 3d 811, 826-27 (Ct. App. 1990)). California Labor Code Section 1194, allowing for claims for failure to pay to pay overtime, is one such right. Cal. Labor Code § 1194 (providing recovery for

the unpaid balance of the overtime compensation, including interest, reasonable attorney's fees, and costs of suit); *see, e.g., Gentry v. Superior Court,* 42 Cal. 4th 443, 471 (2007) ("[E]xemplary damages are not available in overtime suits.*"); Green v. Party City Corp.*, 2002 WL 553219 (C.D. Cal., 2002). However, plaintiffs seek to circumvent this rule by arguing that claims for overtime are equivalent to conversion, a common law tort. (Doc. 341). Every court that has examined this argument, including this one, has rejected it. *Santiago v. Amdocs, Inc.*, 2011 WL 1303395 (N.D.Cal. Apr. 2, 2011) (dismissing a conversion claim because "cases consistently hold that a plaintiff cannot bring a conversion claim based solely on statutory wage and hour violations."); *see also Madrigal v. Thommy Baham Gropup, Inc.,* 2010 WL 4384235 (C.D.Cal. Oct. 18, 2010) (noting that "several courts have expressly concluded that employees cannot bring a claim for conversion based on the failure to pay overtime wages under the Labor Code because the Labor Code's remedies are exclusive.")

Defendants' request to preclude jury instructions allowing punitive damages is GRANTED.

**IT IS SO ORDERED.**

Dated: October 18, 2011

SUSAN ILLSTON
United States District Judge