IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PABLO, BONNIE COURSEY, and JOHN BAHR,<br><br>              Plaintiffs,<br><br>   v.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC., et al.,<br><br>              Defendants.<br>_____/ | No. C 08-03894 SI<br><br>**ORDER RE: PLAINTIFFS' MOTION TO AUGMENT EXPERT WITNESS LIST, AND JURY INSTRUCTION DISPUTE** |

On October 24, 2011, during trial in the above-captioned matter, two issues arose for immediate resolution. The first is whether plaintiffs will be allowed to augment their expert witness list in light of their unanticipated difficulty contacting their damages expert Dr. Paul Wazzan. The second issue is the proposed jury instructions concerning whether monthly draws plaintiffs received were salary or commissions.

**I.    Plaintiffs' Motion to Augment Expert Witness List**

The Court GRANTS plaintiffs' motion to augment their expert witness list to include Keith Mendes, provided that plaintiffs give defendants an opportunity to take his deposition. Accordingly, the Court will adjourn the trial tomorrow, Tuesday, October 25, 2011, at 12:30 p.m., to allow for the defendants' deposition of Mr. Mendes. The Court will inform the jury that it expects the trial to end early next week.

## II. Dispute over Jury Instruction Regarding Monthly Draws

The parties dispute whether, as a matter of law for the Court to decide, the jury should be instructed that the monthly draws received by plaintiffs are properly classified as salary or commission. Plaintiffs contend that the draws are salary as a matter of law. The Court disagrees. *Agnew v. Cameron*, 247 Cal. App. 2d 619 (1967) held that "*in the absence of express stipulation or convincing circumstances indicated a contrary agreement*, advances to an employee will be presumed to constitute payment in lieu of salary and to fix the employee's minimum compensation." *Id.* at 624. The question of whether an express or implied agreement exists, therefore, is a question of fact left to the factfinder. This is the import of agreed-upon Instruction Tab 31, page 39, which the Court accepts:

**DRAW ON COMMISSION – SALARY VERSUS COMMISSION**

A draw or advance against commission is considered a commission if there is an express or implied promise from the employee to repay the advance.

A draw or advance against commission is considered a salary if there is no express or implied promise from the employee to repay the advance.

**IT IS SO ORDERED.**

Dated: October 24, 2011

_____
SUSAN ILLSTON
United States District Judge