NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
HERSH & HERSH
A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6396
Telephone: (415) 441-5544
Facsimile: (415) 441-7586

LAUREN HALLINAN, ESQ., State Bar No. 60646
Of Counsel
HALLINAN & WINE
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
Telephone: (415) 621-2400
Facsimile: (415) 575-9930

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RUBEN PABLO and BONNIE COURSEY, On Behalf Of Themselves And All Others Similarly Situated, )<br>)<br>) | Case No. 3:08-cv-03894-SI |
| Plaintiffs, )<br>)<br>) | **MOTION FOR DIRECTED VERDICT ON DEFENDANTS' EXEMPTION AFFIRMATIVE DEFENSE** |
| vs. )<br>) | |
| SERVICEMASTER GLOBAL HOLDINGS, INC., THE SERVICEMASTER COMPANY, INC., THE TERMINIX INTERNATIONAL COMPANY, L.P., and DOES 1-20, inclusive, )<br>)<br>)<br>)<br>)<br>)<br>) | **Trial Date: 10/24/11**<br>**Dept.:**   Courtroom 10, 19th Floor<br>**Judge:**   Hon. Susan Illston |
| Defendants. ) | |

HERSHANDHERSH
A Professional Corporation

JOHN T. BAHR, et al.,

           Plaintiffs,

vs.

SERVICEMASTER GLOBAL
HOLDINGS, INC.; THE
SERVICEMASTER COMPANY, INC.;
THE TERMINIX INTERNATIONAL
COMPANY, L.P., AND TERMINIX
INTERNATIONAL, INC., AND DOES 1-
20, inclusive,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.   3:10-cv-00628 SI

**MOTION FOR DIRECTED
VERDICT ON DEFENDANTS'
EXEMPTION AFFIRMATIVE
DEFENSE**

**Trial Date: 10/24/11**
**Dept.:**     Courtroom 10, 19th Floor
**Judge:**    Hon. Susan Illston

HERSH AND HERSH
A Professional Corporation

## I. INTRODUCTION

Defendants have not presented any evidence supporting their exemption affirmative defense. In order to prove their affirmative defense, defendant's need evidence supporting their contention that Plaintiff's worked more than fifty percent of their time outside the office on sales activities under the *Ramirez* standard. Based upon their trial presentation, defendants' will argue that when Plaintiffs were engaged in a termite inspection and report writing, that activity constituted a sales activity.

However, defendants have only presented evidence that termite inspections were part of a "sales process." Whether or not an activity is part of a sales process is irrelevant and does not meet the standard provided in *Ramirez v. Yosemite Water Company, Inc.,* (1999) 20 Cal.4th 785. Every witness who testified regarding inspections testified the inspection itself is a service. Inspections were also characterized by defendants as "labor" on the ten dollar renewal inspection

2

payments.  The admitted fact that inspections are a service precludes them being considered a sales activity.  Here, however, there is no evidence supporting any inference that a person doing only the service or labor of an inspection would be considered a salesperson.  Thus, Plaintiffs' motion for a directed verdict regarding defendants' exemption affirmative defense should be granted.

## II.  STATEMENT OF FACTS

Defendants' case consisted of two witnesses.  Andris Zoltners was offered as an expert witness regarding sales.  He testified that an inspection is a service.  Further, he did not testify that a termite inspection considered separately from any other activity could be considered sales.  He merely said that an inspection was part of a sales process and that an inspection could be considered part of that sales process once you were provided with the context that the inspector was paid a commission.

Vic Charles from ServiceMaster and Terminix's own human resources department was defendants' only other witness.  He too testified that an inspection is a service.  He provided no testimony that an inspection itself is a sales activity.  Pointedly, he testified that defendants employed "renewal" or "re-inspection" inspectors who perform inspections, are not considered sales people (though they can make sales) and are not classified as exempt.

## III ARGUMENT

This Court held that the question of whether an activity can be categorized as a sales or non-sales activity is governed by *Ramirez*. (Docket No. 295, 4:9-16.) The

1    *Ramirez* Court found that the "predominant controversy is the precise meaning of the

2    term 'outside salesperson,' a question of law." *Ramirez v. Yosemite Water Company,*

3    *Inc.,* 20 Cal.4th 785, 790 (1999). In its recent order, this Court noted that the

4    *Ramirez* Court's question was "answered by providing a test — looking at an activity

5    in isolation, would a person who performs only that task be considered a

6
7    salesperson?" (Docket No. 295, 4:11-13 (citing *Ramirez*, 20 Cal. 4th at 802).) Under

8    this Court's recent order, the jury in this case must apply *Ramirez* and determine

9    whether termite inspections and inspection reports are sales or non-sales activities.

10   The jury must consider each activity separately and determine whether a person

11   performing *only* this activity is a salesperson.

12        The only evidence presented in this case is that an inspection is part of a sales

13   process.  There is nothing in evidence that would allow the jury to infer that a person

14
15   *only* performing inspections could be considered a salesperson.

16        The Court in its order denying the Defendants' motion for partial summary

17   judgment responding to Defendants' contention that "pest inspections and pest

18   control sales are integrally intertwined," held that the California pest control laws'

19   definition of a "structural pest control field representative," which includes a list of

20   various activities, does "not somehow transform termite inspections into sales

21   activity." (Docket No. 203, 11: 13-19.) Therefore, any evidence of what occurred

22
23   outside of an inspection can be considered in determining whether the inspection is a

24   sales activity.

25

26

27                                                       4
                      MOTION FOR DIRECTED VERDICT ON DEFENDANTS' EXEMPTION
28                                        AFFIRMATIVE DEFENSE
                      Case No. 3:08-cv-03894-SI & Case No. 3:10-cv-00628-SI

## IV. CONCLUSION

There is no evidence supporting any inference that the inspection alone could be considered sales activity.  Thus, Plaintiffs' motion for a directed verdict regarding defendants' exemption affirmative defense should be granted.

DATED:  October 27, 2011

HERSH & HERSH

By: _____
Nancy Hersh
Attorneys for Plaintiffs

HERSHANDHERSH
A Professional Corporation

5