IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PABLO, BONNIE COURSEY and JOHN BAHR,<br><br>        Plaintiffs,<br>  v.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC., et al.,<br><br>        Defendants.<br>                                          / | No. C 08-3894 SI<br><br>**JURY INSTRUCTIONS**<br><br>(October 28, 2011) |

**DUTY OF THE JURY**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. A copy of these instructions will be sent with you to the jury room when you deliberate. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be. It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

**EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;
2. the exhibits which are received into evidence; and
3. any facts to which the lawyers have agreed.

**NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**TYPES OF EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**WITNESS CREDIBILITY**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:
(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case and any bias or prejudice;
(5) whether other evidence contradicted the witness's testimony;
(6) the reasonableness of the witness's testimony in light of all the evidence; and
(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**DEPOSITION TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**OPINION EVIDENCE, EXPERT WITNESSES**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion and all the other evidence in the case.

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**CHARTS AND SUMMARIES RECEIVED IN EVIDENCE**

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**CASE OVERVIEW**

This case arises under California labor law. Plaintiffs claim that they were improperly classified as exempt employees. One type of exempt employee is an outside salesperson. Plaintiffs claim that because they were improperly classified as exempt, they were

   1. Not paid overtime that was due to them;
   2. Not given meal and rest periods as required by law;
   3. Not given itemized wage statements as required by law; and
   4. Not paid all of the wages due to them by the last date of their employment.

It is the plaintiffs' burden to prove these claims by a preponderance of the evidence.

The defendants claim that the plaintiffs were exempt employees because they were properly classified as outside salespersons. Outside salespersons are not entitled to overtime pay, meal periods, rest periods, itemized wage statements, or "waiting time" penalties for not being paid all of the wages due to them by the last date of their employment. It is the defendants' burden to prove by a preponderance of the evidence that plaintiffs were exempt employees.

The plaintiffs also claim they were not reimbursed for some necessary work expenditures. It is the plaintiffs' burden to prove this claim. For this claim, it does not matter whether you find the employees were exempt; even exempt employees are owed reimbursement for necessary work expenditures under California law.

**DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. Plaintiffs have the burden of proving damages by a preponderance of the evidence. "Damages" means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

**EXEMPTION INTRODUCTION**

I will now instruct you about employee exemptions under California law. It is the defendants' burden to prove, by a preponderance of the evidence, that plaintiffs were exempt employees.

**BURDEN OF PROOF FOR AFFIRMATIVE DEFENSE**

The defendant claims that the plaintiffs were exempt under California law from the requirements of overtime payment, meal and rest periods, and itemized wage statements. The employer bears the burden of proving, by a preponderance of the evidence, that an employee is exempt. Exemptions are narrowly construed against the employer and their application is limited to those employees plainly and unmistakably within their terms.

**OUTSIDE SALESPERSON EXEMPTION**

One type of exempt employee is an outside salesperson. Outside salespersons are not entitled to overtime pay, meal periods, rest periods, or itemized wage statements. An outside salesperson is any person, 18 years of age or over, who customarily and regularly works more than half the working time away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities. These are referred to as outside sales activities.

**STRUCTURAL PEST CONTROL FIELD REPRESENTATIVES**

Plaintiffs were licensed as "Structural pest control field representatives." As such they were licensed to (1) secure structural pest control work, (2) identify infestations or infections, (3) make inspections, (4) apply pesticides, and (5) submit bids for or otherwise contract on behalf of a registered company.

**CLASSIFICATION OF WORK ACTIVITIES**

To determine whether an employee was an outside sales person, you must identify the types of activities that employee customarily and regularly performed during his or her work day and then determine whether each such activity was an outside sales activity or not. You must then determine the approximate average time you find the employee spent on each of these activities.

To determine whether an activity is an outside sales activity, you should consider each activity separately and determine whether a person who performed only that activity would be considered a salesperson.

