FILED
NOV X 1 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN PABLO, BONNIE COURSEY and JOHN BAHR, <br><br> Plaintiffs, <br><br> v. <br><br> SERVICEMASTER GLOBAL HOLDINGS, INC., et al., <br><br> Defendants. | No. C 08-3894 SI <br><br> **VERDICT FORMS** |

**Instructions:** Three verdict forms are below, one for each plaintiff. Please read the questions carefully. After answering each question, read the directions directly following the question to find out whether to proceed to the next question, or to skip to a question later in the form.

**Verdict Form for Plaintiff John Bahr**

1. Did defendants prove, by a preponderance of the evidence, that plaintiff John Bahr customarily and regularly worked more than half the working time away from the defendants' place of business selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities?

   [ ] Yes   [X] No

   If Yes, skip to Question 14.
   If No, proceed to Question 2.

**Overtime Claim**

2. Did plaintiff John Bahr prove, by a preponderance of the evidence, that he worked over 8 hours on any day or 40 hours in any week?

   [X] Yes   [ ] No

   If Yes, proceed to Question 3.
   If No, skip to Question 4.

3. What is the amount of overtime wages owed to plaintiff John Bahr by defendants?

   $ _16,396_ ($11,767 wages + $4,629 interest)

   Proceed to Question 4.

**Meal and Rest Break Claim**

4. Did plaintiff John Bahr prove, by a preponderance of the evidence, that defendants failed to provide him with one or more 30 minute duty-free meal periods during any 5-hour work period?

   [X] Yes   [ ] No

   If Yes, proceed to Question 5.
   If No, skip to Question 6.

5. What is the number of times that plaintiff John Bahr was not provided with a meal period that he was owed?

   _393_

   Proceed to Question 6.

6. What was plaintiff John Bahr's average **hourly** wage rate during his employ with defendants?

   $ _23.70_

   Proceed to Question 7.

7. Did plaintiff John Bahr prove, by a preponderance of the evidence, that defendants failed to provide him with one or more duty-free rest periods during any four-hour work period?

[X] Yes     [ ] No

If Yes, proceed to Question 8.
If No, skip to Question 9.

8. What is the number of times that plaintiff John Bahr was not provided with a rest period that he was owed?

   393

Proceed to Question 9.

**Itemized Wage Statement Claim**

9. Did plaintiff John Bahr prove, by a preponderance of the evidence, that defendants knowingly and intentionally failed to furnish to him with one or more accurate itemized statements in writing showing the total hours he worked?

[X] Yes     [ ] No

If Yes, proceed to question 10.
If No, skip to question 11.

10. How many pay periods did defendants fail to furnish plaintiff John Bahr with accurate itemized statements in writing showing the total hours he worked?

   39

Proceed to Question 11.

**Waiting Time Penalties**

11. Did plaintiff John Bahr prove, by a preponderance of the evidence, that defendants willfully failed to pay him the amount of wages due to him at the time his employment with defendants ended?

[X] Yes     [ ] No

If Yes, proceed to question 12.
If No, skip to question 14.

12. For how many calender days, not to exceed 30, following plaintiff John Bahr's last day of employment did defendants willfully fail to pay the full amount of his wages?

   30

13. What was plaintiff John Bahr's **daily** wage rate at the time his employment ended?

$ 216.74 per day.

**Reimbursement for Necessary Work Expenditures Claim**

14. Did plaintiff John Bahr prove, by a preponderance of the evidence, that defendants failed to reimburse him for necessary work expenditures that he incurred?

[ ] Yes  [X] No

If Yes, proceed to question 15.
If No, skip to the signature line.

15. What is the amount of necessary business expenditures for which plaintiff John Bahr was not reimbursed?

$ _____

You are now finished with plaintiff John Bahr's verdict form. Please have the presiding juror sign on the line below and proceed to the next verdict form.

Dated: 11/1/11

_____
Presiding Juror

**Verdict Form for Plaintiff Ruben Pablo**

1. Did defendants prove, by a preponderance of the evidence, that plaintiff Ruben Pablo customarily and regularly worked more than half the working time away from the defendants' place of business selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities?

    [ ] Yes      [X] No

If Yes, skip to Question 14.
If No, proceed to Question 2.

**Overtime Claim**

2. Did plaintiff Ruben Pablo prove, by a preponderance of the evidence, that he worked over 8 hours on any day or 40 hours in any week?

    [X] Yes      [ ] No

If Yes, proceed to Question 3.
If No, skip to Question 4.

3. What is the amount of overtime wages owed to plaintiff Ruben Pablo by defendants?

    $ 1,174    ($720 wages + $454 interest)

Proceed to Question 4.

**Meal and Rest Break Claim**

4. Did plaintiff Ruben Pablo prove, by a preponderance of the evidence, that defendants failed to provide him with one or more 30 minute duty-free meal periods during any 5-hour work period?

    [X] Yes      [ ] No

If Yes, proceed to Question 5.
If No, skip to Question 6.

5. What is the number of times that plaintiff Ruben Pablo was not provided with a meal period that he was owed?

    71

Proceed to Question 6.

6. What was plaintiff Ruben Pablo's average **hourly** wage rate during his employ with defendants?

    $ 15.09

Proceed to Question 7.

5

7. Did plaintiff Ruben Pablo prove, by a preponderance of the evidence, that defendants failed to provide him with one or more duty-free rest periods during any four-hour work period?