Related activity – such as preparation or paperwork – should be classified according to whether the underlying primary activity was an outside sales activity or not.

For a work activity to count as time spent performing outside sales activities, the activity must occur away from the employer's place of business.

If an employee travels to a destination to engage in both sales and non-sales activities, the travel time must be apportioned between the two types of activities for purposes of determining the total amount of time spent doing sales and non-sales work.

6

**EMPLOYER EXPECTATIONS**

In determining whether Plaintiffs were properly classified as outside salespersons, you must first and foremost consider how Plaintiffs actually spent their time. You should also consider whether the Plaintiffs' practice diverged from their employer's realistic expectations, whether there was any concrete expression of employer displeasure over an employee's substandard performance, and whether these expressions were themselves realistic given the actual overall requirements of the job.

**PLAINTIFFS' CLAIMS – INTRODUCTION**

I will now instruct you about the plaintiffs' claims against defendants. If you find that the defendants failed to prove, by a preponderance of the evidence, that plaintiffs are exempt employees, you should then turn to plaintiffs' claims against defendants. The plaintiffs must prove their claims by a preponderance of the evidence.

Plaintiffs' claim for reimbursement for expenditures such as gas, which I will instruct you about at the end of these instructions, is not dependent on finding that defendants improperly classified plaintiffs as exempt employees. You must inquire whether plaintiffs proved their reimbursement claims whether or not you find defendant properly classified plaintiffs as exempt.

**NONPAYMENT OF OVERTIME COMPENSATION—ESSENTIAL FACTUAL ELEMENTS**

Plaintiffs' first claim is for the nonpayment of overtime compensation. Plaintiffs claim that Defendants owe them overtime pay as required by state law. To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs performed work for Defendants;
2. That Plaintiffs worked overtime hours;
3. That Plaintiffs were not paid/paid less than the overtime rate for some or all of the overtime hours worked; and
4. Calculate the number of overtime hours worked.

An employee is entitled to be paid the legal overtime pay rate even if he or she agrees to work for a lower rate.

**PROOF OF OVERTIME HOURS WORKED**

For employees that are not exempt from overtime law, California requires California employers to keep payroll records showing the hours worked by and wages paid to employees. If you find that the Plaintiffs were improperly classified as exempt, the Plaintiffs may prove the number of overtime hours worked either through records kept by the Defendants or by making a reasonable estimate of those hours. In determining the amount of overtime hours worked, you may consider Plaintiffs' estimate of the number of overtime hours worked and any evidence presented by Defendants that Plaintiffs' estimate is unreasonable.

**OVERTIME HOURS**

Overtime hours are the hours worked longer than 8 hours in a day or 40 hours in a week. Each overtime hour is only counted once. In other words, an employee does not get paid twice for the same hour worked. For example, if an employee works nine hours on Monday and eight hours each on Tuesday through Friday, that employee gets paid for one overtime hour – not two (even though he worked over eight hours in one day and over 40 in the workweek).

**DRAW ON COMMISSION -- SALARY VERSUS COMMISSION**

A draw or advance against commission is considered a commission if there is an express or implied promise from the employee to repay the advance.

A draw or advance against commission is considered a salary if there is no express or implied promise from the employee to repay the advance.

8

**CALCULATION OF OVERTIME**

If you find that Plaintiffs were not exempt from overtime under the law, then Plaintiffs are entitled to overtime pay for hours worked over 8 in a day or over 40 in one week.

If you find that Plaintiffs earned only commissions, the following calculation must be used to calculate the amount of overtime pay for each Plaintiff:

> Divide the total amount of commissions received by the total number of hours worked. Then, divide this number by two. Then, multiply this number by the number of overtime hours worked by the individual Plaintiff.