[X] Yes     [ ] No

If Yes, proceed to Question 8.
If No, skip to Question 9.

8. What is the number of times that plaintiff Ruben Pablo was not provided with a rest period that he was owed?1

____71____

Proceed to Question 9.

**Itemized Wage Statement Claim**

9. Did plaintiff Ruben Pablo prove, by a preponderance of the evidence, that defendants knowingly and intentionally failed to furnish to him with one or more accurate itemized statements in writing showing the total hours he worked?

[X] Yes     [ ] No

If Yes, proceed to question 10.
If No, skip to question 11.

10. How many pay periods did defendants fail to furnish plaintiff Ruben Pablo with accurate itemized statements in writing showing the total hours he worked?

____8____

Proceed to Question 11.

**Waiting Time Penalties**

11. Did plaintiff Ruben Pablo prove, by a preponderance of the evidence, that defendants willfully failed to pay him the amount of wages due to him at the time his employment with defendants ended?

[X] Yes     [ ] No

If Yes, proceed to question 12.
If No, skip to question 14.

12. For how many calender days, not to exceed 30, following plaintiff Ruben Pablo's last day of employment did defendants willfully fail to pay the full amount of his wages?

____19____

13. What was plaintiff Ruben Pablo's **daily** wage rate at the time his employment ended?

   $ __131__ per day.

**Reimbursement for Necessary Work Expenditures Claim**

14. Did plaintiff Ruben Pablo prove, by a preponderance of the evidence, that defendants failed to reimburse him for necessary work expenditures that he incurred?

   [ ] Yes    [X] No

If Yes, proceed to question 15.
If No, skip to the signature line.

15. What is the amount of necessary business expenditures for which plaintiff Ruben Pablo was not reimbursed?

   $ _____

You are now finished with plaintiff Ruben Pablo's verdict form. Please have the presiding juror sign on the line below and proceed to the next verdict form.

Dated: 11/1/11

_____
Presiding Juror

7

**Verdict Form for Plaintiff Bonnie Coursey**

1. Did defendants prove, by a preponderance of the evidence, that plaintiff Bonnie Coursey customarily and regularly worked more than half the working time away from the defendants' place of business selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities?

　　[ ] Yes　　[X] No

If Yes, skip to Question 14.
If No, proceed to Question 2.

**Overtime Claim**

2. Did plaintiff Bonnie Coursey prove, by a preponderance of the evidence, that he worked over 8 hours on any day or 40 hours in any week?

　　[X] Yes　　[ ] No

If Yes, proceed to Question 3.
If No, skip to Question 4.

3. What is the amount of overtime wages owed to plaintiff Bonnie Coursey by defendants?

　　$ _5,645_ ($3,845 wages + $1,800 interest)

Proceed to Question 4.

**Meal and Rest Break Claim**

4. Did plaintiff Bonnie Coursey prove, by a preponderance of the evidence, that defendants failed to provide him with one or more 30 minute duty-free meal periods during any 5-hour work period?

　　[X] Yes　　[ ] No

If Yes, proceed to Question 5.
If No, skip to Question 6.

5. What is the number of times that plaintiff Bonnie Coursey was not provided with a meal period that he was owed?

　　_183_

Proceed to Question 6.

6. What was plaintiff Bonnie Coursey's average **hourly** wage rate during his employ with defendants?

　　$ _17.26_

Proceed to Question 7.

7. Did plaintiff Bonnie Coursey prove, by a preponderance of the evidence, that defendants failed to provide him with one or more duty-free rest periods during any four-hour work period?

[X] Yes   [ ] No

If Yes, proceed to Question 8.
If No, skip to Question 9.

8. What is the number of times that plaintiff Bonnie Coursey was not provided with a rest period that he was owed?

___183___

Proceed to Question 9.

**Itemized Wage Statement Claim**

9. Did plaintiff Bonnie Coursey prove, by a preponderance of the evidence, that defendants knowingly and intentionally failed to furnish to him with one or more accurate itemized statements in writing showing the total hours he worked?

[X] Yes   [ ] No

If Yes, proceed to question 10.
If No, skip to question 11.

10. How many pay periods did defendants fail to furnish plaintiff Bonnie Coursey with accurate itemized statements in writing showing the total hours he worked?

___31___

Proceed to Question 11.

**Waiting Time Penalties**

11. Did plaintiff Bonnie Coursey prove, by a preponderance of the evidence, that defendants willfully failed to pay him the amount of wages due to him at the time his employment with defendants ended?

[ ] Yes   [X] No

If Yes, proceed to question 12.
If No, skip to question 14.

12. For how many calender days, not to exceed 30, following plaintiff Bonnie Coursey's last day of employment did defendants willfully fail to pay the full amount of his wages?

_____

13. What was plaintiff Bonnie Coursey's **daily** wage rate at the time his employment ended?

$_____ per day.

**Reimbursement for Necessary Work Expenditures Claim**

14. Did plaintiff Bonnie Coursey prove, by a preponderance of the evidence, that defendants failed to reimburse him for necessary work expenditures that he incurred?

[ ] Yes      [X] No

If Yes, proceed to question 15.
If No, skip to the signature line.

15. What is the amount of necessary business expenditures for which plaintiff Bonnie Coursey was not reimbursed?

$_____

You are now finished with all of the verdict forms. Please have the presiding juror sign on the line below and contact the courtroom deputy.

Dated: 11/1/11

_____
Presiding Juror