If you find that Plaintiffs earned both salary and commissions, the following calculation must be used to calculate the amount of overtime pay for each Plaintiff:

> First: Calculate the overtime hourly rate of pay for any salary Plaintiffs received by using the average amount of salary received by each Plaintiff per week and dividing that number by 40, then multiplying by 1.5

> Second: Calculate the overtime hourly rate of pay for any commissions received by each Plaintiff, by using the average amount of commissions earned per week and dividing that number by the average number of hours that Plaintiff worked each week, then multiply by 0.5.

> Third: Add the salary overtime hourly rate of pay to the commission overtime hourly rate of pay to determine each Plaintiffs' total overtime hourly rate.

> Fourth: Once you have determined the Plaintiffs overtime rate of pay, multiply it by the total number of overtime hours worked on average each week to determine weekly overtime. Multiply that amount by 4 to determine monthly overtime and by 12 to determine annual overtime.

**ALL NON-EXEMPT WORKERS ENTITLED TO OVERTIME**

All workers are entitled to overtime pay, unless their work requirements meet one of the exceptions to this rule, which are called 'exemptions.' All non-exempt workers in California are entitled to overtime pay, whether their wages are paid by the hour, salary, piecework, commissions or any combination. All non-exempt workers in California are entitled to overtime pay, whether they earn high wages or low.

**NO OVERTIME PAY IF EMPLOYEE IS EXEMPT**

An employer is not required to pay overtime to any person who is an exempt employee, regardless of the number of hours that person works in a day, week, or longer time period. The law does not limit or restrict the number of hours exempt employees may be required to work. If you find that Plaintiffs are exempt employees, then you must find in favor of Defendants on the issues of overtime liability.

**MEAL PERIOD CLAIM**

Defendants had an obligation to provide non-exempt employees with duty-free meal periods. To establish this claim, Plaintiffs must prove all of the following:

    1. That Plaintiffs worked for Defendants; and
    2. That Defendants did not provide Plaintiffs with one or more 30 minute duty-free meal periods during any 5-hour work period;
    3. The number of duty-free meal periods not provided.

**REST PERIOD CLAIM**

Defendants had an obligation to provide non-exempt employees with duty-free rest periods. To establish this claim, Plaintiff must prove all of the following:

    1. That Plaintiffs worked for Defendants; and
    2. That Defendants did not provide one or more duty-free rest periods during any four-hour work period.
    3. The number of rest periods not provided.

**OBLIGATION TO PROVIDE MEAL AND REST PERIODS**

If you find that Plaintiffs were not properly characterized as exempt and should have been non-exempt, then you must determine for each work day whether (1) Plaintiffs worked for a period of more than five hours; (2) whether the work period was no more than six hours; (3) if the work period was not more than six hours, whether the Plaintiff and Defendant waived the meal period by mutual consent; (4) if not, whether Defendants provided Plaintiffs with a the ability to take 30 minute meal period; and (5) whether Defendants authorized and permitted Plaintiffs to take a 10 minute rest period per four hours or major fraction thereof.

If you find that Defendants did provide employees with the ability to take meal breaks and Defendants authorized and permitted employees to take rest breaks, then you cannot award damages to Plaintiffs under this theory.

**NO MEAL OR REST BREAK REQUIRED IF EMPLOYEE IS EXEMPT**

An employer is not required to provide meal or rest breaks to any person who is an exempt employee, regardless of the number of hours that person works in a day or a week. Therefore, if you find that Plaintiffs were exempt employees, you cannot find Defendants liable for failure to provide meal or rest breaks.

**RECORDKEEPING CLAIM**

Plaintiffs claim that Terminix knowingly and intentionally failed to furnish to them with accurate itemized statements in writing showing the total hours they worked. To establish this claim, Plaintiffs must prove all of the following:

1. That Plaintiffs worked for Terminix;
2. Terminix knowingly and intentionally failed to furnish to Plaintiffs with accurate itemized statements in writing showing the total hours they worked;
3. The number of pay periods in which Defendants failed to furnish Plaintiffs with accurate itemized wage statements.

**NO ITEMIZED WAGE STATEMENT REQUIRED IF EMPLOYEE IS EXEMPT**

An employer is not required to itemize the hours worked on a wage statement for any exempt employee, regardless of the numbers of hours worked by that person. Therefore, if you find that Plaintiffs were exempt employees, you cannot find Defendants' liable for failure to itemize Plaintiffs' wage statements.

**WAITING-TIME PENALTY FOR NONPAYMENT OF WAGES**

If you decide that Plaintiffs have proved their claims against Defendants for unpaid wages, then Plaintiffs may be entitled to receive an award of a civil penalty based on the number of days Defendants failed to pay their wages when due, up to no more than 30 days.

To recover the civil penalty, Plaintiffs must prove all of the following:
1. The date on which Plaintiffs' employment ended;
2. That Defendants failed to pay all wages due by the last date of Plaintiffs' employment;
   or
2. The date on which Defendants paid Plaintiffs all wages due;
3. Plaintiffs' daily wage rates at the time their employment with Defendants ended; and
4. That Defendants willfully failed to pay these wages.

The term "wages" includes all amounts for labor performed by an employee, whether the amount is calculated by time, task, piece, commission, or some other method.

The term "willfully" means that the employer intentionally failed or refused to pay the wages.

A good faith dispute that any wages are due will preclude imposition of waiting time penalties. A "good faith dispute" that any wages are due occurs when an employer presents a defense, based on law or fact which, if successful, would preclude any recovery on the party of the employee. The fact that a defense is ultimately unsuccessful will not preclude a finding that a good faith dispute did exist. Defenses presented which, under all the circumstances, are unsupported by any evidence, are unreasonable, or are presented in bad faith, will preclude a finding of a 'good faith dispute.

**NO WAITING TIME PENALTIES IF EMPLOYEE IS EXEMPT**

If you find that Plaintiffs were exempt employees, you cannot find Defendants' liable for failure to pay Plaintiffs' wages when due.

11

**REIMBURSEMENT – INTRODUCTION**

I will now instruct you on Plaintiffs' claims for reimbursement of necessary work expenditures. The Plaintiffs must prove this claim by a preponderance of the evidence. The claim for reimbursement of necessary work expenditures is not dependent on whether or not you find defendants properly classified Plaintiffs as exempt.

**REIMBURSEMENT**

Plaintiffs claim that Defendants failed to reimburse them for all necessary work expenditures. To establish this claim, Plaintiffs must prove, by a preponderance of the evidence, all of the following:

1. That Plaintiffs worked for Defendants; and
2. That Plaintiffs incurred necessary work expenditures; and
3. That Defendants failed to reimburse Plaintiffs for necessary work expenditures; and
4. The compensation owed to Plaintiffs for money spent on necessary work expenditures.

**REIMBURSEMENT —NECESSARY WORK EXPENDITURES**

Necessary work expenditures include but are not limited to mileage costs and costs for necessary work equipment.

Before an employer's duty to reimburse is triggered, it must either know or have reason to know that an employee incurred a reasonable expense. However, if Defendants either knew or had reason to know that Plaintiffs incurred a reimbursable expense, it must exercise due diligence to ensure that Plaintiff was reimbursed. An employee is not required to present actual receipts.

The law requires an employer to separately pay an employee for automobile expenses that the employee actually and necessarily incurred. California law does not require that an employer use any particular method of reimbursement for mileage, but only requires that an employer's method actually reimburses the employee for costs incurred in conducting the employer's business and that relate to employee's job duties, and is consistent with the agreement between the employer and employee. Over-reimbursement for mileage expenses in one month is not a defense to under-reimbursement for mileage expenses in a subsequent month.

**STATUTE OF LIMITATIONS – CLAIMS**

If you determine that the evidence shows Plaintiffs to be non-exempt under the California Labor Code, Plaintiffs are not entitled to recover damages, if any, for their claims, prior to:

5/16/05 for Ruben Pablo
6/22/06 for Bonnie Coursey
2/12/07 for John Bahr.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.